**FILED**

NOV 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RECEIVED
U.S. DISTRICT COURT

2007 NOV 23

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Chris C. Omekam,** | ) **COMPLAINT** |
| **5920 Plata Street** | ) |
| **Clinton, MD 20735** | ) **Case No.** |
| *202.277.1203* | ) |
| **Plaintiff,** | ) |
| | ) |
| **Vs.** | Case: 1:07-cv-02134 |
| | Assigned To : Bates, John D. |
| **District of Columbia Metropolitan Police** | Assign. Date : 11/23/2007 |
| **Department (MPD)** | Description: Employ. Discrim. |
| | ) |
| **And** | ) |
| | ) |
| **Nola M. Joyce** | ) **JURY DEMAND** |
| **(In her official capacity as, Chief of Staff/Senior** | ) |
| **Executive Director, District of Columbia** | ) |
| **Metropolitan Police** | ) |
| **Department)** | ) |
| **300 Indiana Avenue, N.W.** | ) |
| **5th Floor** | ) |
| **Washington, DC 20001** | ) |
| | ) |
| **And** | ) |
| | ) |
| **Debra Hoffmaster** | ) |
| **(In her official capacity as Executive Director,** | ) |
| **D.C. Metropolitan Police Department)** | ) |
| | ) |
| | ) |
| **And** | ) |
| | ) |
| **Ethel Jones** | ) |
| **(In her official capacity as Inspector,** | ) |
| **D.C. Metropolitan Police Department)** | ) |
| **And** | ) |

*JURY ACTION*

1

Ricky Mitchell                              )
(In his official capacity as Captain, D.C   )
Metropolitan Police Department              )
                                            )
                                            )
Defendants.                                 )

## COMPLAINT

Here comes now the Plaintiff, Chris C. Omekam, an African American

citizen of the United States, in pursuant to Title VII of the Civil Rights Act

of 1964, and EEOC Directive Transmittal Number 915.003, Section 13:

National Origin Discrimination, December 2, 2002, respectfully presents this

complaint against the defendants listed above for violating plaintiff's civil

rights:

1.  Failure by the D.C Metropolitan Police Department and

    defendant's to provide plaintiff equal protection under the law in

    violation of the Title VII of the Civil Rights Act of 1964 which

    protects workers from employment discrimination based on their

    race, color, religion, sex and **national origin**.

2.  Discriminatory practice by defendants through documented pattern

    of behavior to deny plaintiff the opportunity to serve as the

    Department's Accreditation Manager, knowingly dismissing

plaintiff's 6 years of serving as the Acting Accreditation Manager without compensation, a copy of which is attached hereto and made a part hereof marked Exhibit 1.

3.    Defendants conspiring against plaintiff to document poor performance by intimidation, harassment, libel, defamation of character, with the goal of justifying a reason to terminate plaintiff employment with the D.C. Metropolitan Police Department.

4.    Defendants knowingly altering an official document in defiance of the directive given by the Department's Performance Evaluation Appeal Committee to change plaintiff's performance evaluation rating from "Satisfactory" to "Excellent" and in retaliation to the plaintiff's EEOC complaint charges, a copy of which is attached hereto and made a part hereof marked Exhibit 2.

**PARTIES**

5.    Plaintiff, Chris C. Omekam, a 52 years old male adult, an African American citizen of the United States and a 19 years employee of the District of Columbia Government with 12 years of continuous employment at the Metropolitan Police Department.

3

6.   Defendant, D.C. Metropolitan Police Department in its capacity as employer.

7.   Defendant, Nola Joyce in her official capacity as Chief of Staff/ Senior Executive Director.

8.   Defendant, Debra Hoffmaster in her official capacity as Executive Director.

9.   Defendant, Ethel Jones in her official capacity as Inspector.

10.  Defendant, Ricky Mitchell in his official capacity as Captain.

## JURISDICTION

11.  The U.S. District Courts for the District of Columbia has subject matter jurisdiction over this case pursuant to Title VII of the Civil Rights Act of 1964, and EEOC Directive Transmittal Number 915.003, Section 13: National Origin Discrimination, December 2, 2002.

## STATEMENT OF FACTS

12.  Plaintiff was employed by D.C. Metropolitan Police Department from 1994 to 2006, as a Management Analyst.

13.  Plaintiff acted in the position of Accreditation Manager from 1997

to 2004 without compensation.

14. Plaintiff as the acting MPD Accreditation Manager, was the Department's liaison with the Commission on Accreditation for Law Enforcement Agencies, Inc. (CALEA), until March 2005.

15. Plaintiff's former supervisor, Mary Ann Rodgers, recommended for his promotion in various occasion but was denied by defendant, Nola Joyce.

16. MPD Accreditation Consultants recommended that someone in the Accreditation Office be officially nominated as the Department's Accreditation Manager and defendants failed to carry out such recommendation.

17. Defendant, Nola Joyce, recruited and appointed an employee of the U.S. Marshall, as the Department's Accreditation Manager on a salary of over $112,000.00 annually, about double of plaintiff's salary and yet plaintiff did most of the accreditation manager functions.

18. After 2 years of not moving the Department forward, the defendant, Nola Joyce terminated his contract with the Department.

19.     Plaintiff and two other colleagues in FY 2003 developed and
        produced a Strategic Management Plan for the Accreditation of the
        Metropolitan Police Department with timelines and deadlines, a
        copy of which is attached hereto and made a part hereof marked
        Exhibit 3.

20.     Strategic Plan for the Accreditation of the Metropolitan Police
        Department that was developed by plaintiff and his colleagues was
        officially presented to MPD's former Chief, Charles H. Ramsey,
        who approved the plan in August of 2003.

21.     One of the recommendations in the strategic management plan was
        to officially appoint an agency accreditation manager.

22.     Defendant, Nola Joyce, said to the plaintiff during the presentation
        "I thought you were the Accreditation Manager", knowing fully
        well that plaintiff had been acting in the position for several years
        without compensation.

23.     Plaintiff was knowingly overlooked by defendant, Nola Joyce, and
        appointed defendant, Inspector Ethel Jones as the new
        Department's Accreditation Manager in March of 2004, just barely
        few months after the official presentation of the Strategic

Management Plan for the Accreditation of the Metropolitan Police Department.

24. Plaintiff continued to provide on-the job training for defendant, Inspector Ethel Jones who had no prior knowledge of law enforcement accreditation program, a copy of which is attached hereto and made a part hereof marked Exhibit 4.

25. Plaintiff had continuously recommended for experienced personnel in the law enforcement accreditation program, just as was strongly recommended in the strategic management plan that was presented to the former Police Chief, Charles H. Ramsey but was deliberately ignored by defendant, Nola Joyce.

26. Plaintiff former supervisor, Mary Ann Rodgers in her official capacity as Director, made several efforts to get defendant, Inspector Ethel Jones to familiarize herself with the law enforcement accreditation process but was unsuccessful.

27. Plaintiff continued to carry out the duties and responsibilities of the accreditation manager, providing on the job training to both defendant, Inspector Ethel Jones and other employees of the Accreditation Office, a copy of which is attached hereto and made a part hereof marked Exhibit 5.

28.    Plaintiff former supervisor, Mary Ann Rodgers was transferred out

to another Unit by defendant, Nola Joyce.

29.    Plaintiff former supervisor, Mary Ann Rodgers provided plaintiff

with an Outstanding Performance Evaluation interim rating during

FY 2004-2005 employees' performance evaluation before her

departure to the new assignment, a copy of which is attached

hereto and made a part hereof marked Exhibit 6.

30.    Defendant, Inspector Ethel Jones continued to receive on-the-job

training from plaintiff during the remaining five months that she

supervised plaintiff.

31.    Defendant, Inspector Ethel Jones, an Afro American citizen of the

United States knowingly ignored the interim Outstanding

Performance Evaluation rating that plaintiff received from his

former supervisor, Mary Ann Rodgers, an Afro American citizen

of the United States and provided plaintiff with an overall

performance rating of "Satisfactory" for the FY 2004-2005

employees' performance evaluation, a copy of which is attached

hereto and made a part hereof marked Exhibit 6.  Subsequently

during the same period, defendant copied plaintiff's outstanding

performance evaluation rating result from the outgoing supervisor,

Mary Ann Rodgers and provided another employee, Shawn
Mason, an Afro American citizen of the United States, who was
being trained by plaintiff, with an "Outstanding" performance
evaluation rating.  Inspector Ethel Jones clearly had no problem
considering Mr. Mason's "Satisfactory" performance evaluation
rating that he received from the out going supervisor, Mary Ann
Rodgers, which she deliberately changed to an "Outstanding"
performance evaluation rating, a copy of which is attached hereto
and made a part hereof marked Exhibit 7.

32.    All staff members of the Accreditation Office who received on-
the-job training from plaintiff were given either an 'Outstanding"
or "Excellent" Performance Evaluation rating by the defendant,
Inspector Ethel Jones a copy of which is attached hereto and made
a part hereof marked Exhibit 8.

33.    Defendant, Inspector Ethel Jones provided another employee, who
was receiving on-the-job training from plaintiff and who also
received an interim Performance Evaluation rating of
"Satisfactory" from plaintiff's former supervisor, Mary Ann
Rodgers with an overall Performance Evaluation rating of

9

"Outstanding", a copy of which is attached hereto and made a part hereof marked Exhibit 9.

34.  Plaintiff filed an EEOC complaint on March 31, 2006 and on May 19, 2006, respectively, copies of which are attached hereto and made part hereof marked Exhibit 10.

35.  Plaintiff also filed an appeal with the Department's Performance Evaluation Appeal Committee and won, a copy of which is attached hereto and made a part hereof marked Exhibit 11.

36.  Defendant, Inspector Ethel Jones was asked to change plaintiff's FY 2004-2005 Performance Evaluation rating from "Satisfactory" rating to "Excellent".

37.  Defendant, Inspector Ethel Jones in defiance of the Department's Performance Evaluation Appeal Committee directives to change plaintiff's FY 2004-2005 Performance Evaluation rating from "Satisfactory" rating to "Excellent", decided to down grade the sub-factor ratings in the plaintiffs original performance evaluation rating form that the result no longer adds up to a Performance Evaluation Rating of "Excellent". This was a deliberate and calculated action taken by defendant to hurt plaintiff in retaliation

for his filing EEOC compliant and the Performance Evaluation Appeal (Refer back to Exhibit 6).

38. Plaintiff went to defendant, Debra Hoffmaster for equal protection under the law against defendant, Inspector Ethel Jones discriminatory practices, and creation of hostile working environment, a copy of which is attached hereto and made a part hereof marked Exhibit 12.

39. Defendant, Debra Hoffmaster refused to assist plaintiff because of his EEOC complaint and actually informed plaintiff to let the EEOC handle plaintiff's concerns, a copy of which is attached hereto and made a part hereof marked Exhibit 13.

40. Plaintiff complained to defendant, Debra Hoffmaster about defendant, Inspector Ethel Jones falsification of official document (performance evaluation rating form) by downgrading the sub-factor ratings in the plaintiff's original performance evaluation rating form and as such had refused to sign the form.

41. Defendant, Debra Hoffmaster was quick to come to defendant, Inspector Ethel Jones defense with excuses that she had used the wrong form.

42.    To boost their conspiracy, in February 2006, defendant Inspector
       Ethel Jones and defendant Debra Hoffmaster, appointed defendant,
       Captain Ricky Mitchell as an Assistant Accreditation Manager,
       who also received on-the job training from plaintiff.

43.    Plaintiff sent a letter to defendants, Inspector Ethel Jones and
       Debra Hoffmaster regarding the "State of Affairs in the
       Accreditation Office", that requires urgent concern to improve on
       the unit's performance, a copy of which is attached hereto and
       made a part hereof marked Exhibit 14.

44.    The defendants, Inspector Ethel Jones, Debra Hoffmaster and
       Captain Ricky Mitchell in continuation of their tireless efforts to
       destroy plaintiff's career and reputation as an outstanding
       employee, knowingly served plaintiff with a fabricated letter of
       warning just days or couple of weeks left for the FY 2005-2006
       performance evaluation rating period.

45.    Union representative informed plaintiff that the defendants
       Inspector Jones and Debra Hoffmaster wanted defendant, Captain
       Ricky Mitchell to complete plaintiff's FY 2005-2006 performance
       evaluation rating but the Union Representative informed
       defendants that such action will constitute a violation of the D.C.

Personnel Manual, which states that in order for anyone to complete a subordinate's performance evaluation during any fiscal year, the individual must supervise the subordinate for at lease 90 days and the defendant, Captain Ricky Mitchell had only worked with plaintiff for about six to eight weeks, therefore should not qualify to complete plaintiff's FY 2005-2006 performance plan, a copy of which is attached hereto and made a part hereof marked Exhibit 15.

46.    Plaintiff presented defendant, Captain Ricky Mitchell with a rebuttal to his letter of warning.

47.    Defendant, Inspector Jones stopped communicating directly with plaintiff except when she needs favors or help to resolve accreditation related issues that she had no clue of what to do.

48.    Plaintiff was further subjected to humiliation by receiving assignments from subordinates that plaintiff had continued to review their works to ensure accuracy and completeness.

49.    Plaintiff scheduled to meet and discuss FY 2005-2006 Performance Evaluation Rating result with defendants, Inspector Ethel Jones, Debra Hoffmaster and a Union Representative.

50.  Defendant, Debra Hoffmaster refused the presence of a Union Representative at the meeting.

51.  Plaintiff requested to end the meeting without the Union Representative. The defendant, Debra Hoffmaster said that she will not grant plaintiff the right to have a Union Representative and busted into rage raising her voice to plaintiff saying "do you know what you have done, filing a serious charge against the Department. I am here to defend myself, Inspector Jones and the Metropolitan Police Department". Plaintiff responded "what about me, there is no one to take care of me, and no one is here to defend me".

52.  Plaintiff in fear of losing his 19 years of career employment with the District of Columbia Government, feelings of isolation, anxiety, humiliation, fear of losing his house, and hostility and intimidation from defendant, Inspector Ethel Jones that have began to take a toll on plaintiffs health, a copy of which is attached hereto and made a part hereof marked Exhibit 16, had no other choice but to terminate his employment with the Metropolitan Police Department, effective July 9, 2006.

53. At no time was the plaintiff a contributor to defendant, Inspector Ethel Jones hostility that had resulted to plaintiff's mental anguish, stress, poor health and damages he had sustained.

54. On October 31, 2007, Plaintiff received a Notice of Right To Sue from the United States Department of Justice Civil Rights Division, a copy of which is attached hereto and made a part hereof marked Exhibit 17.

## COUNTS

### Count 1

Title VII of the Civil Rights Act of 1964 violation

### Count 2

Negligence

### Count 3

Slander

### Count 4

Libel

### Count 5

Defamation of Character

### Count 6

Discrimination

### Count 7

Conspiracy

### Count 8

Harassment

### Count 9

Inflicting Mental Anguish

### Count 10

Retaliation

## CONCLUSION

Plaintiff – re-alleges, adopts and asserts the averments in paragraphs 1 through 54 as fully set forth herein:

a) The actions of the defendants, Metropolitan Police Department, constitutes discrimination against the plaintiff in his employment because of his national origin in violation of Civil Rights Act of 1870, 42 U.S.C. §§ 1981 and 1985, the fourteen Amendment to the United States Constitution , the Civil Rights

16

Act of 1991 and Title VII of the Civil Rights Act of 1964, 42
U.S.C. § 2000e,et seq.

b)  The defendant, Debra Hoffmaster's inability to protect
plaintiff from hostile work environment, failure to provide
plaintiff a work environment free of discrimination,
intimidation, and use of derogatory language constitute
negligence.

c)  The defendants' conspiracy to harm plaintiff through their
unjustifiable actions taken by means of letter of warning to a
veteran employee in law enforcement accreditation program,
who had been providing on-the-job training to defendants,
Inspector Ethel Jones, Captain Mitchell, and members of the
Accreditation Office Staff, constitute defamation.

d)  The defiance of the defendant, Inspector Ethel Jones not to
follow directives given to her by the Department's Performance
Evaluation Appeal Committee and her determination to engage
in unfairly treatment of plaintiff constitute retaliation.

## PRAYER OF RELIEF

WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AGAINST

DEFENDANTS JOINTLY AND SEVERELY AS FOLLOWS:

a) Compensatory and punitive damages in the amount of ONE

   MILLION FIVE HUNDRED THOUSAND DOLLARS

   ($1,500,000.00) plus pre and post judgments interest and court cost.

b) Costs and such other relief as may be appropriate

c) Grant Plaintiff's request for a Jury Trial

Respectfully submitted,

Chris C. Omekam, Plaintiff

Chris C. Omekam
5920 Plata Street
Clinton, MD 20735
202.277.1203 (telephone)
202.730.0516 (fax)

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

RECEIVED
U.S. DISTRICT COURT

## I (a) PLAINTIFFS

CHRIS C. OMEKAM

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

PRO SE

## DEFENDANTS

D.C. METROPOLITAN POLICE DEPARTMENT ET AL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-02134
Assigned To : Bates, John D.
Assign. Date : 11/23/2007
Description: Employ. Discrim.

JURY ACTION

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZE

FOR PLAINTIFF AND ONE BOX FOR DE

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| ☐ A. Antitrust | ☐ B. Personal Injury/ Malpractice | ☐ C. Administrative Agency Review | ☐ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ☐ **G.** *Habeas Corpus/ 2255* | ☐ **H.** *Employment Discrimination* | ☐ **I.** *FOIA/PRIVACY ACT* | ☐ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K.** *Labor/ERISA (non-employment)* | ☐ **L.** *Other Civil Rights (non-employment)* | ☐ **M.** *Contract* | ☐ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☐ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

CIVIL RIGHTS ACT OF 1870, 42 U.S.C. §§1981 & 1985, the 14th AMENDMENT OF US CONSTITUTION, the CIVIL RIGHTS ACT OF 1991 and TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 20000, et seq.; PLAINTIFF WAS DISCRIMINATED, BECAUSE OF HIS NATIONAL ORIGIN/RETALIATION/DEFAMATION

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23

**DEMAND $** Check YES only if demanded in complaint
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** *p.f.* (See instruction) ☐ YES ☒ NO If yes, please complete related case form.

DATE 11/23/07 SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

# EXHIBIT 1

*EXHIBIT #3*



# COMMISSION ON ACCREDITATION FOR LAW ENFORCEMENT AGENCIES
### Incorporated

10302 Eaton Place, Suite 100 • Fairfax, Virginia 22030-2215 • Local (703) 352-4225 • (800) 368-3757 • FAX (703) 591-2206 • calea@calea.org

**Agency Name**:  Metropolitan Police Department

**Mailing Address**:  300 Indiana Avenue, N.W.
Washington, DC  20001-

**Shipping Address**:  300 Indiana Avenue, N.W.
Washington, DC  20001-

**Agency Phone Number**:  (202) 727-4318

**Agency Fax Number**:  (202) 727-9532

**CEO Rank**:  Mr.
**CEO Title**:  Chief of Police
**CEO Name**:  Charles H. Ramsey
**CEO Phone Number**:  (202) 727-4218
**CEO Fax Number**:
**CEO Email Address**:

**Accreditation/Recognition Manager Rank**:  Mr.
**Accreditation/Recognition Manager Title**:  Accreditation Manager
**Accreditation/Recognition Manager Name**:  Chris Omekam
**Accreditation/Recognition Manager Phone Number**:  (202) 727-4114
**Accreditation/Recognition Manager Fax Number**:
**Accreditation/Recognition Manager Email Address**:

*07 2134*

In an effort to keep our Agency Tracking System up to date, please take a moment to review the above information, make any corrections on the attached Agency Information Sheet and fax the sheet back to CALEA at 1-703-591-2206.

**FILED**

NOV 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*"ACCREDITATION RECOGNIZES PROFESSIONAL EXCELLENCE"*

*ATTACHMENT #1*

EXHIBIT #1

## Job-Related Training Courses (Title of Courses and Year Completed)

Below is a list of Job–related training and classes I attended.  Information on the Omaha Nebraska CALEA Conference is missing.

### Las Vegas, Nevada

Dates attended – March 22-25, 2000
Classes attended – 1. Accreditation Managers Training, Parts 1 & 2
      2. Fourth Edition Manual Review
      3. Law Enforcement Organization Theory
      4. Diplomatic Immunity
      5. The Science of Forensic Evidence in Law Enforcement
      6. Gang Behavior in the New Millennium
      7. Media Relations in Law Enforcement

### Atlanta, Georgia

Date attended – Nov. 17-20, 1999
Classes attended  - 1. Accreditation Manager Training
      2. Motivational Training
      3. 4th Edition Manual Review
      4. Use of High Tools During Commission of Crimes
      5. Preparing for On-Site
      6. Missing and Exploited Children
      7. Commission Committee Review On-Site Assessment Team Reports About Candidate Agencies and Make Recommendations for Accreditation

### Hershey, Pennsylvania

Date attended – July 29 thru August 1, 1998
Classes attended  - 1. Assessors – What to Expect
      2. Accreditation Managers Training
      3. Resource Room of Candidate Agencies
      4. Special Emergency Response Team (SERT) Demonstration
      5. Computer-Aided Self-Assessment
      6. Dignitary Protection
      7. Commission Committees Review On-Site Assessment Team Reports About Candidate Agencies and Make Recommendations for Accreditation

A - #39

**Alexander, VA**

Dates attended – March 22-25, 1995
Classes attended - 1. ASAP Users Group
          2. Community Policing and Accreditation – a partnership
          3. Accreditation, an Agency Commitment
          4. Unusual Occurrences in Special Operation

**Omaha, Nebraska**

Date attended – Nov. 15-18, 1995
Classes attended - Information is not available.

**Grand Rapids, Michigan**

Date attended – July 27-30, 1994.
Classes attended – 1. Overview of the New Standards Manual
          2. Using ASAP to Convert to New Standards
          3. Computer-Aided Self Assessment
          4. Introduction to Accreditation Process
          5. Commission Committees Review On-Site Assessment Team Reports About Candidate Agencies and Make Recommendations for Accreditation

Chris C. Omekam
April, 2000

EXHIBIT #1



THE COMMISSION ON ACCREDITATION FOR LAW ENFORCEMENT AGENCIES, INC.

AWARDS THIS

# CERTIFICATE OF TRAINING

TO

*Chris Omekam*

IN RECOGNITION OF SATISFACTORY PARTICIPATION IN THE
COMMISSION'S COURSE OF INSTRUCTION

*Accreditation Manager Training*

PROVIDED AT THE CALEA ANNUAL CONFERENCE IN

*Atlanta, Georgia*

ON

*November 1999*

*Sylvester Daughtry, Jr.*
EXECUTIVE DIRECTOR

*Harold T. LeMay, Jr.*
TRAINING COORDINATOR

ATTACHMENT #4



# THE COMMISSION ON ACCREDITATION FOR LAW ENFORCEMENT AGENCIES, INC.

## AWARDS THIS

# CERTIFICATE OF TRAINING

## TO

## Chris Omekam

### IN RECOGNITION OF SATISFACTORY PARTICIPATION IN THE COMMISSION'S COURSE OF INSTRUCTION

### Accreditation Manager Training

### PROVIDED AT THE CALEA ANNUAL CONFERENCE IN

### Las Vegas, Nevada

### ON
### March 2000

*Sylvester Daughtry, Jr.*
EXECUTIVE DIRECTOR

*Harold T. LeMay, Jr.*
TRAINING COORDINATOR

A – #4

EXHIBIT #1






THE COMMISSION ON ACCREDITATION FOR LAW ENFORCEMENT AGENCIES, INC.

AWARDS THIS

# CERTIFICATE OF TRAINING

TO

*Chris Omekam*

IN RECOGNITION OF SATISFACTORY PARTICIPATION IN THE
COMMISSION'S COURSE OF INSTRUCTION

*Staff Inspections & Accreditation*

PROVIDED AT THE CALEA CONFERENCE IN

*Greensboro, North Carolina*

ON

*March 2001*

*Sylvester Daughtry, Jr.*
**EXECUTIVE DIRECTOR**

*Harold T. LeMay, Jr.*
**TRAINING COORDINATOR**

A - #4

EXHIBIT #1



THE COMMISSION ON ACCREDITATION FOR LAW ENFORCEMENT AGENCIES, INC.

AWARDS THIS

# CERTIFICATE OF TRAINING

TO

*Chris Omekam*

IN RECOGNITION OF SATISFACTORY PARTICIPATION IN THE

COMMISSION'S COURSE OF INSTRUCTION

*Law Enforcement Organizational Theory*

PROVIDED AT THE CALEA ANNUAL CONFERENCE IN

*Las Vegas, Nevada*

ON

*March 24, 2000*

*Sylvester Daughtry, Jr.*
EXECUTIVE DIRECTOR

*Harold T. LeMay, Jr.*
TRAINING COORDINATOR



A — #4

# EXHIBIT 2

EXHIBIT # 2



## GOVERNMENT OF THE DISTRICT OF COLUMBIA
## METROPOLITAN POLICE DEPARTMENT

### MEMORANDUM

**TO:**         Mr. Chris C. Omekam
                 Management Analyst
                 Risk Management/Accreditation Unit

**FROM:**      A/C Shannon P. Cockett     *Mc Sharp.C*
                 Office of Human Services

**SUBJECT:**   **Performance Rating Appeal Decision**

**DATE:**      May 3, 2006

This is in response to your request for an impartial review of your performance
evaluation for the rating period April 1, 2004 through March 31, 2005.  Your attention is
invited to the attached decision memorandum, prepared by the Chairperson, Performance
Rating Appeals Committee.

The Performance Rating Appeals Committee has determined that the rating of
"Satisfactory" be changed to "Excellent".    This serves as the agency's final decision.

Please acknowledge receipt of this notification and return a copy to my office, Room
6061, Attention:  April Moore.

I acknowledge receipt of this memorandum.

_____                          _____
Chris C. Omekam                                      5-10-06
                                                        Date

07 2134

**FILED**

NOV 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ATTACHMENT # 10

**METROPOLITAN POLICE DEPARTMENT**
Operational Support Command

**April 21, 2006**

**MEMORANDUM:**

**TO:**          Assistant Chief Shannon P. Cockett
                 Director, Human Services

**FROM:**        Miss Karen A. Wiggins
                 Chairperson, MPD Performance Rating Committee
                 Manager, Firearms Examination Section

**SUBJECT:**     Performance Rating Appeal Decision for Mr. Chris C. Omekam

The petitioner, Mr. Chris C. Omekam of the Accreditation and Risk Management Unit, requested a performance rating change from 'Satisfactory' to 'Outstanding' for the evaluation period of April 1, 2004 – March 31, 2005. An initial rating of 'Unsatisfactory' was given to the petitioner by his supervisor Inspector Ethel Jones on March 30, 2005. A Letter of Warning was issued to Mr. Omekam on March 30, 2005 and he was given a Postponement of Rating notification extending the official Report of Performance Rating until June 30, 2005. Subsequently, Mr. Omekam received an official overall performance rating of a 'Satisfactory' from Inspector Jones on August 5, 2005.

It is noted that an exit rating of 'Outstanding' for the period of April 1, 2004 – September 30, 2004 was given to Mr. Omekam by his previous supervisor Ms. Mary Ann Rodgers.

Report of Performance Rating
A review of the overall Report of Performance Rating revealed that the petitioner received an 'Excellent' for the *Personal Relations* Rating factor and a 'Satisfactory' for the *Quantity, Quality, Work Habits* and *Adaptability* Rating factors. The overall sub-factors assigned by the Rater included nine (9) plus signs indicating that the employee was strong in those areas, ten (10) check signs indicating that the employee's performance was acceptable, two (2) minus sign indicating that the employee needed improvement in a particular area and the Written Expression sub-factor was not rated.

A review of the written justification prepared by the Rater indicated that the petitioner met most job standards and occasionally exceeded performance expectations or objectives. In addition, it was documented that Mr. Omekam demonstrated effective performance, was qualified to perform his job duties with the appropriate amount of direction and that he performed in a reliable and professional manner.

2

Discussion

The petitioner submitted a very organized appeal that addressed the purpose, nature and background of his complaint, provided numerous emails of his interactions with his peers, immediate supervisor, and other OOD officials including Ms. Debra Hoffmaster, Ms. Annie Russell and Mr. Sampson Annan and included copies of the District Personnel Manual (DPM) referenced. In his appeal, the petitioner:

1.  Communicated that his officials failed to comply fully with the DPM Instruction No. 14-6, and the DPM Chapter 14, Part I, Subsection 1412.2
2.  Related that the P.O. Form 12 was too subjective and was not a true and accurate reflection of his performance
3.  Indicated that his supervisor threatened him with a citation of insubordination for refusing signature of the rating
4.  Explained that his supervisor did not review his work to determine if it was accurate or not and
5.  Complained that his supervisor never met with him after March 30, 2005 to discuss his progress as a documented stipulation by his supervisor in the Letter of Warning, specifically to "meet with the employee routinely to discuss his progress".

Analysis

A review of the Performance Rating is as following:

1.  Pursuant to DPM Instruction No. 14-6, Clarification of Eligibility Procedures for the Performance Evaluation System, Part 3i. Change of Supervisor During the Rating Period, "Supervisors who leave their position within 6 months prior to the end of the official period are to conduct and exit rating of their subordinate(s)."... "The official rating is to be completed by the new supervisor, using the unscheduled evaluation for input." Based on a personal interview with the Rater, the unscheduled evaluation provided by the previous supervisor was not considered for input.
2.  Pursuant to DPM DC Personnel Regulations, Chapter 14, Part I, Performance Management, Section 1401.1b Exclusions "The provisions of this chapter shall not apply to the following employees, who continue to be covered by the performance evaluation system that was in effect on December 31, 1979: ... Unionized employees in the Career Service". As such, provisions in Chapter 14, Part I do not apply to the Petitioner.
3.  Civilian members cannot be compelled to sign MPD forms.
4.  Five (5) plus signs, three (3) checks and one (1) minus sign was given for the sub-factors in the Work Habits Rating factor, a performance rating of 'Excellent' not a 'Satisfactory' would be more appropriate for that Rating factor.  In addition, the Rater indicated that the petitioner "performs in a reliable and professional manner" in the written justification.
5.  There was no documentation provided by the Petitioner that supported or substantiated that his overall performance in each sub-factor or the majority of sub-factors surpassed the level of excellence in all aspects of the most important duties of the position.

Findings

Based on a review of the petitioners appeal, it was determined that unscheduled performance rating of 'Outstanding' which covered six (6) months of the performance period should have

been used as input for the overall evaluation. The initial rating of 'Unsatisfactory" appears to be totally out of character and completely opposite of the assessment of the petitioners performance by the departing supervisor. Ultimately, the petitioner received an overall performance rating of 'Satisfactory' from his current supervisor, which covered six (6) months of the performance period. In consideration of the 'Outstanding' performance rating for six (6) months of the performance period, it is recommended that the 'Satisfactory' rating for the April 1, 2004 – March 31, 2005 period should be change to an 'Excellent'.

Conclusion
Based on the information provided by all parties in this matter, it is the opinion of this Committee that the rating of 'Satisfactory' should be changed to 'Excellent' and that no hearing or further actions are warranted in this matter.

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## Report of Performance Rating
*(Prepare in Triplicate – Instructions on Reverse side)*

| | | |
|---|---|---|
| Name of Employee **Omekam Chris** | Title and Grade **Mgt Analyst 13-DS** | Rating Period **4/1/03 - 9/30/04** |
| Department/Bureau/Division/Branch, etc. **OOD/Accreditation** | Employee Status **Permanant** | |
| Type of Report Scheduled (☑) Unscheduled (✓) | Rater Supervised Employee From **4/1/03** To **9/30/04** | Check one: Administrative ( ) Supervisory ( ) Planning ( ) All Others (✓) |

## FACTORS FOR RATING

**1. QUANTITY** ☑
- + Amount of Work
- + Completion of Work on Schedule

**2. QUALITY** ☑
- + Accuracy
- + Neatness of Work Product
- + Thoroughness
- ✓ Judgment
- ✓ Oral Expression
- ✓ Written Expression

**3. WORK HABITS** ☑
- + Observance of Working Hours
- + Attendance
- + Observance of Rules Including Safety
- ✓ Economy of Time and Materials
- ✓ Compliance With Work Instructions
- + Orderliness in Work
- + Job Interest
- + Initiative
- + Resourcefulness

**4. PERSONAL RELATIONS** ☑
- + Cooperation with Co-workers
- + Dealing with the Public
- + Personal Habits

**5. ADAPTABILITY** ☑
- + Performance in New Situations
- + Performance in Emergencies

**6. SUPERVISION AND PLANNING** ☐
*Effectiveness In:*
- ____ Planning Broad Programs
- ____ Adapting Work Program to Broader or Related Programs
- ____ Devising Procedures
- ____ Laying Out Work and Establishing Standard of Performance for Subordinates
- ____ Directing, Reviewing and Checking Work of Subordinates
- ____ Instructing, Training and Developing Subordinates in work
- ____ Promoting High Morale
- ____ Delegating Clearly Defined Authority to Act
- ____ Decision-Making Process
- ____ Determination and Utilization of Manpower and Materials
- ____ Efforts to ensure EEO in all appropriate aspects of Recruitment, Hiring, Training, Promoting, Recognition, etc.

**7. OTHER** *(specify)* ☐
- ____
- ____
- ____

## TEMPORARY ASSIGNMENTS OUT OF JOB CLASSIFICATION

| Inclusive Dates | Assignment/Duties Assumed | Rating |
|---|---|---|
| | | |
| | | |
| | | |

## COMMENTS

Describe employee's strengths and deficiencies and include other comments. Comments MUST be made for Excellent or Satisfactory Ratings.

Mr. Omekam almost single handedly managed the contact negotiations with Procurement for the Accreditation contractor. He has carried this program and handled a good deal of the Accred. Mgt's responsibilities for a number of years. He is a highly motivated & dedicated employee.

## PERFORMANCE RATING ASSIGNED

(✓) Outstanding          ( ) Excellent          ( ) Satisfactory          ( ) Unsatisfactory

This rating is based on my personal knowledge and observation of the employee's performance.

This rating has been discussed with me.

Rater: _[signature]_   Date **12/1/04**      Employee: _[signature]_   Date **12-1-04**

Reviewer: _____ Date _____      Approving Authority (O & U ratings) _____ Date _____

P.O. Form 12                                                                 J-90500

ATTACHMENT #12


# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## Performance Evaluation System
## Report of Performance Rating



| | | | |
|---|---|---|---|
| 1. EMPLOYEE'S NAME: Last **OMEKAM** | | First **Chris** | Middle Initial |
| 2. TITLE Management Analyst | 3. GRADE / STEP DS 13 / | 4. RATING PERIOD **April 1, 2004 - March 31, 2005** | |
| 5. AGENCY NAME (SORTED BY AGENCY CODE) Metropolitan Police Department (FA) | | 6. DATE COMPLETED March 3 0, 2005 | |
| 7. TYPE OF REPORT Unscheduled/Unofficial Rating | 8. DATES SUPERVISED From: October 1, 2004 To: March 31, 2005 | | 9. TYPE OF POSITION Full-Time |

## INFORMATION

1. Underline the sub-factors that are pertinent to the position.
2. Rate the sub-factors that are pertinent to the position according to the following:
    a. A plus sign (+) indicates that the employee is strong in a sub-factor.
    b. A check sign (√) indicates that the employee's performance is acceptable in a sub-factor.
    c. A minus sign (-) indicates that the employee needs improvement in a sub-factor.
3. Determine the ratings for each major factor, as well as their overall performance rating.
4. On the attached page, provide written justification explaining the employee's performance.

## FACTORS FOR RATING

| | | | | |
|---|---|---|---|---|
| **1.** | **QUANTITY: Unsatisfactory** | **5.** | **ADAPTABILITY: Unsatisfactory** | |
| √ | Amount of Work | - | Performance in New Situations | |
| - | Completion of Work on Schedule | - | Performance in Emergencies | |
| **2.** | **QUALITY: Unsatisfactory** | **6.** | **SUPERVISION AND PLANNING:** | |
| - | Accuracy | | *Effectiveness In:* | |
| √ | Neatness of Work Product | — | Planning Broad Programs | |
| - | Thoroughness | — | Adapting Work Program to Broader or Related Programs | |
| - | Judgment | — | Devising Procedures | |
| - | Oral Expression | — | Laying Out Work Establishing Standard of Performance for Subordinates | |
| | Written Expression | — | Directing Reviewing and Checking Work of Subordinates | |
| **3.** | **WORK HABITS: Unsatisfactory** | — | Instructing Training and Developing Subordinates in work | |
| + | Observance of Work Hours | — | Promoting High Morale | |
| + | Attendance | — | Delegating Clearly Defined Authority to Act | |
| √ | Observance of Rules Including Safety | — | Decision-Making Process | |
| √ | Economy of Times and Materials | — | Determination and Utilization of Manpower and Materials | |
| - | Compliance With Work Instructions | — | Efforts to ensure EEO in all appropriate aspects of Recruitment, Hiring, Training, Promoting, Recognition, etc. | |
| √ | Orderliness of Work | **7.** | **PERFORMANCE STANDARDS/OTHER** *(Specify):* | |
| √ | Job Interest | — | | |
| - | Initiative | — | | |
| - | Resourcefulness | — | | |
| **4.** | **PERSONAL RELATIONS: Satisfactory** | — | | |
| - | Cooperation with Co-workers *(Internal Customer Service)* | — | | |
| √ | Dealing with the Public *(External Customer Service)* | — | | |
| √ | Personal Habits | | | |

## TEMPORARY ASSIGNMENTS OUT OF JOB CLASSIFICATION

| INCLUSIVE DATES | ASSIGNMENT/DUTIES ASSUMED | RATING |
|---|---|---|
| - | | |
| - | | |

## OVERALL PERFORMANCE RATING ASSIGNED

☐ Outstanding     ☒ Excellent     ☐ Satisfactory     ☐ Unsatisfactory

_Ethel More_     5 70~06

Supervisor's / Rater's Name & Signature     Date
*This rating is based on my personal knowledge and observation of the employee's performance. (REQUIRED FOR ALL RATINGS)

Employee's Name & Signature     Date
* This rating has been discussed with me. (REQUIRED FOR ALL OFFICIAL RATINGS)

viewer's Name & Signature     Date
is rating has been reviewed and receives my approval. (REQUIRED FOR ALL OFFICIAL ATINGS)

Agency Director's Name & Signature     Date
* This rating has received a second-level review and receives my approval. (REQUIRED FOR ALL OUTSTANDING AND UNSATISFACTORY RATINGS ONLY)

ATTACHMENT # 23



# GOVERNMENT OF THE DISTRICT OF COLUMBIA

**Performance Evaluation System**
**Report of Performance Rating**

*Exhibit #2*

D.C. Office of Personnel

| 1. **EMPLOYEE'S NAME:** Last OMEKAM | | First CHRIS | Middle Initial |
|---|---|---|---|
| 2. **TITLE** Management Analyst | 3. **GRADE / STEP** DS 13 / | 4. **RATING PERIOD** April 1, 2004 - March 31, 2005 | |
| 5. **AGENCY NAME (SORTED BY AGENCY CODE)** Metropolitan Police Department (FA) | | 6. **DATE COMPLETED** June 3 0, 2005 | |
| 7. **TYPE OF REPORT** Scheduled/Official Rating | 8. **DATES SUPERVISED** From: October  1, 2004 To: March 31, 2005 | | 9. **TYPE OF POSITION** Full-Time |

## INFORMATION

1. Underline the sub-factors that are pertinent to the position.
2. Rate the sub-factors that are pertinent to the position according to the following:
   a. A plus sign (+) indicates that the employee is strong in a sub-factor.
   b. A check sign (√) indicates that the employee's performance is acceptable in a sub-factor.
   c. A minus sign (-) indicates that the employee needs improvement in a sub-factor.
3. Determine the ratings for each major factor, as well as their overall performance rating.
4. On the attached page, provide written justification explaining the employee's performance.

## FACTORS FOR RATING

| | 1. **QUANTITY:** Satisfactory | | 5. **ADAPTABILITY:** Satisfactory |
|---|---|---|---|
| √ | Amount of Work | √ | Performance in New Situations |
| √ | Completion of Work on Schedule | + | Performance in Emergencies |
| | 2. **QUALITY:** Satisfactory | | 6. **SUPERVISION AND PLANNING:** |
| √ | Accuracy | | *Effectiveness In:* |
| √ | Neatness of Work Product | — | Planning Broad Programs |
| √ | Thoroughness | — | Adapting Work Program to Broader or Related Programs |
| − | Judgment | — | Devising Procedures |
| + | Oral Expression | — | Laying Out Work Establishing Standard of Performance for Subordinates |
| | Written Expression | — | Directing Reviewing and Checking Work of Subordinates |
| | 3. **WORK HABITS:** Satisfactory | — | Instructing Training and Developing Subordinates in work |
| + | Observance of Work Hours | — | Promoting High Morale |
| √ | Attendance | — | Delegating Clearly Defined Authority to Act |
| + | Observance of Rules Including Safety | — | Decision-Making Process |
| + | Economy of Times and Materials | — | Determination and Utilization of Manpower and Materials |
| √ | Compliance With Work Instructions | — | Efforts to ensure EEO in all appropriate aspects of Recruitment, Hiring, Training, Promoting, Recognition, etc. |
| √ | Orderliness of Work | | 7. **PERFORMANCE STANDARDS/OTHER** (Specify): |
| + | Job Interest | — | |
| − | Initiative | — | |
| + | Resourcefulness | — | |
| | 4. **PERSONAL RELATIONS:** Excellent | — | |
| √ | Cooperation with Co-workers (Internal Customer Service) | — | |
| + | Dealing with the Public (External Customer Service) | — | |
| + | Personal Habits | | |

## TEMPORARY ASSIGNMENTS OUT OF JOB CLASSIFICATION

| | |
|---|---|
| - | |
| - | |
| - | |

## OVERALL PERFORMANCE RATING ASSIGNED

☐ Outstanding    ☐ Excellent    ☒ Satisfactory    ☐ Unsatisfactory

*Ethel Mones*    8-5-05

**Supervisor's / Rater's Name & Signature**          **Date**
*This rating is based on my personal knowledge and observation of the employee's performance. (REQUIRED FOR ALL RATINGS)*

**Employee's Name & Signature**          **Date**
*This rating has been discussed with me. (REQUIRED FOR ALL OFFICIAL RATINGS)*

**Reviewer's Name & Signature**          **Date**
*This rating has been reviewed and receives my approval. (REQUIRED FOR ALL OFFICIAL RATINGS)*

**Agency Director's Name & Signature**          **Date**
*This rating has received a second-level review and receives my approval. (REQUIRED FOR ALL OUTSTANDING AND UNSATISFACTORY RATINGS ONLY)*

*Employee Refused to Sign.*

*EMJ 8-5-06*

1

*ATTACHMENT # 24*



# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## Performance Evaluation System
### Report of Performance Rating


D.C. Office of Personnel

## WRITTEN JUSTIFICATION FOR THE OVERALL PERFORMANCE RATING

In the box below, please justify the employee's overall performance rating with a written explanation that provides a detailed description of the employee's performance between April 1 of last year and March 31 of this year.  If the rating is "Unsatisfactory" you **must** also attach a copy of the *Letter of Warning*.

Mr. Omekam meets most job standards and may occasionally exceed performance expectations or objectives. He demonstrates effective performance and is qualified to perform job duties with the appropriate amount of direction.  Mr. Omekam performs in a reliable and professional manner.

2

1

EXHIBIT #3



# PROPOSED STRATEGIC PLAN FOR THE ACCREDITATION OF THE METROPOLITAN POLICE DEPARTMENT



Produced by

Renee Kennedy, Chris Omekam, Lt. Patricia Shahid

07 2134

FILED

NOV 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



# TABLE OF CONTENTS



- Strategic Plan
  - Chief's Priorities
  - Vision
  - Accomplishments towards Obtaining Our Goal
  - Needs Analysis
  - Best Practices
  - MPD's Strategic Plan for Accreditation
  - Obstacles to Modeling MPD After the Best Practices
  - Strategic Plan Implementation
  - Next Steps
- Accreditation Project Management Plan FY-2004
- Directives Plan
- Time Line – FY 2004 Deliverables

2



# CHIEF'S PRIORITIES

## Chief of Police Priorities

**Accreditation**

**Policing for Prevention**
- Public Information
- Community Relations

**Training**
- Career Development
- 40 Hours Annual In-Service Training
- Higher Education

**Employee Relations**
- Compensation, Benefits
- Collective Bargaining (LMPC)
- Conditions of Work

**Crime Solving**
- Intelligence
- Criminal Investigations
- Organized Crimes & Vice Control

**Information Technology**
- PASS
- CAD System
- PPMS

3

# *VISION*

A CALEA-accredited Department that delivers police service consistent with the highest professional standards, which has the capacity to sustain these high standards.

4

# ACCOMPLISHMENTS TOWARDS OBTAINING OUR GOAL





- Out of 414 CALEA standards, MPD is in compliance with 214 (51.7%).

- Out of 346 directives, MPD has revised 168 to bring 48.6% standards into compliance.

- Completed review of 19 out of 36 (53%) CALEA Manual Chapters and developed tasks lists.



Stnd    Dir    TL

■ % complete

6

- 80% of the major renovations to the Central Cell Block (CCB) and the upgrade of the holding facilities at the District Stations has been completed. These are the major areas of interest to CALEA Assessors during the on-site assessment of MPD. (CALEA 72.2.1)

- Property and Evidence Control Facilities is about 70% CALEA compliant. (CALEA 84.1.2)





8



- CALEA standard 12.2.1 requires that the agency have a written directive system to provide employees with a clear understanding of the constraints and expectations relating to the performance of their duties. General Order-OMA-101.00 (Directives System) was developed to satisfy this standard.

9



- The Use of Force policy agreed to by the Department of Justice, has resulted in a significant decline of lethal uses of force as stated in The Force Investigation Team 2002 Annual Report compared to the 1990s.

- Forty hour in-service training includes a segment in verbal judo, a new way of communicating and furthering community policing concepts. (CALEA 61.1.7)

- Policing for Prevention has enhanced community relations with the Department with the formation of PSA's in every district. (CALEA 45.1.1 & 45.1.2)



# *NEEDS ANALYSIS*

✪ CUSTOMER/COMMUNITY

✪ MPD PERSONNEL

10



# *Customer/Community*

An accredited Department is better suited to fight civil litigation by reducing risks, reducing liability, increasing confidence, and gaining credibility. (CALEA 22.2.7)

- CALEA standards support the Department's obligation to inform the public and the news media of events that affect the lives of the citizens in the community with openness and candor. (CALEA 54.1.1)

- CALEA standards will increase the public's confidence in MPD by providing well equipped and better trained police officers. (CALEA 45.2.1 f&g)



# *MPD Personnel*

CALEA will help to:

- Bring MPD's policies and procedures into compliance thereby:

  - Improving and enhancing the flow of communication between all employees. (CALEA 12.2.2)

  - Facilitating the obtaining of directives by all employees. (CALEA 12.2.2)

  - Defining responsibility and establishing accountability for all personnel towards accomplishing the Department's mission. (CALEA 11.3.1)

  - Enhancing officer safety in detaining, handling, and processing prisoners. (CALEA 72.4.1 & 72.4.9)

12

13

# *BEST PRACTICES*

- ◈ SOURCES

- ◈ FINDINGS TO ACHIEVE ACCREDITATION

- ◈ FINDINGS TO SUSTAIN ACCREDITATION

- ◈ USE OF FINDINGS





## *Best Practices Sources*

- Our Accreditation Unit surveyed four outside organizations: Las Vegas Metropolitan Police Department, Washington Hospital Center Accreditation Section, National Rehabilitation Hospital, and Howard University to determine their best practices used to achieve and sustain accreditation.

14

# Best Practices Findings to Achieve Accreditation

❖ Support from Chief Executive Officer (CEO) and upper management

❖ Establish an active and committed steering committee comprising employees from various units to:

- Review standards

- Review policies and procedures

- Review staff compliance with relevant policies and procedures using audits and discussions in relevant areas

- Schedule mock survey 6 months prior to actual survey to identify vulnerable areas

- Prepare and educate employees on what to expect from the assessment

- Maintain open lines of communication regarding the aspects of the survey process, new policies and expectations

- Educating employees on new policies using both formal processes as well as quizzes and games

- Leadership education - 2½ day course for senior management at the Disney Institute in Orlando, Florida

15

# *Best Practices Results to Remain Accredited*

❖ Using the steering committee, routinely review the standards for any updates and changes to assure that all policies and procedures are current.

❖ Establish mechanisms for ongoing monitoring of compliance with the standards through employee interactions.

❖ Use existing internal communication mechanisms to provide monthly information about new Accreditation Standards.

❖ Building in assessment and compliance with standards as part of performance expectations for appropriate job categories.

16

# *Implementation of Best Practices Findings will help to achieve accreditation by:*

- Improving on the method of proofs of compliance and documentation gathering

- Improving staffing of directives

- Establishing budget requests for equipment and personnel

- Building capacity throughout the organization to enhance each employee's knowledge of the Department's policies and procedures and the Accreditation Program.

17

# MPD'S STRATEGIC PLAN FOR ACCREDITATION

# *GOAL # 1*

To be the largest metropolitan area police department to obtain accreditation by September, 2005.

# *OBJECTIVES*

By September 2005

- Complete the establishment of proofs of compliance and documentation in the remaining 200 CALEA standards (48.3%).

- Complete the update and revision of the remaining 51.4% of the Department's directives.

# *GOAL # 2*

To build the capacity of the MPD to achieve and maintain its accreditation status.

## *OBJECTIVES*

- ✦ To sustain a sense of ownership of accreditation among employees.

- ✦ To establish mechanisms for the Department to be prepared for the re-accreditation process every three years.

- ✦ To continually review and revise General Orders at a maximum of five years.

- ✦ To review and revise Special Orders at a maximum of every two years.

20

# Obstacles to Modeling the MPD after the Best Practices

# GOAL # 1

## Obstacle

- Currently, the Accreditation staff is unable to obtain proofs of compliance and documentation.

## Solutions

- Establish a team of coordinators.

- Assign standards to appropriate team coordinators.

- The Chief of Police will hold Commanders/Directors accountable for proofs of compliance with applicable CALEA standards directly related to their functional areas.

22

*Goal #1*

## Obstacles

- The current staffing process does not yield adequate information or participation.

- In directives section, approximately, 65% of the command staff send comments to directives on time, 25% respond late, and 10% do not respond.

- Of the 65%, approximately 25% are substantive comments.

## Solutions

- Form a work group with knowledgeable employees to ensure that substantive changes are incorporated before staffing the directives.

- E-mail directives with return receipt requested and hand deliver directives for staffing to ensure Executive Staff see the directives for comment.

23

# Goal # 1

## Obstacle

◆ Currently, Accreditation has 1 full-time civilian employee and two sworn employees, one of whom is limited duty. A survey conducted of accredited agencies the approximate size of MPD revealed that during the initial accreditation, five to seven full time staff were committed to the Accreditation Office.

◆ Currently, Directives has 2 full-time civilian employees and 5 sworn members. Four to five full time civilian staff were devoted to directives with at least two to three sworn personnel committed to this section.

## Solutions

◆ To bring standards into compliance, we need at least 3 more full-time civilian staff with knowledge and experience with the Accreditation Program.

◆ Continue to use Accreditation Consulting Services.

◆ To complete directives in a timely manner we need at least 2 more full-time civilian staff skilled in writing and editing.

◆ Hire an outside firm to assist with writing directives.

◆ Authorization of compensatory time for Directive Development and Accreditation (DD&A) staff to meet MPD Accreditation Strategic Management Plan objectives[24]

# Goal # 1

## Obstacles

❖ Lack of needed training for staff in Accreditation.

## Solutions

❖ Each accreditation staff member will review the CALEA standards.

❖ Budget for a minimum of 2 staff members to attend each of the three Accreditation conferences per year.

❖ Budget for the annual membership for the Chesapeake Region Law Enforcement Accreditation Alliance (CRLEAA) & CALEA conferences and allow staff to attend training.

25

# Goal # 1

## Obstacles

DD & A loses approximately 25.14% of our sworn manpower each year. (6 officers in DD&A)

- 25% redeployment
- .08% for special events
- .06% for mandatory training

## Solutions

- Sworn members are needed in Directives & Accreditation for their street and station expertise and knowledge.

- Excluding mandatory training, all sworn members in DD & A should be exclusively committed to the Accreditation Process.

26

# *Goal # 1*

## Obstacles

- Approximately 95% of the work in DD & A requires the use of a photocopying machine. Currently, DD& A shares a photocopy machine with 4 other units.

- One section in directives has no printer for three employees.

- The computers in DD&A are too slow for the mass number of directives and standards we are producing.

## Solutions

- Budget for a photocopy machine for DD & A.

- Budget for one printer in directives.

- Budget for new computers for all staff members.

- Budget for up-to-date needed software, such as Microsoft Project and Lotus Notes, to keep a timeline for directives and accreditation to insure that we keep track of our progress in the Accreditation process.

27

# Goal # 2

## Obstacles

◆ Currently, directives are written, reproduced, and distributed in paper form.

## Solutions

◆ The automation of directives will:

- Alleviate the current staffing problems

- Provide instant notification of staffing to the Commanders

- Ensure constant tracking of progress for the directives staff.

- Make directives available Department-wide via the Intranet.

28

# Goal #2

## Obstacle

- Storage space is needed for the various manuals, correspondence, documents and quantity of directives stored for internal and external requests.

## Solution

- Acquire additional file cabinets and storage space.

29

30



# Strategic Plan Implementation

# METHODS OF ASSESSMENT

- DD & A staff will conduct quarterly meetings with the Red Team to brainstorm and identify issues and resolve obstacles.

- The Accreditation section will track and analyze the number of standards brought into compliance each month.

- The Directives section will track and analyze the number of directives completed each month.

31

# EXHIBIT 3

32

# *Feedback Channel and Assessment Timeline*

- Data will be collected by the Accreditation Section on a monthly basis for report through channels to the Chief of Police.

## RED TEAM

| | |
|---|---|
| Margaret Poethig | Deputy Director - OOD |
| Dr. Dennis Bowman | Bowman Consulting Services |
| Dr. Vasant G. Telang | Howard Univ. - Accreditation |
| Chris Vinh | Wash. Hosp. Ctr. -Accreditation |
| Dr. Paul Rao | WHC – Rehab. Accreditation |
| Lt. Robert Tupa | Quality Assurance, MPD |
| Lt. Mike Bunner | Central Cellblock, MPD |



33

**METROPOLITAN POLICE DEPARTMENT**

**ACCREDITATION**
**PROJECT MANAGEMENT PLAN**
Projected deliverables for FY 2004

| | TASK / DELIVERABLE | RESPONSIBILITY | TARGET DATE | SPECIAL RESOURCES | NOTES / STATU |
|---|---|---|---|---|---|
| 1 | Appoint individual as MPD's permanent Accreditation Manager. | MAR/NMJ | 02-05-04 | Additional Funding (budget) | Accreditation requires ongoing management to ensure success. Accreditation manager must have access to COP to resolve issues and allow an unwavering commitment to the process. 11-15-02 – Decision made by NMJ for MAR to meet with COP monthly. Currently MPD does not have an Accreditation Manager (AM). Decision to appoint AM is pending. (Incomplete) |
| 2 | Establish focus groups for directives with minor changes to be made. | MAR/NMJ/COP | 03-30-04 | Temporary reassignment of personnel to task force | Focus group should represent major organizational divisions of MPD and have authority, where no major policy or procedural changes are involved, to finalize revised directives. Could rotate some "subject expert" personnel through. |
| 3 | Assign additional personnel to Directives office staff (2 persons). | MAR/NMJ/COP | 03-15-04 | Additional funding/re-assignment | Drafting, staffing, editing, and preparing for publication all directives directly and indirectly related to CALEA standards. 10-15-03 – The Directives Unit is currently understaffed. Positions have been vacated due to retirement and reassignment. Positions were not filled due to hiring freeze. (Incomplete) |
| 4 | Assign additional personnel to Accreditation office staff (4 persons). | MAR/NMJ/COP | 03-15-04 | Additional funding/re-assignment | Assist with administrative tasks and gathering proofs of compliance. 10-15-03 – Accreditation Office is currently understaffed. These positions |

1

| | TASK / DELIVERABLE | RESPONSIBILITY | TARGET DATE | SPECIAL RESOURCES | NOTES / STATUS |
|---|---|---|---|---|---|
| | | | | | were approved and fully funded in 2000. Positions were not filled due to hiring freeze. (Incomplete) |
| 5 | Ensure that the Central Cell Block has two-way communication for all employees in the CCB. | Accreditation staff | 03-30-04 | Two-way communication devices need to be purchased for employees in CCB. | CALEA requires that Central Cellblock have a communication system to protect its employees. This will be done by way of two-way radios to be provided to each employee in CCB. |
| 6 | Appoint CALEA team coordinators for each unit. | Accreditation staff | 03-30-04 | | By March 30, 2004, ensure that each unit/team has a team coordinator appointed. |
| 7 | Distribute Standards and collect proofs | Accreditation staff | 04-30-04 | | By April, 2004, ensure that CALEA standards directly related to each functional area are disseminated to the appropriate unit/team coordinator. |
| 8 | Conduct final review of Property storage/ Evidence Control Unit (ECU). | Accreditation staff | 09-30-04 | | Document and develop action plan if warranted. |
| 9 | Review proofs and update files | Accreditation staff | 09-30-04 | | Completion of 10 standards per month. This will bring the Department to 70% CALEA compliant. |
| 10 | Conduct focus groups to rewrite directives with minor changes. | Directives staff | 09-30-04 | Temporary reassignment of staff | This group will rewrite all directives that have minor changes and without staffing, send through channels to the COP for signature. |
| 11 | Rewrite directives that need staffing | Directives staff | 09-30-04 | | By September, 2004, we will have an additional 100 directives rewritten, which will leave 68 (19.6 %) of the directives to be rewritten in FY 2005. This will be accomplished with approximately 10 directives published per month. |

2

Conduct Transformation Session with key personnel (accreditation team members).

■ Develop vision

■ Ensure commitment

■ Facilitate a collaborative process throughout the agency.

Conduct Collaborative Accreditation Process sessions (CAP).

■ Brainstorm to gain input from all levels.

■ Gather existing information related to CALEA standards (i.e. directives, SOP's, teletypes, forms)

■ Develop marketing strategy for the Accreditation Program.

34

# DIRECTIVES PLAN
## Project Management Plan FY-2004

**Statement of Work**

Chief of Police's Priorities
CALEA Standards
Dept. of Justice – Memorandum of Agreement
Directive Development & Accreditation Work Requirements

**Color Key**

**RED**          Phase 1 – ends January 31, 2004

ORANGE           Phase II – ends March 31, 2004

                 Phase III – ends June 30, 2004

**GREEN**        Phase IV – ends September 30, 2004

GRAY             Published/Rescinded – Prior Year

December 2003

**Directives Tracking Report**

| Old Number | New Number | Title | | | CALEA | Under Revision | Shabal | King | | 5/1/2002 | 6/7/2002 | | | | 4/11/2002 | | | | 11/11/2002 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | GO-OMA-101.02 | Establishment of the Police Auxiliary Service | 12/21/1995 | | | | | | | | | | | | | | | | |
| 101.3 | GO-OMA-101.03 | Organization, Authority and Roles of the MPD Reserve Corps | 3/0/1995 | | CALEA 7 | Under Revision | Rodgers | Gallucci | | | | | | | | | | | |
| 101.11 | GO-OMA-101.11 | Organizational Staff Meetings and Departmental Staff Conferences | 2/0/1984 | | | Recommendation to Rescind | Gallucci | Gallucci | 5/1/2002 | | | | | | | | | | |

# Directives Tracking Report

| | | | | CALEA | Status | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 205.3 | GO-OMA-205.03 | Records Retention and Disposition | 7/9/1978 | CALEA | Under Revision | Rodgers | Kennedy | | 4/12/2002 |
| ** | GO-OMA-403.01 | Solicitation and Acceptance of Donations | | | Under Revision | Shahid | King | | |
| 402.1 | GO-OMA-402.01 | District Crime Maps | 3/22/1993 | | Recommendation to Rescind | Gallucci | Gallucci | 5/1/2002 | |
| 201.25 | GO-OPS-201.25 | Motorcycle Officers | 6/20/1980 | CALEA (4) | Under Revision | Shahid | Shahid | 5/1/2002 | |
| 204.2 | GO-OPS-204.02 | Police Sponsored Community Programs and Services | 9/17/1991 | C(2) | Under Revision | Shahid | Shahid | 5/1/2002 | |




**Directives Tracking Report**





# Directives Tracking Report

| | GO-OPS- | Title | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 301.03 | GO-OPS-301.03 | Vehicular Pursuits | | | | | | | | | | |
| | GO-OPS-301.05 | Off-Duty Use of Government-Owned or Leased Motor Vehicles | 5/18/1994 | | | | | | | | | |
| 301.6 | GO-OPS-301.06 | Headquarters Administrative Motor Pool | | Under Revision | Shahid | Shahid | 5/1/2002 | | 8/15/2002 | 7/23/2002 | 9/5/2002 | 9/26/2002 |
| 301.7 | GO-OPS-301.07 | Vehicular Allowance | 8/13/1994 | CALEA (5) | Under Revision | Shahid | Shahid | 5/1/2002 | | | | |
| | | | 10/27/1980 | | Under Revision | Shahid | Shahid | 5/1/2002 | | | | |
| 301.10 | GO-OPS-301.10 | Motorscooters | 10/27/1980 | CALEA (6) | Under Revision | Shahid | Shahid | 5/1/2002 | | | | |
| 303.4 | GO-OPS-303.04 | Inspection and Registration of Bicycles | 11/25/1974 | | Under Revision | Shahid | Williams | 5/1/2002 | | | | |
| | GO-OPS-304.01 | Operation and Management of Criminal Investigations | 10/11/1987 | CALEA (7) | Under Revision | Shahid | Shahid | 5/1/2002 | | | | |



**Directives Tracking Report**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 304.6 | GO-OPS 304.06 | Confidential Fund | | | | | | | |
| | GO-OPS 304.06 | Investigation of Sex Crimes | 11/14/1973 | | CALEA | Under Revision | Shahd | Shahd | 5/1/2002 |
| 304.10 | GO-OPS 304.10 | Police-Citizen Contacts, Stops and Frisks | 7/1/1973 | | CALEA (3) DOJ | Under Revision | Rodgers | Anderson | |

12/9/2003



**Directives Tracking Report**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 307.1 | GO-OPS-307.01 | Vice Complaints, Investigations and Arrests | 4/5/1974 | CALEA (1) | Under Revision | Shahid | Shahid | 5/1/2002 |

12/9/2003



# Directives Tracking Report

| Number | Title | Date | | Status | | | | | Date |
|---|---|---|---|---|---|---|---|---|---|
| 308.13 | GO-OPS-306.02 | Prescription and custom that may be worn about it | | | | | | | |
| | GO-OPS-306.12 | Prescription Medications Medicines and Foreign Nationals | | | | | | | |
| 308.13 | GO-OPS-308.13 | Casual Clothes Units | 7/24/1979 | | CALEA (7) | Under Revision | Shahid | Shahid | 5/1/2002 |
| 305.5 | GO-OPS-305.05 | Kevlar Units | | | | | | | |
| | GO-OPS-310.05 | Requests from Other Agencies or Jurisdictions for Use of Helicopters | N/A | | | Under Revision | Shahid | Shahid | 5/1/2002 |
| 401.7 | GO-OPS-401.07 | Animal Complaints and Reporting Animal Bitings | 12/21/1989 | | CALEA (3) | Under Revision | Shahid | Shahid | 5/1/2002 |

## Directives Tracking Report



| 401.8 | GO-OPS-401.08 | Notification of Next of Kin in Cases of Serious Injuries or Fatalities | 10/17/1994 | | CALEA (1) | Under Revision | Shahid | King | 5/1/2002 |
|---|---|---|---|---|---|---|---|---|---|

| 304.7 | GO-PCA-304.07 | Procedures for Obtaining Pretrial Eyewitness Identification | 12/1/1971 | | | Under Revision | Shahid | Shahid | 5/1/2002 |

12/9/2003

# Directives Tracking Report

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 501.5 | GO-PCA-501.05 | Arrests of Armed Forces Personnel | 12/1/1971 | CALEA (4) | Under Revision | Shahid | Shahid | 5/1/2002 |
| 501.6 | GO-PCA-501.06 | Fugitive from Justice | | | | | | |
| 501.7 | GO-PCA-501.07 | Arrest Procedures by Members of Departments other than MPD | 12/1/1971 | CALEA (6) | Under Revision | Shahid | Shahid | 5/1/2002 |
| 501.8 | GO-PCA-501.08 | Arrest of Escapees from the DC Department of Corrections | 7/3/1972 | CALEA (3) | Under Revision | Shahid | King | 5/1/2002 |
| 502.1 | GO-PCA-502.01 | Transportation of Prisoners | 11/3/2001 | | Published | | | |
| 502.2 | GO-PCA-502.02 | Handling Cases Involving Person Suspected of DWI or DUI | 9/25/1982 | CALEA (5) | Under Revision | Shahid | King | 5/1/2002 |
| 502.x | GO-PCA-502.03 | Use of the Intoxilyzer Instrument | | | | | | |
| 502.8 | GO-PCA-502.08 | Transportation of Prisoners Aboard Aircraft | 3/2/1979 | CALEA (1) | Under Revision | Shahid | Shahid | 5/1/2002 |
| 503.1 | GO-PCA-503.01 | Collateral Schedules Established for Traffic Violations | 12/1/1971 | C (2) | Under Revision | Shahid | Shahid | 5/1/2002 |
| 503.2 | GO-PCA-503.02 | Bond and Collateral Schedules | 12/1/1971 | | Under Revision | Shahid | Shahid | 5/1/2002 |

# Directives Tracking Report

| No. | Directive | Title | Date | | | | | | Date |
|---|---|---|---|---|---|---|---|---|---|
| 503.3 | GO-PCA-503.03 | List of Bonds and Collateral Applicable for the DC Superior Court | 12/1/1971 | | | | | | |
| 503.4 | GO-PCA-503.04 | Procedures and Responsibilities for the Acceptance of Collateral and Cash Bond | 3/7/1986 | CALEA (2) | Under Revision | Shahid | Shahid | Williams | 5/1/2002 |
| | | | | | | Shahid | Shahid | | 5/1/2002 |
| 701.4 | GO-PCA-701.04 | Service of Civil Summonses and Subpoenas Upon Members of the Department | 3/26/1975 | CALEA (1) | Under Revision | Shahid | Shahid | | 5/1/2002 |
| 701.6 | GO-PCA-701.06 | Court Appearance Notifications | 7/25/1991 | CALEA (3) | Under Revision | Shahid | Shahid | King | 5/1/2002 |
| 1003.1 | GO-PER-100.31 | Public Safety Officers' Benefits Act | 3/22/1994 | CALEA | Under Revision | Rodgers | Kennedy | | 5/1/2002 |
| 110.11 | GO-PER-110.11 | Personal Appearance, Uniform and Equipment | | | | | | | |

## Directives Tracking Report

| | Number | Title | Date | CALEA | Status | | | Date |
|---|---|---|---|---|---|---|---|---|
| 1202.1 | GO-PER-120.21 | Disciplinary Procedures and Processes | 11/10/1983 | CALEA DOJ | Under Revision | Rodgers | Anderson | |
| 1202.3 | GO-PER-120.23 | Investigative Responsibilities Where Sworn Members of the Dept. are Arrested | 12/1/1992 | CALEA DOJ | Under Revision | Rodgers | Anderson | |
| 1202.4 | GO-PER-120.24 | Revocation of Police Powers | 10/27/1980 | CALEA DOJ | Under Revision | Rodgers | Anderson | |
| | GO-PER-120.26 | Chain of Command Misconduct Investigation | | | Under Revision | Rodgers | Anderson | |
| 201.1 | GO-PER-201.01 | Non-Uniformed Assignments | 2/24/1992 | CALEA (1) | Under Revision | Rodgers | Kennedy | 5/1/2002 |
| 201.2 | GO-PER-201.02 | Rewards Programs | 8/12/1994 | CALEA | Under Revision | Rodgers | Kennedy | 5/1/2002 |
| 201.4 | GO-PER-201.04 | Special Assignment Positions | 11/21/1980 | | Under Revision | Rodgers | Kennedy | 5/1/2002 |
| 201.05 | GO-PER-201.05 | Awards Policy | | | | | | |
| 201.06 | GO-PER-201.06 | Service and Longevity Step Increases | | | | | | |
| 201.8 | GO-PER-201.08 | Employee Training Program | 8/9/1985 | CALEA (4) | Under Revision | Rodgers | Kennedy | 5/1/2002 |
| 201.10 | GO-PER-201.10 | Crime Reduction Award Program | | CALEA | Under Revision | Rodgers | Kennedy | 5/14/2002 |
| 201.11 | GO-PER-201.11 | Transfers and Changes in Assignments | 11/23/1993 | CALEA (1) | Under Revision | Rodgers | Kennedy | 5/1/2002 |
| 201.12 | GO-PER-201.12 | Legal Counsel for Employees | | | | | | |

**Directives Tracking Report**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 201.16 | GO-PER-201.16 | Confidential Statement of Employment and Financial Interests | 4/1/1987 | | CALEA (6) | Under Revision | Rodgers | Kennedy | 5/1/2002 |
| 201.18 | GO-PER-201.18 | Detail Assignment | 11/23/1993 | | CALEA (1) | Under Revision | Rodgers | Kennedy | 5/1/2002 |

12/9/2003

# Directives Tracking Report

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 201.19 | GO-PER 201.19 | Handling Employee Personnel Records | | | | | | |
| 201.20 | GO-PER 201.20 | Performance Rating Plan for Sworn Members | 10/10/1997 | CALEA (14) | Under Revision | Rodgers | Kennedy | 5/1/2002 | ######## | 2/10/2003 |
| 201.24 | GO-PER 201.24 | Investigators | 10/18/1972 | CALEA (1) | Under Revision | Rodgers | Kennedy | 5/1/2002 | | |
| | GO-PER 201.30 | Scheduling and Conducting of In-Service Training | | | | | | |

# Directives Tracking Report

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| GO-PER 201.31 | Policies for Preventing Use of High Visibility Tools / Tactics | | | | | | |
| GO-PER 201.32 | Policies for Preventing High Visibility Deployment of Special Personnel | | | | | | |
| GO-PER 201.33 | Customs Service Strategies and Training | | | | | | |
| 202.1 | GO-PER 202.01 | Designation and Notification of Essential Civilian Employees | 12/1/1971 | C (1) | Under Revision | Rodgers | Kennedy | 5/1/2002 |
| 202.2 | GO-PER 202.02 | School Crossing Guards | | | | | | |
| 204.3 | GO-PER 204.03 | HEROES, Incorporated | 1/31/1994 | CALEA (3) | Under Revision | Rodgers | Kennedy | 5/1/2002 |
| 206.1 | GO-PER 206.01 | Time and Attendance | 11/5/1978 | CALEA | Under Revision | Rodgers | Kennedy | 5/1/2002 |

12/9/2003




# Directives Tracking Report

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 208.1 | GO-PER-208.01 | Management Intern Training Program | 4/9/1973 | | Under Revision | Rodgers | Kennedy | 5/1/2002 |
| 404.5 | GO-PER-404.05 | Official Travel Reports | 12/1/1971 | CALEA | Under Revision | Rodgers | Kennedy | 5/1/2002 |
| 404.06 | GO-PER-404.06 | Roll Call In-Service Training | | | | | | |
| 306.1 | GO-RAR-306.01 | Canine Teams | 10/7/2002 | CALEA (4) DOD | Published | Rodgers | Anderson | |
| 310.1 | GO-RAR-310.01 | US Capitol Police | | | Under Revision | Rodgers | | |
| 310.3 | GO-RAR-310.03 | USSS Uniformed Division | 12/1/1971 | CALEA (1) | Under Revision | Shahid | King | 5/1/2002 |
| 310.4 | GO-RAR-310.04 | Mutual Aid Agreements | | | | | | |
| 501.4 | GO-RAR-501.04 | Conducting Police Business in Government Buildings | 12/1/1971 | CALEA (4) | Under Revision | Shahid | King | 5/1/2002 |

# Directives Tracking Report

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 901.1 | GO-RAR-901.1 | Handling an Service Weapon | | | | | | | | | |
| 901.2 | GO-RAR-901.02 | Wearing of Personal, Non-Issued Pistols and Holsters | 7/7/1996 | | CALEA DOJ | Under Revision | Rodgers | Anderson | | | |
| | GO-RAR-901.04 | | | | | | | | | | |
| | GO-RAR-901.07 | | | | | | | | | | |
| ...... | GO-RAR-901.08 | Force Related Duty Status Procedures | | | CALEA DOJ | Under Revision | Rodgers | Anderson | | | |
| | GO-RAR-901.09 | Use of Force Investigation | | | | | | | | | |
| | GO-RAR-901.10 | | | | | | | | | | |
| | GO-SPT-902.01 | | | | | | | | | | |
| 902.1 | GO-SPT-902.01 | Calls for Police Services | 4/28/1981 | | CALEA (S) | Under Revision | Callucci | 5/1/2002 | | | |
| 902.2 | GO-SPT-902.02 | Radio Broadcasts and Lookouts | 9/1/1974 | | CALEA (8) | Under Revision | Rodgers | Callucci | Kennedy | 4/11/2002 | 4/15/2002 |
| 902.3 | GO-SPT-902.03 | Department Telephones | 9/18/1978 | | | Under Revision | Callucci | 5/1/2002 | 4/11/2002 | 4/15/2002 | 4/19/2002 |

12/9/2003

**Directives Tracking Report**

| 302.5 | (4)-SPE 302.05 | Radio Communications | 10/27/1980 | CALEA (5) | Under Revision | Gallucci | Gallucci | 5/1/2002 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

## Directives Tracking Report

| | | | | | | CALEA (3) | Under Revision | Anderson | Anderson | 5/1/2002 |
|---|---|---|---|---|---|---|---|---|---|---|
| 303.3 | GO-SPT-303.03 | Tow Crane Operation and Enforcement | | 12/28/1979 | | | | | | |
| 303.6 | GO-SPT-303.06 | Erection of Temporary No Parking Signs, Privileges, and Escort Service | | | | | Recommendation to Rescind | Gallucci | Gallucci | 5/1/2002 |
| 303.7 | GO-SPT-303.07 | Polite Arrangements for Election Day Voting Process | | 3/21/1974 | | CALEA (1) | | | | |
| 303.8 | GO-SPT-303.08 | Reciprocity Concerning Non-Commercial Motor Vehicle Registration and II) | | 2/7/1983 | | CALEA (1) | Under Revision | Gallucci | Grant | 5/1/2002 |
| 304.2 | GO-SPT-304.02 | Processing Questioned Documents | | 12/1/1971 | | | Under Revision | Gallucci | Gallucci | 5/1/2002 |
| 304.4 | GO-SPT-304.04 | Interception or Recording of Wire or Oral Communication | | | | | | | | |



# Directives Tracking Report

| GOASPL-304.13 | Production/Video Recording the Critical Investigation | | | | | | |
| GOASPL-304.1a | Authorized Recording Vehicle Equipment | | | | | | |
| GOASPL-401.03 | Crash Review Board | | | | | | |
| GOASPL-401.05 | Traffic Crash Report | | | | | | |
| 401.4 | GOASPL-401.04 | Reporting Violations of the ABC Regulation and the General License Law | 12/1/1971 | CALEA (1) | Under Revision | Gallucci | Grant | 5/1/2002 |
| 401.10 | GOASPL-401.10 | Firearms Reporting Procedures to posting System | | | | | | |



**Directives Tracking Report**

20 of 93

| 602.1 | GO-SPT 602.01 | Automobile Searches and Inventories | 5/26/1972 | C.M.E.A (1) | Under Revision | Gallucci | Gallucci | 5/1/2002 |

12/9/2003



**Directives Tracking Report**

# Directives Tracking Report

22 of 93

| No. | Title | | | | | | | | Date | |
|---|---|---|---|---|---|---|---|---|---|---|
| SO 02-03 | Procedures for Department Vehicle Registration and Inspection | | | | | | | | | |
| SO 02-04 | Allegations of Police Misconduct Referred to the USAO | | | | | Under Revision | | King | 5/23/2002 | |
| SO 02-05 | | | | | | Under Revision | | King | | |
| SO 02-06 | | | | | | | | Shahid | | |
| SO 02-13 | Early Warning Tracking System (PAMS) | | | | | | | | | |
| SO 02-14 | | | | CALEA DOJ | | Under Revision | Rodgers | Anderson | 4/30/1992 | |
| SO 02-15 | Performance Assessment Management System (PAMS) | | | | | Under Revision | Rodgers | | | |

12/9/2003

**Directives Tracking Report**

| | | | | Kennedy | Kennedy | Anderson | 1/8/2003 | ASAP | 1/9/2003 | 1/9/2003 |
|---|---|---|---|---|---|---|---|---|---|---|
| SO-02-26 | Investigation Case Backlog and Clearance Cross Reference | | | | | | | | | |
| SO-02-28 | CSA Financial Needs Verification System | | | | | | | | | |
| SO-03-01 | Extension of the list of Eligibles for Promotion to the Rank of Capt, Lt. & Sgt. (Carrying Service Weapons While Off Duty in DC) | | Under Revision | Rodgers | | | | | | |
| SO-03-03 | | | Under Revision | | | | | | | |
| SO-04-02 | | | | | | | | | | |
| SO-04-03 | | | | | | | | | | |
| SO-04-04 | | | | | | | | | | |
| SO-04-06 | | | | | | | | | | |

**Directives Tracking Report**



**Directives Tracking Report**

| | | | | | Shahid | Grant |
|---|---|---|---|---|---|---|
| | | | | Under Revision | Shahid | Williams |
| SO 03-22 | Station Business and Customer Service Standards | | | Under Revision | | |
| SO 03-** | Police on Patrol | | | | | |

**Directives Tracking Report**

**Directives Tracking Report**

| Type | Title | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| SOP | Prohibited Source Guidelines | | | | | | | | |
| SOP | Headquarters Administrative Motor Pool | | | | | | 8/15/2002 | 7/23/2002 | |
| ****** | Prostitution Enforcement Unit Guidelines | Under Revision | Shahid | Shahid | 5/1/2002 | | | | |
| SOP | Investigative Case Tracking and UCR Classification | Under Revision | Shahid | Shahid | ######## | | | | |
| SOP | Purchase card program Report | | | | | | | | |
| SOP | Solicitation receipt of gifts | Published | Shahid | | | | | | |

12/9/2003

**Directives Tracking Report**

| SOP | PD Form 61-D | | | | Under Revision | Kennedy | Kennedy 7/29/2003 | 8/5/2003 |
|---|---|---|---|---|---|---|---|---|



| ID | ⓘ | FY 2004 deliverables | Duration | Start | Finish |
|----|---|---------------------|----------|-------|--------|
| 1 | 🎬 | **NEEDS ANALYSIS PHASE** | 1 day | Thu 9/30/04 | Thu 9/30/04 |
| 2 | 🎬 | Gain support from Command St | 204 days | Mon 12/22/03 | Thu 9/30/04 |
| 3 | 🎬 | Hire Accreditation Manager | 57 days | Wed 11/19/03 | Thu 2/5/04 |
| 4 | 🎬 | Hire more staff for Accreditation | 84 days | Wed 11/19/03 | Mon 3/15/04 |
| 5 | 🎬 | Hire more staff for directives | 66 days | Wed 11/19/03 | Mon 3/15/04 |
| 6 | 🎬 | Acquire needed equipment | 73 days | Wed 11/19/03 | Fri 2/27/04 |
| 7 | 🎬 | Two-way radios for CCB | 86 days | Fri 11/21/03 | Fri 3/19/04 |
| 8 | | | | | |
| 9 | 🎬 | **RESEARCH PHASE** | 227 days | Wed 11/19/03 | Thu 9/30/04 |
| 10 | 🎬 | Assign CALEA coordinators | 62 days | Mon 1/5/04 | Tue 3/30/04 |
| 11 | 🎬 | Distribute standards & collect pr | 85 days | Mon 1/5/04 | Fri 4/30/04 |
| 12 | 🎬 | Establish focus groups for direc | 62 days | Mon 1/5/04 | Tue 3/30/04 |
| 13 | | | | | |
| 14 | 🎬 | **PLANNING PHASE** | 227 days | Wed 11/19/03 | Thu 9/30/04 |
| 15 | 🎬 | Conduct focus groups to rewrite | 114 days | Mon 4/26/04 | Thu 9/30/04 |
| 16 | 🎬 | Revise Directives | 227 days | Fri 10/1/04 | Mon 8/15/05 |
| 17 | 🎬 | Review proofs and update files | 155 days | Fri 2/27/04 | Thu 9/30/04 |

Project: accreditation2
Date: Tue 12/9/03

| | | | |
|---|---|---|---|
| Task | ▦ | Summary | ▦ |
| Split | ·········· | Rolled Up Task | ▦ |
| Progress | ▬▬▬ | Rolled Up Split | ▬▬▬ |
| Milestone | ◆ | Rolled Up Milestone | ◇ |

| | |
|---|---|
| Rolled Up Progress | ▬▬ |
| External Tasks | ▦ |
| Project Summary | ▬▬ |

Page 1

# EXHIBIT 4

# Metropolitan Police Department
## Office of Organizational Development

# Interoffice Memorandum

**To:**      Nola M. Joyce, SED
             Chief Administrative Officer

**Thru:**    Sampson O. Annan
             Deputy Chief Administrative Officer

**From:**    Mary Ann Rodgers
             Director
             Directive Development, Accreditation, & Risk Management Unit

**Date:**    October 7, 2004

**Subject:** Accreditation Shortfall of 70%

It was our goal to be in compliance with 70% of the 416 CALEA standards by September 30, 2004.  The following reasons are why we have fallen behind on the performance measure for accreditation:

There are four new members on the accreditation team including the accreditation manager.  These new members are being trained and it takes an average of 6 months to 9 months for one to become knowledgeable about the accreditation process and fully productive on accreditation files compliance.  There is only one member of the team who is sufficiently knowledgeable about the process who has been providing the training to the members and trying to keep up with other duties.  A good deal of time has been spent off tasks that would bring files into compliance, e.g., going to outside police departments and duplicating tasks already in place, as a result of new members who don't understand the process and that CALEA determines what the files look like.

The contract for accreditation consultation services ended March 31, 2004.  Prior to the end of the contractual services, there was a consultant who was present five days a week.  Once the contract ended, we had to wait to obtain another contract.  There was supposed to be a quick bidding process to reestablish consulting services.  The contract was not awarded until September 2004.  So, for five (5) months we have been without accreditation consultants, who were assisting the one knowledgeable person with the files.  This is a major setback,

FILED

NOV 23 2007   07 2134

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ATTACHMENT #8

because their services were included when the projection was made for the Department to be in compliance with 70% of the 416 applicable CALEA standards.

The update and revision of MPD's General Orders still takes time and has greatly affected our ability to bring more standards into compliance.  There are a total of fourteen orders that have been completed and are either awaiting signature or have been put on hold pending approval of the Department of Justice, negotiations with the Fraternal Order of Police and for various other reasons are in a holding status.  These orders represent ninety-three (93) CALEA standards. We needed only thirty-six (36) of the ninety-three to have met our goal.  The lack of timely responses (usually a two week response time) and the re-issuing of the orders for response during the staffing process are long and frustrating.  There are six full time members who write directives, five of whom are sworn.  The competing and demanding priorities on the sworn members time is extremely detrimental to the ongoing needs of the unit to process all of the work that has to get done in the time frame we are working within.  In addition, we spent several months interviewing firms to assist in writing and editing directives with the objective of getting more orders done.  It took months before we heard whether we were going to hire one of these firms. Ultimately, no firm was hired.

The unit is now under new management and new ideas.  The following steps are proposed to assist in moving the process along.

The services and advice of the accreditation consultant should be relied upon to help advance the Department's compliance.

The staff should spend more time on learning the files and bringing them into compliance and less time on matters that keep them off course.

Assistance will be needed to move completed orders that are stuck in the pipeline and refine the process of getting orders completed.

# EXHIBIT 5

EXHIBIT # 5

---

🔴 The sender of this message has requested a read receipt. <u>Click here to send a receipt.</u>

**Omekam, Chris (MPD)**

---

| | | | |
|---|---|---|---|
| **From:** | Rodgers, Mary Ann (MPD) | **Sent:** | Thu 7/15/2004 4:07 PM |
| **To:** | O'Meara, Kelly (MPD) | | |
| **Cc:** | Omekam, Chris (MPD); Jones, Ethel M. (MPD) | | |
| **Subject:** | Performance Measure | | |
| **Attachments:** | | | |

Hi Kelly,

The reasons that we have fallen behind on the performance measure for Accreditation are:

1. We have 3 new members on the team who are _____ learning the ropes. There are only four people (Chris included) and <u>Chris is training them and trying to keep up with his other duties.</u>

2. <u>This puts a lot of weight on Chris, who also is the T & A person for our units.</u>

3. We have been without the services of a contractor, who was helping us with file compliance.

4. We have been working to get an SOW done, for a contractor, that has taken up far more time than anyone anticipated.

5. <u>The new Accreditation Manager is also learning the process and trying to get a handle on the work.</u> As you know, Inspector Jones is also the Risk Manager and she is without help there and trying to cover both assignments.

6. We have also been trying to work in our Strategic Plan and get ready for a command retreat.

<u>It is hoped that Chris will be able to spend more time on the files, with the undistracted assistance of the other members of the unit.</u> A couple of the other members are coming along well in the unit, but there are other pulls on their time as well. The unit plans a concentrated focus on the files within the coming weeks.

We are hoping the SOW will go out shortly, we can select someone quickly and get it through the procurement process as expeditiously as we can. We have had a number of orders completed, but some have been stuck in the pipeline, between EAC and COP, and just the process of getting an order done.

If you more, please let me know.

Mary Ann

07 2134

**FILED**

NOV 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

A — # 8

EXHIBIT 6

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
### Report of Performance Rating
#### (Prepare in Triplicate – Instructions on Reverse side)

| Name of Employee OMEKAM CHRIS | Title and Grade MGT ANALYST 13-DS | Rating Period 4/1/03 – 9/30/04 |
|---|---|---|

Department/Bureau/Division/Branch, etc.  OOD/ACCREDITION

Employee Status  PERMANANT

| Type of Report Scheduled ( ) Unscheduled (✓) | Rater Supervised Employee From 4/1/03  To 9/30/04 | Check one: Administrative ( ) Supervisory ( )  Planning ( )  All Others (✓) |
|---|---|---|

### FACTORS FOR RATING

1. **QUANTITY** ☑
   - + Amount of Work
   - + Completion of Work on Schedule
2. **QUALITY** ☑
   - + Accuracy
   - + Neatness of Work Product
   - + Thoroughness
   - + Judgment
   - ✓ Oral Expression
   - ✓ Written Expression
3. **WORK HABITS** ☑
   - + Observance of Working Hours
   - + Attendance
   - + Observance of Rules Including Safety
   - ✓ Economy of Time and Materials
   - ✓ Compliance With Work Instructions
   - + Orderliness in Work
   - + Job Interest
   - + Initiative
   - + Resourcefulness
4. **PERSONAL RELATIONS** ☑
   - + Cooperation with Co-workers
   - + Dealing with the Public
   - + Personal Habits

5. **ADAPTABILITY** ☑
   - + Performance in New Situations
   - + Performance in Emergencies
6. **SUPERVISION AND PLANNING** ☐
   *Effectiveness In:*
   - ___ Planning Broad Programs
   - ___ Adapting Work Program to Broader or Related Programs
   - ___ Devising Procedures
   - ___ Laying Out Work and Establishing Standard of Performance for Subordinates
   - ___ Directing, Reviewing and Checking Work of Subordinates
   - ___ Instructing, Training and Developing Subordinates in work
   - ___ Promoting High Morale
   - ___ Delegating Clearly Defined Authority to Act
   - ___ Decision-Making Process
   - ___ Determination and Utilization of Manpower and Materials
   - ___ Efforts to ensure EEO in all appropriate aspects of Recruitment, Hiring, Training, Promoting, Recognition, etc.
7. **OTHER** *(specify)* ☐
   - ___
   - ___
   - ___

07 2134

FILED
NOV 2 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### TEMPORARY ASSIGNMENTS OUT OF JOB CLASSIFICATION

| Inclusive Dates | Assignment/Duties Assumed | Rating |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

### COMMENTS

Describe employee's strengths and deficiencies and include other comments. Comments MUST be made for Excellent or Satisfactory Ratings.

Mr. Omekam almost single handedly managed the contract negotiations with Procurement for the Accreditation contractor. He has carried this program and handled a good deal of the Accred. Mgt's responsibilities for a number of years. He is a highly motivated & dedicated employee.

### PERFORMANCE RATING ASSIGNED

(✓) Outstanding   NOTE         ( ) Excellent         ( ) Satisfactory         ( ) Unsatisfactory

This rating is based on my personal knowledge and observation of the employee's performance.

Rater: _____ Date 12/1/04        This rating has been discussed with me.
          Signature                          Employee: _____ Date 12-1-04
                                                        Signature

| Reviewer: _____ Date ___ | Approving Authority _____ Date ___ |
|---|---|
| Signature | (O & U ratings)  Signature |

P.O. Form 12

J-90500



# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## Performance Evaluation System
## Report of Performance Rating



D.C. Office of Personnel

| EMPLOYEE'S NAME: Last **OMEKAM** | | First **Chris** | Middle Initial |
|---|---|---|---|
| 2. TITLE  Management Analyst | 3. GRADE / STEP  DS 13 / | 4. RATING PERIOD  **April 1, 2005 - March 31, 2006** | |
| 5. AGENCY NAME (SORTED BY AGENCY CODE)  Metropolitan Police Department (FA) | | 6. DATE COMPLETED  May  9, 2006 | |
| 7. TYPE OF REPORT  Scheduled/Official Rating | 8. DATES SUPERVISED  From: October  1, 2005 To: March 31, 2006 | 9. TYPE OF POSITION  Full-Time | |

## INFORMATION

1. Underline the sub-factors that are pertinent to the position.
2. Rate the sub-factors that are pertinent to the position according to the following:
   a. A plus sign (+) indicates that the employee is strong in a sub-factor.
   b. A check sign (√) indicates that the employee's performance is acceptable in a sub-factor.
   c. A minus sign (-) indicates that the employee needs improvement in a sub-factor.
3. Determine the ratings for each major factor, as well as their overall performance rating.
4. On the attached page, provide written justification explaining the employee's performance.

## FACTORS FOR RATING

| 1. | **QUANTITY: Unsatisfactory** | 5. | **ADAPTABILITY: Satisfactory** |
|---|---|---|---|
| - | Amount of Work | - | Performance in New Situations |
| - | Completion of Work on Schedule | √ | Performance in Emergencies |
| **2.** | **QUALITY: Unsatisfactory** | **6.** | **SUPERVISION AND PLANNING: _____** |
| - | Accuracy | | *Effectiveness In:* |
| √ | Neatness of Work Product | __ | Planning Broad Programs |
| - | Thoroughness | __ | Adapting Work Program to Broader or Related Programs |
| - | Judgment | __ | Devising Procedures |
| - | Oral Expression | __ | Laying Out Work Establishing Standard of Performance for Subordinates |
| - | Written Expression | __ | Directing Reviewing and Checking Work of Subordinates |
| **3.** | **WORK HABITS: Satisfactory** | __ | Instructing Training and Developing Subordinates in work |
| √ | Observance of Work Hours | __ | Promoting High Morale |
| + | Attendance | __ | Delegating Clearly Defined Authority to Act |
| √ | Observance of Rules Including Safety | __ | Decision-Making Process |
| √ | Economy of Times and Materials | __ | Determination and Utilization of Manpower and Materials |
| - | Compliance With Work Instructions | __ | Efforts to ensure EEO in all appropriate aspects of Recruitment, Hiring, Training, Promoting, Recognition, etc. |
| √ | Orderliness of Work | **7.** | **PERFORMANCE STANDARDS/OTHER** *(Specify):* _____ |
| √ | Job Interest | __ | |
| - | Initiative | __ | |
| - | Resourcefulness | __ | |
| **4.** | **PERSONAL RELATIONS: Satisfactory** | __ | |
| - | Cooperation with Co-workers *(Internal Customer Service)* | __ | |
| √ | Dealing with the Public *(External Customer Service)* | __ | |
| √ | Personal Habits | | |

## TEMPORARY ASSIGNMENTS OUT OF JOB CLASSIFICATION

| INCLUSIVE DATES | ASSIGNMENT/DUTIES ASSUMED | RATING |
|---|---|---|
| - | | |
| - | | |

## OVERALL PERFORMANCE RATING ASSIGNED

☐ Outstanding      ☐ Excellent      ☒ **Satisfactory**      ☐ Unsatisfactory

*Ethel Jones*                      5-10-06

Supervisor's / Rater's Name & Signature                      Date
*This rating is based on my personal knowledge and observation of the employee's performance. (REQUIRED FOR ALL RATINGS)

Employee's Name & Signature                      Date
* This rating has been discussed with me. (REQUIRED FOR ALL OFFICIAL RATINGS)

viewer's Name & Signature                      Date
nis rating has been reviewed and receives my approval. (REQUIRED FOR ALL OFFICIAL  ATINGS)

Agency Director's Name & Signature                      Date
* This rating has received a second-level review and receives my approval. (REQUIRED FOR ALL OUTSTANDING AND UNSATISFACTORY RATINGS ONLY)

1

*ATTACHMENT # 22*

## Discussion

The petitioner submitted a very organized appeal that addressed the purpose, nature and background of his complaint, provided numerous emails of his interactions with his peers, immediate supervisor, and other OOD officials including Ms. Debra Hoffmaster, Ms. Annie Russell and Mr. Sampson Annan and included copies of the District Personnel Manual (DPM) referenced. In his appeal, the petitioner:

1. Communicated that his officials failed to comply fully with the DPM Instruction No. 14-6, and the DPM Chapter 14, Part I, Subsection 1412.2
2. Related that the P.O. Form 12 was too subjective and was not a true and accurate reflection of his performance
3. Indicated that his supervisor threatened him with a citation of insubordination for refusing signature of the rating
4. Explained that his supervisor did not review his work to determine if it was accurate or not and
5. Complained that his supervisor never met with him after March 30, 2005 to discuss his progress as a documented stipulation by his supervisor in the Letter of Warning, specifically to "meet with the employee routinely to discuss his progress".

## Analysis

A review of the Performance Rating is as following:

1. Pursuant to DPM Instruction No. 14-6, Clarification of Eligibility Procedures for the Performance Evaluation System, Part 3i. Change of Supervisor During the Rating Period, "Supervisors who leave their position within 6 months prior to the end of the official period are to conduct and exit rating of their subordinate(s)."... "The official rating is to be completed by the new supervisor, using the unscheduled evaluation for input." Based on a personal interview with the Rater, the unscheduled evaluation provided by the previous supervisor was not considered for input.
2. Pursuant to DPM DC Personnel Regulations, Chapter 14, Part I, Performance Management, Section 1401.1b Exclusions "The provisions of this chapter shall not apply to the following employees, who continue to be covered by the performance evaluation system that was in effect on December 31, 1979: ... Unionized employees in the Career Service". As such, provisions in Chapter 14, Part I do not apply to the Petitioner.
3. Civilian members cannot be compelled to sign MPD forms.
4. Five (5) plus signs, three (3) checks and one (1) minus sign was given for the sub-factors in the Work Habits Rating factor, a performance rating of 'Excellent' not a 'Satisfactory' would be more appropriate for that Rating factor. In addition, the Rater indicated that the petitioner "performs in a reliable and professional manner" in the written justification.
5. There was no documentation provided by the Petitioner that supported or substantiated that his overall performance in each sub-factor or the majority of sub-factors surpassed the level of excellence in all aspects of the most important duties of the position.

## Findings

Based on a review of the petitioners appeal, it was determined that unscheduled performance rating of 'Outstanding' which covered six (6) months of the performance period should have

ATTACHMENT #14

EXHIBIT #4

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
### Report of Performance Rating
*(Prepare in Triplicate – Instructions on Reverse side)*

| Name of Employee | Title and Grade | Rating Period |
|---|---|---|
| MASON, SHAWN | | 4/1/04 – 9/30/04 |

| Department/Bureau/Division/Branch, etc. | Employee Status |
|---|---|
| OOD / ACCREDITATION | |

| Type of Report | Rater Supervised Employee | Check one: Administrative ( ) |
|---|---|---|
| Scheduled ( ) Unscheduled (✔) | From 3/22/04 To 9/30/04 | Supervisory ( ) Planning ( ) All Others (✔) |

### FACTORS FOR RATING

**1. ✔ QUANTITY** 5→0
- ✔ Amount of Work
- ✔ Completion of Work on Schedule

**2. QUALITY** 5→0
- ✔ Accuracy
- ✔ Neatness of Work Product
- ✔ Thoroughness
- ✔ Judgment
- ✔ Oral Expression
- ✔ Written Expression

**3. WORK HABITS** 5→0
- Observance of Working Hours
- Attendance
- Observance of Rules Including Safety
- Economy of Time and Materials
- Compliance With Work Instructions
- Orderliness in Work
- Job Interest
- Initiative
- Resourcefulness

**4. PERSONAL RELATIONS** 5→0
- Cooperation with Co-workers
- Dealing with the Public
- Personal Habits

**5. ✔ ADAPTABILITY** 5→0
- ✔ Performance in New Situations
- ✔ Performance in Emergencies

**6. SUPERVISION AND PLANNING** ☐
*Effectiveness In:*
- _____ Planning Broad Programs
- _____ Adapting Work Program to Broader or Related Programs
- _____ Devising Procedures
- _____ Laying Out Work and Establishing Standard of Performance for Subordinates
- _____ Directing, Reviewing and Checking Work of Subordinates
- _____ Instructing, Training and Developing Subordinates in work
- _____ Promoting High Morale
- _____ Delegating Clearly Defined Authority to Act
- _____ Decision-Making Process
- _____ Determination and Utilization of Manpower and Materials
- _____ Efforts to ensure EEO in all aspects of Recruitment, Hiring, Training, Promoting, Recognition, etc.

**7. OTHER (specify)** ☐
- _____
- _____
- _____

### TEMPORARY ASSIGNMENTS OUT OF JOB CLASSIFICATION

| Inclusive Dates | Assignment/Duties Assumed | Rating |
|---|---|---|
| | | |
| | | |
| | | |

### COMMENTS

Describe employee's strengths and deficiencies and include other comments. Comments MUST be made for Excellent or Satisfactory Ratings.

Mr. Mason has made significant contributions in the short period of time he has been here. He shows great interest and initiative in the Unit. Mr. Mason must be given/allowed the opportunity to really get to understand the files, without his attention being diverted for other activities that are less important than the files.

### PERFORMANCE RATING ASSIGNED

(✔) Outstanding   ( ) Excellent   (✔) Satisfactory *Note*   ( ) Unsatisfactory

This rating is based on my personal knowledge and observation of the employee's performance.

This rating has been discussed with me.

| Rater Signature | Date 12/2/04 | Employee: Shawn A. Mason Signature | Date 12/2/04 |
|---|---|---|---|

| Reviewer Signature | Date | Approving Authority (O & U ratings) Signature | Date |
|---|---|---|---|

P.O. Form 12

J-90500

ATTACHMENT #11

# EXHIBIT 7

*EXHIBIT #7*

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## Report of Performance Rating
### (Prepare in Triplicate – Instructions on Reverse side)

| Name of Employee | Title and Grade | | Rating Period |
|---|---|---|---|
| MASON, SHAWN | | | 4/1/04 – 9/30/04 |

| Department/Bureau/Division/Branch, etc. | Employee Status |
|---|---|
| OOD / ACCREDITATION | |

| Type of Report Scheduled ( ) Unscheduled (✓) | Rater Supervised Employee From 3/22/04 to 9/30/04 | Check one: Administrative ( ) Supervisory ( )  Planning ( )  All Others (✓) |
|---|---|---|

## FACTORS FOR RATING

**1.** ✓ **QUANTITY** 𝟝 O
NOTE + ✓ Amount of Work
+ ✓ Completion of Work on Schedule

**2.** ✓ **QUALITY** 𝟝 O
+ ✓ Accuracy
+ ✓ Neatness of Work Product
NOTE + ✓ Thoroughness
+ ✓ Judgment
+ O Oral Expression
✓ Written Expression

**3.** ✓ **WORK HABITS** 𝟝 O
+ Observance of Working Hours
+ Attendance
NOTE + ✓ Observance of Rules Including Safety
+ ✓ Economy of Time and Materials
+ ✓ Compliance With Work Instructions
+ Orderliness in Work
+ Job Interest
NOTE + ✓ Initiative
+ ✓ Resourcefulness

**4.** ✓ **PERSONAL RELATIONS** 𝟝 O
+ Cooperation with Co-workers
NOTE + Dealing with the Public
+ ✓ Personal Habits

**5.** ✓ **ADAPTABILITY** 𝟝 O
✓ Performance in New Situations
✓ Performance in Emergencies

**6.** **SUPERVISION AND PLANNING** ☐
*Effectiveness In:*
____ Planning Broad Programs
____ Adapting Work Program to Broader or Related Programs
____ Devising Procedures
____ Laying Out Work and Establishing Standard of Performance for Subordinates
____ Directing, Reviewing and Checking Work of Subordinates
____ Instructing, Training and Developing Subordinates in work
____ Promoting High Morale
____ Delegating Clearly Defined Authority to Act
____ Decision-Making Process
____ Determination and Utilization of Manpower and Materials
____ Efforts to ensure EEO in all appropriate aspects of Recruitment, Hiring, Training, Promoting, Recognition, etc.

**7.** **OTHER (specify)** ☐
____
____
____

07 2134

**FILED**

NOV 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## TEMPORARY ASSIGNMENTS OUT OF JOB CLASSIFICATION

| Inclusive Dates | Assignment/Duties Assumed | Rating |
|---|---|---|
| | | |
| | | |
| | | |

## COMMENTS

Describe employee's strengths and deficiencies and include other comments. Comments MUST be made for Excellent or Satisfactory Ratings.

Mr. Mason has made significant contributions in the short period of time he has been here. He shows great interest and initiative in the Unit. Mr. Mason must be given/allowed the opportunity to really get to understand the files, without his attention being diverted for other activities that are less important than the files.

### PERFORMANCE RATING ASSIGNED

(✓) Outstanding          ( ) Excellent          (✗) Satisfactory          ( ) Unsatisfactory

This rating is based on my personal knowledge and observation of the employee's performance.

Rater _____ Signature _____ Date 12/2/04     Employee: Shawn A. Mason Signature  Date 12/2/04

Reviewer: _____ Signature _____ Date _____     Approving Authority (O & U ratings) _____ Signature _____ Date _____

P.O. Form 12                                                                 J-90500

ATTACHMENT #18

# EXHIBIT 8



# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## Performance Evaluation System
### Report of Performance Rating


D.C. Office of Personnel

| 1. EMPLOYEE'S NAME: Last | | First | Middle Initial |
|---|---|---|---|
| MASON | | SHAWN | A |

| 2. TITLE | 3. GRADE / STEP | 4. RATING PERIOD |
|---|---|---|
| Management Analyst | DS 9 / 2 | April 1, 2004 - March 31, 2005 |

| 5. AGENCY NAME (SORTED BY AGENCY CODE) | 6. DATE COMPLETED |
|---|---|
| Metropolitan Police Department (FA) | May 9, 2005 |

| 7. TYPE OF REPORT | 8. DATES SUPERVISED | 9. TYPE OF POSITION |
|---|---|---|
| Scheduled/Official Rating | From: October 1, 2004 To: March 31, 2005 | Full-Time |

## INFORMATION

1. Underline the sub-factors that are pertinent to the position.
2. Rate the sub-factors that are pertinent to the position according to the following:
   a. A plus sign (+) indicates that the employee is strong in a sub-factor.
   b. A check sign (√) indicates that the employee's performance is acceptable in a sub-factor.
   c. A minus sign (-) indicates that the employee needs improvement in a sub-factor.
3. Determine the ratings for each major factor, as well as their overall performance rating.
4. On the attached page, provide written justification explaining the employee's performance.

## FACTORS FOR RATING

| | 1. | QUANTITY: Outstanding | 5. | ADAPTABILITY: Outstanding |
|---|---|---|---|---|
| NOTE | + | Amount of Work | + | Performance in New Situations |
| | + | Completion of Work on Schedule | + | Performance in Emergencies |
| | 2. | QUALITY: Outstanding | 6. | SUPERVISION AND PLANNING: |
| | + | Accuracy | | Effectiveness In: |
| | + | Neatness of Work Product | — | Planning Broad Programs |
| NOTE | + | Thoroughness | — | Adapting Work Program to Broader or Related Programs |
| | + | Judgment | — | Devising Procedures |
| | + | Oral Expression | — | Laying Out Work Establishing Standard of Performance for Subordinates |
| | √ | Written Expression | — | Directing Reviewing and Checking Work of Subordinates |
| | 3. | WORK HABITS: Outstanding | — | Instructing Training and Developing Subordinates in work |
| | + | Observance of Work Hours | — | Promoting High Morale |
| NOTE | + | Attendance | — | Delegating Clearly Defined Authority to Act |
| | + | Observance of Rules Including Safety | — | Decision-Making Process |
| | + | Economy of Times and Materials | — | Determination and Utilization of Manpower and Materials |
| | + | Compliance With Work Instructions | — | Efforts to ensure EEO in all appropriate aspects of Recruitment, Hiring, Training, Promoting, Recognition etc. |
| | + | Orderliness of Work | 7. | PERFORMANCE STANDARDS/OTHER (Specify) |
| NOTE | + | Job Interest | — | |
| | + | Initiative | — | |
| | + | Resourcefulness | — | |
| | 4. | PERSONAL RELATIONS: Outstanding | — | |
| | + | Cooperation with Co-workers (Internal Customer Service) | — | |
| NOTE | + | Dealing with the Public (External Customer Service) | — | |
| | + | Personal Habits | | |

**FILED**

NOV 2 3 2007

07 2134 NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## TEMPORARY ASSIGNMENTS OUT OF JOB CLASSIFICATION

| INCLUSIVE DATES | ASSIGNMENT/DUTIES ASSUMED | RATING |
|---|---|---|
| - | | |
| - | | |
| - | | |

NOTE

## OVERALL PERFORMANCE RATING ASSIGNED

☒ Outstanding   ☐ Excellent   ☐ Satisfactory   ☐ Unsatisfactory

| _Ellen Jones_ | 5-10-05 | SHAWN A. MASON, _Shawn A. Mason_ | 5-10-05 |
|---|---|---|---|
| Supervisor's / Rater's Name & Signature | Date | Employee's Name & Signature | Date |
| * This rating is based on my personal knowledge and observation of the employee's performance. (REQUIRED FOR ALL RATINGS) | | * This rating has been discussed with me. (REQUIRED FOR ALL OFFICIAL RATINGS) | |

| _Debra A. Hoffman_ | 5-10-05 | | |
|---|---|---|---|
| Reviewer's Name & Signature | Date | Agency Director's Name & Signature | Date |
| * This rating has been reviewed and receives my approval. (REQUIRED FOR ALL OFFICIAL RATINGS) | | * This rating has received a second-level review and receives my approval. (REQUIRED FOR ALL OUTSTANDING AND UNSATISFACTORY RATINGS ONLY) | |

1

ATTACHMENT #13



# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## Performance Evaluation System
## Report of Performance Rating



D.C. Office of Personnel

### WRITTEN JUSTIFICATION FOR THE OVERALL PERFORMANCE RATING

In the box below, please justify the employee's overall performance rating with a written explanation that provides a detailed description of the employee's performance between April 1 of last year and March 31 of this year. If the rating is "Unsatisfactory" you **must** also attach a copy of the *Letter of Warning*.

Mr. Mason fully understands and applies the knowledge in performing all phases of his job. Mr. Mason provides accurate, thorough and professional work regularly. He is well informed and educated in performing to the level expected for the job. He organizes, plans and forcasts work skillfully to meet job needs. Mr. Mason analyzes problems skillfully, he uses logic and good judgement to reach solutions.

Mr. Mason is personally responsible, steadfast and can be called upon for dificult and pressured challenges. He communicates knowledge clearly, accurately and thoroughly. Mr. Mason listens attentively and responds thoughtfully to needs, goals and aspirations. He works well with others, gets things done with people and keeps information lines open at all levels.

Mr. Mason helps to determine the needs of the work place, coordinates own work with others, seeks opinions and values working relationships.

Mr. Mason is regularly present and punctual. He is energetic and loses no time in starting and works to the last minute.

2

*EXHIBIT #8*



# Metropolitan Police Department
## Washington, D.C.

## Officer Performance Rating Form

*The mission of the Metropolitan Police Department is to prevent crime, and fear of crime as we work with others to build safe and healthy communities throughout the District of Columbia.*

| 1. Ratee's Name (Last, First, MI) | 2. Rank OFFICER | 3. Social Security Number |
|---|---|---|
| 4. Element (Code) 808 | 5. Assignment (Code) 125 | 6. Rating Period From: 4-17-05 To: 9-30-05 |

Type of Rating:   ○ Annual   ☒ Detail   ○ Transfer   ○ Warning   ○ Supervisor's Departure

| 8. Rater's Name and Rank    INSP. | 9. Social Security Number | 10. Reviewer's Name and Rank DEBRA A. HOFFMASTER Exec Di... |
|---|---|---|

**Instructions:**
1. Complete the Performance Standards Worksheet on page 2, following the instructions for converting the ratings. 2. Write the converted ratings for each dimension in the appropriate block in the table below. 3. Sum the converted ratings and write the total in the block labeled "Rating Total." 4. Use the Overall Rating Table to determine the Overall Rating and write it in the block.

| Performance Dimensions | Converted Rating |
|---|---|
| A. Job Knowledge | ▶ 5 |
| B. Problem Solving | ▶ 3 |
| C. Professionalism | ▶ 5 |
| D. Interpersonal Relations | ▶ 5 |
| E. Communication | ▶ 5 |
| F. Work Habits | ▶ 5 |
| G. General Policing | ▶ not observed |
| Rating Total | 28 |
| Overall Rating | 4 |

**Overall Rating Table**

| Rating Total | | Overall Rating | |
|---|---|---|---|
| 32 – 35 | ⟹ | 5 = | Significantly Exceeds Expectations |
| 28 – 31 | ⟹ | 4 = | Exceeds Expectations |
| 21 – 27 | ⟹ | 3 = | Meets Expectations |
| 14 – 20 | ⟹ | 2 = | Needs Improvement |
| 7 – 13 | ⟹ | 1 = | Does Not Meet Expectations |

Overall Ratings of "Significantly Exceeds Expectations" may only be assigned to ratees earning converted ratings of "Significantly Exceeds Expectations" or "Exceeds Expectations."

**A. RATER'S SECTION:** I have discussed the performance dimensions, standards, anchors and the rating scale by which this member will be evaluated.

| Rater's Signature | Date 11-14-05 |
|---|---|

**B. RATEE'S SECTION:** I acknowledge that the performance dimensions, standards, anchors and the rating scale by which I will be evaluated were discussed with me.

| Ratee's Signature | Date 11-15-05 |
|---|---|

**C. REVIEWER'S SECTION:** I acknowledge that I have reviewed this performance rating.

| Reviewer's Signature *Debra A Hoffmaster* | Date 11-16-05 |
|---|---|

ATTACHMENT # 26

**Performance Evaluation: Officer** ███████████

Officer ███████████ executes the duties and responsibilities assigned to him in a competent and accurate manner. He uses information provided to him and performs his duties efficiently. Office ███████ has the ability to identify problems, analyze information, generate solutions, establish and implement plans.

Officer ███████ abides by the Department's rules of conduct. He encourages a participative approach to work. He is a direct and truthful individual who is trusted by others.

Officer ███████ present ideas and information orally and in writing in a clear concise manner. He works to remedy problems, sees what needs to be done and does it. Officer ███████ is effective at dealing with and making sense of uncertain situations. He responds and adapts to new information. He produces quality work under minimal supervision.

35115



# Metropolitan Police Department
## Washington, D.C.
## Performance Management System Conference Report

| 1. Ratee's Name | 2. Rank *OFC* | 3. Social Security Number |
|---|---|---|

| 4. Element *OOD* | 5. Assignment *OOD* | 6. Rating Period From: *4-17-05* To: *9-30-05* |
|---|---|---|

Type of Rating:  ○ Annual  ○ Detail  ○ Transfer  ○ Warning  ○ Supervisor's Departure

| 8. Rater's Name and Rank | 9. Social Security Number | 10. Reviewer's Name and Rank |
|---|---|---|

### PART I – INITIAL CONFERENCE

**A. RATER'S SECTION:** I have discussed with the ratee the performance dimensions, standards, and anchors and the rating scale by which the ratee will be evaluated. (Attach page if necessary.)

| Rater's Signature | Date *4-18-05* |
|---|---|

**B. RATEE'S SECTION:** I acknowledge that the performance dimensions, standards, and anchors and the rating scale by which I will be evaluated were discussed with me. (Attach page if necessary.)

| Ratee's Signature | Date *4-18-05* |
|---|---|

### PART II – INTERIM CONFERENCE

**A. RATER'S SECTION:** I have discussed with the ratee his/her job performance. (Attach page if necessary.)

| Rater's Signature | Date |
|---|---|

**B. RATEE'S SECTION:** I acknowledge that my job performance has been discussed with me. (Attach page if necessary.)

| Ratee's Signature | Date |
|---|---|

PD FORM 62-O (REV. 03/05)

35.1.5

*Exhibit #8*



# Metropolitan Police Department
# Washington, D.C.

## Officer Performance Rating Form

*The mission of the Metropolitan Police Department is to prevent crime, and fear of crime as we work with others to build safe and healthy communities throughout the District of Columbia.*

| 1. Ratee's Name (Last, First, MI) ▓▓▓▓▓▓▓ | 2. Rank **OFFicer** | 3. Social Security Number ▓▓▓▓▓▓▓ |
|---|---|---|
| 4. Element (Code) **808** | 5. Assignment (Code) **125** | 6. Rating Period From: **10-1-04** To: **9-30-05** |

| Type of Rating: | ☒ Annual | ○ Detail | ○ Transfer | ○ Warning | ○ Supervisor's Departure |
|---|---|---|---|---|---|

| 8. Rater's Name and Rank ▓▓▓▓ **Insp.** | 9. Social Security Number ▓▓▓▓ | 10. Reviewer's Name and Rank **DEBRA A. HOFFMASTER Exec. Di** |
|---|---|---|

**Instructions:**
1. Complete the Performance Standards Worksheet on page 2, following the instructions for converting the ratings. 2. Write the converted ratings for each dimension in the appropriate block in the table below. 3. Sum the converted ratings and write the total in the block labeled "Rating Total." 4. Use the Overall Rating Table to determine the Overall Rating and write it in the block.

| Performance Dimensions | Converted Rating |
|---|---|
| A. Job Knowledge | ▶ **5** |
| B. Problem Solving | ▶ **5** |
| C. Professionalism | ▶ **5** |
| D. Interpersonal Relations | ▶ **5** |
| E. Communication | ▶ **4** |
| F. Work Habits | ▶ **5** |
| G. General Policing | ▶ **5** |
| **Rating Total** | **34** |
| **Overall Rating** | **5** |

### Overall Rating Table

| Rating Total | | Overall Rating | | |
|---|---|---|---|---|
| 32 – 35 | ⟹ | 5 | = | Significantly Exceeds Expectations |
| 28 – 31 | ⟹ | 4 | = | Exceeds Expectations |
| 21 – 27 | ⟹ | 3 | = | Meets Expectations |
| 14 – 20 | ⟹ | 2 | = | Needs Improvement |
| 7 – 13 | ⟹ | 1 | = | Does Not Meet Expectations |

Overall Ratings of "Significantly Exceeds Expectations" may only be assigned to ratees earning converted ratings of "Significantly Exceeds Expectations" or "Exceeds Expectations."

**A. RATER'S SECTION:** I have discussed the performance dimensions, standards, anchors and the rating scale by which this member will be evaluated.

| Rater's Signature ▓▓▓▓▓ | Date **11-14-05** |
|---|---|

**B. RATEE'S SECTION:** I acknowledge that the performance dimensions, standards, anchors and the rating scale by which I will be evaluated were discussed with me.

| Rater's Signature ▓▓▓▓▓ | Date **14 Nov 05.** |
|---|---|

**C. REVIEWER'S SECTION:** I acknowledge that I have reviewed this performance rating.

| Reviewer's Signature *Debra A. Hoffmaster* | Date **11-16-05** |
|---|---|

*ATTACHMENT #37*

**Performance Evaluation: Officer ▮▮▮▮▮▮▮▮**

Officer ▮▮▮▮▮▮▮▮▮▮ performs the duties and responsibilities of his position in an efficient and accurate manner. He clearly understands and uses acquired knowledge to perform his duties and responsibilities and effectively uses tools designed to accomplish the goals of the Unit.

Officer ▮▮▮▮▮ identifies and analyzes problems effectively. He uses logic and good judgment to reach solutions. Officer ▮▮▮▮▮ focuses on work related activities and acts in ways that support the goals of the Department and his assigned Unit.

Officer ▮▮▮▮▮ creates strong spirit and morale. He is trusted by others and is seen as a direct and truthful individual who keeps confidences of others.

He encourages a participative approach to work and presents ideas and information both verbally and in writing in a clear concise manner. He is responsive and adaptive to new information. Officer ▮▮▮▮▮ maintains an excellent record of attendance. He completes projects accurately and on time.



# Metropolitan Police Department
## Washington, D.C.
## Performance Management System (PMS) Conference Report

| 1. Ratee's Name | 2. Rank OFFicer | 3. Social Security Number |
|---|---|---|

| 4. Unit 8.08 | 5. Assignment 125 | 6. Rating Period From: 10-1-04 To: 9-30-05 |
|---|---|---|

**7. Type of Rating:** ● Annual  ○ Detail   ○ Transfer   ○ Warning   ○ Supervisor's Departure

| 8. Rater's Name and Rank INSP | 9. Social Security Number | 10. Reviewer's Name and Rank |
|---|---|---|

### 11. INITIAL CONFERENCE

**A. RATER'S SECTION:** I have discussed with the ratee the performance dimensions, standards, and anchors and the rating scale by which the ratee will be evaluated. (Attach page if necessary.)

| ter's Signature | Date 10-1-04 |
|---|---|

**B. RATEE'S SECTION:** I acknowledge that the performance dimensions, standards, and anchors and the rating scale by which I will be evaluated were discussed with me. (Attach page if necessary.)

| Ratee's Signature | Date 1 OCT. 04. |
|---|---|

### 12. INTERIM CONFERENCE

**A. RATER'S SECTION:** I have discussed with the ratee his/her job performance. (Attach page if necessary.)

| Rater's Signature | Date 4-6-05 |
|---|---|

**B. RATEE'S SECTION:** I acknowledge that my job performance has been discussed with me. (Attach page if necessary.)

| RATEE Signature | Date 6 Apr 05 |
|---|---|



# GOVERNMENT OF THE DISTRICT OF COLUMBIA
Performance Evaluation System
Report of Performance Rating   *EXHIBIT # 8*



D.C. Office of Personnel

| 1. EMPLOYEE'S NAME: Last | | | First | Middle Initial |
|---|---|---|---|---|
| OMEKAM | | | CHRIS | |

| 2. TITLE | 3. GRADE / STEP | 4. RATING PERIOD |
|---|---|---|
| Management Analyst | DS 13 / | April 1, 2004 - March 31, 2005 |

| 5. AGENCY NAME (SORTED BY AGENCY CODE) | 6. DATE COMPLETED |
|---|---|
| Metropolitan Police Department (FA) | June 3 0, 2005 |

| 7. TYPE OF REPORT | 8. DATES SUPERVISED | 9. TYPE OF POSITION |
|---|---|---|
| Scheduled/Official Rating | From: October   1, 2004 To: March 31, 2005 | Full-Time |

## INFORMATION

1. Underline the sub-factors that are pertinent to the position.
2. Rate the sub-factors that are pertinent to the position according to the following:
   a. A plus sign (+) indicates that the employee is strong in a sub-factor.
   b. A check sign (√) indicates that the employee's performance is acceptable in a sub-factor.
   c. A minus sign (-) indicates that the employee needs improvement in a sub-factor.
3. Determine the ratings for each major factor, as well as their overall performance rating.
4. On the attached page, provide written justification explaining the employee's performance.

## FACTORS FOR RATING

| 1. | QUANTITY: Satisfactory | 5. | ADAPTABILITY: Satisfactory |
|---|---|---|---|
| √ | Amount of Work | √ | Performance in New Situations |
| | Completion of Work on Schedule | + | Performance in Emergencies |
| 2. | QUALITY: Satisfactory | 6. | SUPERVISION AND PLANNING: |
| √ | Accuracy | | *Effectiveness In:* |
| √ | Neatness of Work Product | — | Planning Broad Programs |
| √ | Thoroughness | — | Adapting Work Program to Broader or Related Programs |
| — | Judgment | — | Devising Procedures |
| ± | Oral Expression | — | Laying Out Work Establishing Standard of Performance for Subordinates |
| | Written Expression | — | Directing Reviewing and Checking Work of Subordinates |
| 3. | WORK HABITS: Satisfactory | — | Instructing Training and Developing Subordinates in work |
| ± | Observance of Work Hours | — | Promoting High Morale |
| ± | Attendance | — | Delegating Clearly Defined Authority to Act |
| ± | Observance of Rules Including Safety | — | Decision-Making Process |
| ± | Economy of Times and Materials | — | Determination and Utilization of Manpower and Materials |
| √ | Compliance With Work Instructions | — | Efforts to ensure EEO in all appropriate aspects of Recruitment, Hiring, Training, Promoting, Recognition, etc. |
| √ | Orderliness of Work | 7. | PERFORMANCE STANDARDS/OTHER (Specify): |
| ± | Job Interest | — | |
| | Initiative | — | |
| √ | Resourcefulness | — | |
| 4. | PERSONAL RELATIONS: Excellent | — | |
| √ | Cooperation with Co-workers *(Internal Customer Service)* | — | |
| ± | Dealing with the Public *(External Customer Service)* | | |
| + | Personal Habits | | |

## TEMPORARY ASSIGNMENTS OUT OF JOB CLASSIFICATION

| INCLUSIVE DATES | ASSIGNMENT DUTIES ASSUMED | RATING |
|---|---|---|
| - | | |
| - | | |

## OVERALL PERFORMANCE RATING ASSIGNED

☐ Outstanding  ☐ Excellent   *8-5-05*   ☒ Satisfactory  *NOTE*   ☐ Unsatisfactory

*Ethel Mason*

Supervisor's / Rater's Name & Signature       Date
*This rating is based on my personal knowledge and observation of the employee's performance. (REQUIRED FOR ALL RATINGS)*

Employee's Name & Signature       Date
* This rating has been discussed with me. (REQUIRED FOR ALL OFFICIAL RATINGS)

Reviewer's Name & Signature       Date
* This rating has been reviewed and receives my approval. (REQUIRED FOR ALL OFFICIAL RATINGS)

Agency Director's Name & Signature       Date
* This rating has received a second-level review and receives my approval. (REQUIRED FOR ALL OUTSTANDING AND UNSATISFACTORY RATINGS ONLY)

*Employee Refused to Sign.*
*EM 8-5-06*

1

*ATTACHMENT #14*




# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## Performance Evaluation System
## Report of Performance Rating

D.C. Office of Personnel

### WRITTEN JUSTIFICATION FOR THE OVERALL PERFORMANCE RATING

In the box below, please justify the employee's overall performance rating with a written explanation that provides a detailed description of the employee's performance between April 1 of last year and March 31 of this year. If the rating is "Unsatisfactory" you **must** also attach a copy of the *Letter of Warning*.

Mr. Omekam meets most job standards and may occasionally exceed performance expectations or objectives. He demonstrates effective performance and is qualified to perform job duties with the appropriate amount of direction. Mr. Omekam performs in a reliable and professional manner.

# EXHIBIT 9

EXHIBIT #9



# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## Performance Evaluation System
## Report of Performance Rating



D.C. Office of Personnel

| 1. EMPLOYEE'S NAME: Last **MASON** | | First **SHAWN** | Middle Initial **A** |
|---|---|---|---|
| 2. TITLE Management Analyst | 3. GRADE / STEP DS 9 / 2 | 4. RATING PERIOD April 1, 2004 - March 31, 2005 | |
| 5. AGENCY NAME (SORTED BY AGENCY CODE) Metropolitan Police Department (FA) | | 6. DATE COMPLETED May 9, 2005 | |
| 7. TYPE OF REPORT Scheduled/Official Rating | 8. DATES SUPERVISED From: October 1, 2004 To: March 31, 2005 | 9. TYPE OF POSITION Full-Time | |

## INFORMATION

1. Underline the sub-factors that are pertinent to the position.
2. Rate the sub-factors that are pertinent to the position according to the following:
   a. A plus sign (+) indicates that the employee is strong in a sub-factor.
   b. A check sign (√) indicates that the employee's performance is acceptable in a sub-factor.
   c. A minus sign (-) indicates that the employee needs improvement in a sub-factor.
3. Determine the ratings for each major factor, as well as their overall performance rating.
4. On the attached page, provide written justification explaining the employee's performance.

## FACTORS FOR RATING

| | **1.** | **QUANTITY:** Outstanding | **5.** | **ADAPTABILITY:** Outstanding |
|---|---|---|---|---|
| NOTE | ± | Amount of Work | ± | Performance in New Situations |
| | + | Completion of Work on Schedule | + | Performance in Emergencies |
| | **2.** | **QUALITY:** Outstanding | **6.** | **SUPERVISION AND PLANNING:** ____ |
| | ± | Accuracy | | *Effectiveness In:* |
| | ± | Neatness of Work Product | __ | Planning Broad Programs |
| NOTE | ± | Thoroughness | __ | Adapting Work Program to Broader or Related Programs |
| | ± | Judgment | __ | Devising Procedures |
| | ± | Oral Expression | __ | Laying Out Work Establishing Standard of Performance for Subordinates |
| | √ | Written Expression | __ | Directing Reviewing and Checking Work of Subordinates |
| | **3.** | **WORK HABITS:** Outstanding | __ | Instructing Training and Developing Subordinates in work |
| | ± | Observance of Work Hours | __ | Promoting High Morale |
| | ± | Attendance | __ | Delegating Clearly Defined Authority to Act |
| NOTE | ± | Observance of Rules Including Safety | __ | Decision-Making Process |
| | ± | Economy of Times and Materials | __ | Determination and Utilization of Manpower and Materials |
| | ± | Compliance With Work Instructions | __ | Efforts to ensure EEO in all appropriate aspects of Recruitment, Hiring, Training, Promoting, Recognition, etc. |
| | | Orderliness of Work | **7.** | **PERFORMANCE STANDARDS/OTHER** *(Specify):* ____ |
| NOTE | ± | Job Interest | __ | |
| | ± | Initiative | __ | |
| | ± | Resourcefulness | __ | |
| | **4.** | **PERSONAL RELATIONS:** Outstanding | __ | |
| | ± | Cooperation with Co-workers *(Internal Customer Service)* | | |
| NOTE | ± | Dealing with the Public *(External Customer Service)* | | |
| | + | Personal Habits | | |

07 2134    **FILED**    NOV 2 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## TEMPORARY ASSIGNMENTS OUT OF JOB CLASSIFICATION

| INCLUSIVE DATES | ASSIGNMENT/DUTIES ASSUMED | RATING |
|---|---|---|
| - | | |
| - | | |
| - | | |

NOTE

## OVERALL PERFORMANCE RATING ASSIGNED

☒ Outstanding    ☐ Excellent    ☐ Satisfactory    ☐ Unsatisfactory

| Ethel Moner *(signature)* | 5-10-05 | SHAWN A. MASON, Shawn A. Mason *(signature)* | 5-10-0 |
|---|---|---|---|
| Supervisor's / Rater's Name & Signature | Date | Employee's Name & Signature | Date |

* This rating is based on my personal knowledge and observation of the employee's performance. (REQUIRED FOR ALL RATINGS)
* This rating has been discussed with me. (REQUIRED FOR ALL OFFICIAL RATINGS)

| Velena Hoffmter *(signature)* | 5-10-05 | | |
|---|---|---|---|
| Reviewer's Name & Signature | Date | Agency Director's Name & Signature | Date |

* This rating has been reviewed and receives my approval. (REQUIRED FOR ALL OFFICIAL RATINGS)
* This rating has received a second-level review and receives my approval. (REQUIRED FOR ALL OUTSTANDING AND UNSATISFACTORY RATINGS ONLY)

1

ATTACHMENT #13

EXHIBIT 10

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | **Amendment** **570-2006-00793** |

| D.C. Office Of Human Rights | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Chris C. Omekam** | **(301) 856-4915** | **06-06-1955** |

Street Address — City, State and ZIP Code

**5920 Plata Street, Clinton, MD 20735**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **METROPOLITAN POLICE DEPARTMENT** | **500 or More** | **(202) 727-2900** |

Street Address — City, State and ZIP Code

**300 Indiana Avenue, N. W.,  Washington, DC 20001**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address — City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **08-05-2005**   Latest **05-10-2006**
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

### Amendment

In approximately 3/94, I was hired by Respondent to work as a Management Analyst in the Accreditation Unit. On 8/5/05, Ethel Jones, the American Inspector/Accreditation Manager, who was my supervisor and evaluator, issued me an annual performance evaluation with an unjust, overall rating of merely "Satisfactory." By contrast, an American Management Analyst in my unit was issued an annual performance review by Ethel Jones with an overall rating of "Outstanding," even though his overall performance was lower than my overall performance. Furthermore, this American Management Analyst performed duties comparable to my duties.

I appealed my evaluation and Ethel Jones was ordered to upgrade my evaluation to "Excellent." On 5/10/06, Ms. Jones gave me a revised evaluation in which she downgraded many of the individual rating factors but marked "Excellent" on the overall rating. Due to the downgraded individual rating factors, the overall rating did not equate to an overall rating of "Excellent." Then in my next performance evaluation for the period of 10/1/05 thru 3/31/06, Ms. Jones again gave me an unjustified rating of "Satisfactory." In addition, on April 12, 2006, I received a Memorandum of Counseling and a Letter of Warning from Captain Ricky Mitchell, which had been approved by Ethel Jones.

*07 2134*

I believe that I have been discriminated against due to my national origin, Nigerian, and subjected to retaliation, which is in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

FILED
NOV 2 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| **May 19, 2006** | *[signature]* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
|---|---|---|
| Date | Charging Party Signature | |

*ATTACHMENT # 29*

EXHIBIT # 18

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:
[ ] FEPA
[X] EEOC   570-2006-00793

**D.C. Office Of Human Rights**   and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Chris C. Omekam** | **(301) 856-4915** | **06-06-1955** |

| Street Address | City, State and ZIP Code |
|---|---|
| **5920 Plata Street** | **Clinton, MD 20735** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **METROPOLITAN POLICE DEPARTMENT** | **500+** | **(202) 727-2900** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **300 Indiana Avenue, N. W.** | **Washington, DC 20001** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [X] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **08-05-2005**   Latest **08-05-2005**

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I.  In approximately 3/94, I was hired by Respondent to work as a Management Analyst in the Accreditation Unit. On 8/5/05, Ethel Jones, the American Inspector/Accreditation Manager, who was my supervisor and evaluator, issued me an annual performance evaluation with an unjust, overall rating of merely "Satisfactory." By contrast, an American Management Analyst in my unit was issued an annual performance review by Ethel Jones with an overall rating of "Outstanding," even though his overall performance was lower than my overall performance. Furthermore, this American Management Analyst performed duties comparable to my duties.

II.  I believe that I have been discriminated against based upon my national origin, Nigerian, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

Date **3/31/06**   Charging Party Signature

EXHIBIT 11



### GOVERNMENT OF THE DISTRICT OF COLUMBIA
### METROPOLITAN POLICE DEPARTMENT

**MEMORANDUM**

**TO:**         Mr. Chris C. Omekam
                 Management Analyst
                 Risk Management/Accreditation Unit

**FROM:**     A/C Shannon P. Cockett
                 Office of Human Services

**SUBJECT:**   **Performance Rating Appeal Decision**

**DATE:**       May 3, 2006

This is in response to your request for an impartial review of your performance
evaluation for the rating period April 1, 2004 through March 31, 2005. Your attention is
invited to the attached decision memorandum, prepared by the Chairperson, Performance
Rating Appeals Committee.

The Performance Rating Appeals Committee has determined that the rating of
"Satisfactory" be changed to "Excellent". This serves as the agency's final decision.

Please acknowledge receipt of this notification and return a copy to my office, Room
6061, Attention: April Moore.

*07 2134*

I acknowledge receipt of this memorandum.

_____           5-10-06
        Chris C. Omekam                                      Date

**FILED**

NOV 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# EXHIBIT 12

*EXHIBIT # 17*

-----Original Message-----
**From:** Omekam, Chris (MPD)
**Sent:** Thursday, May 18, 2006 10:43 AM
**To:** Hoffmaster, Debra (MPD)
**Subject:** RE: Performance Evals

I thank you for taking time out of your schedule to meet with me yesterday afternoon. My goal was to officially inform you about the injustice, the discrimination, and the hostility of Inspector Jones towards me that is clearly reflected in the two performance evaluations rating forms which I refused to sign.

I refused to sign the forms because a) the perf. evaluations rating forms were never reviewed with me by Inspector Jones; b) the perf. evaluations rating form from FY 2004-2005 was downgraded from the evaluation rating form given to me on 8-5-05; and c) the perf. evaluation rating form from FY 2005-2006 was inconsistent with the perf. evaluation rating form that was upgraded to excellent due to the result of my appeal.

I brought up the concern of the downgrade yesterday during our meeting, and you confirmed to me that when you asked the Inspector whether this FY 2004-2005 perf. evaluation rating form was the same as the one she gave me on 8-5-06, she answered you "yes". This made you to request that I cross check with the copy of my perf. evaluation rating form given to me on 8-5-06.

My review of the 2004-2005 perf. evaluation rating form from 8-5-05, confirmed my position that Inspector Jones deliberately downgraded the revised perf. evaluation rating form that she presented to me on 5-10-06, after she received recommendation from the performance evaluation appeal committee to change my rating to excellent.

This a very serious matter because it clearly illustrates the viciousness, the intent, and the determination of Inspector Jones to obliterate or destroy my over 17 years of career with the District of Columbia government. Furthermore, this action on the part of Inspector Jones should raise a great concern to you for telling you a bold face lie.

This continuous injustice, discrimination and hostility from Inspector Jones has taken a toll on my health, my family, and my job. For the Inspector to stoop that low and falsify or alter my FY 2004-2005 perf. evaluation rating form in order to find a way to destroy my career is a very serious matter and would not be taken lightly. I am therefore recommending to meet with you and Sampson to further discuss this issue.

*07 2134*

**FILED**

NOV 2 3 2007

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

Inspector J

**From:** Hoffmaster, Debra (MPD)
**Sent:** Wed 5/17/2006 11:45 AM
**To:** Omekam, Chris (MPD)
**Subject:** RE: Performance Evals

sure. How about 3:15?

A - # 31

# EXHIBIT 13

---

🌐 The sender of this message has requested a read receipt. Click here to send a receipt.

**Omekam, Chris (MPD)**

| | | | |
|---|---|---|---|
| **From:** | Hoffmaster, Debra (MPD) | **Sent:** | Thu 5/18/2006 1:32 PM |
| **To:** | Omekam, Chris (MPD) | | |
| **Cc:** | Annan, Sampson (MPD) | | |
| **Subject:** | RE: Performance Evals | | |
| **Attachments:** | | | |

Chris,

I met with Sampson to discuss the concerns you raised in your e-mail and to discuss your request for a meeting with both Sampson and I. The following actions will be taken:

In regard to concerns "a" and "c" outlined in the 2nd paragraph of your of your e-mail - Inspector Jones will review your FY 2006 evaluation with you. I will attend this discussion as an observer. This meeting/discussion is scheduled for Wednesday, May 24 at 1:00 in my office.

In regard to concern "b" outlined in the 2nd paragraph of your e-mail - In closely studying again the PD Form 12 which was attached to the memo regarding the results of your appeal of your 2004/2005 rating, I noted that the "Date Completed" on the form is 3/30/05 and marked "Unscheduled/Unofficial." The rating form you gave to me this morning indicates "Date Completed" as June 30, 2005 and is marked "Scheduled/Official." It appears that Inspector Jones used the wrong form in responding to the decision memo of the Performance Rating Appeals Committee. This will be corrected and will be given to you for your review at our meeting on May 24.

In respect to the concerns that you outline in the last paragraph of your e-mail - Given that you have already filed a grievance against Inspector Jones related to discrimination; and that you already have added (or intend to add) a retaliation grievance with EEO (based on our conversation yesterday) - we believe those concerns will be most appropriately addressed as a result of that process.

A meeting with me, yourself and Sampson will not be held at this time. If you have any questions - please feel free to let me know and I will do my best to address those with you.

Debra

-----Original Message-----
**From:** Omekam, Chris (MPD)
**Sent:** Thursday, May 18, 2006 11:13 AM
**To:** Hoffmaster, Debra (MPD)
**Subject:** RE: Performance Evals

I sending a copy to your Office right now.

Thanks.

*07 2134*

**FILED**

NOV 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

**From:** Hoffmaster, Debra (MPD)
**Sent:** Thu 5/18/2006 11:10 AM
**To:** Omekam, Chris (MPD)
**Subject:** RE: Performance Evals

Chris,

Please bring me a copy of the completed/official evaluation that you received on 8/05/05 (I believe your e-mail references the wrong date). I'd like it today, please - before 2:00.

I'll talk to Sampson about your request for meeting. Thanks.

ATTACHMENT # 31

# EXHIBIT 14

EXHIBIT # 14

**Omekam, Chris (MPD)**

To...          Hoffmaster, Debra (MPD)

Cc...

Bcc...

Subject:       Current State of Affairs in the Accreditation Unit

Attachments:

Hi Debra:

I would like to make up an appointment to brief you on some major concerns that I have regarding the direction the Unit is currently going.  I touched on some of the issues during our meeting this morning.  Let me know what time will be good for us to meet.

Thank you,

Chris

07 2134

**FILED**

NOV 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ATTACHMENT # 30

FYI, attached is a memorandum, which I prepared last week Friday, to express my concern about the current state of affairs in the Accreditation Office, following your statement last Thursday, just before your meeting with Debra Hoffmaster.

First, let me commend you on the Accreditation Staff meeting that you conducted on Monday, March 20, 2006. It appears that at last most of my concerns, which I shared with Capt. Mitchell regarding how the Accreditation Office is slowly slipping out of control, were addressed. Like Capt. Mitchell rightly stated, a lot of staff time is being spent tracking down accreditation standard files. Only files currently being worked on should be left on each person's desk. With the exception of completed files submitted for reviews, all other files must be kept in the file cabinet. There is no time that re-training in file processing is required than now. As you know, the newly staffs have not been properly trained on file processing. Perhaps that may explain why the compliance level movement is very low.

We have experienced incomplete processing of files and lack of initial file reviews of the completed files by MPD staff before they are forwarded to the consultants. It is increasingly becoming more embarrassing to have files re-reviewed over and over again by the consultants. More importantly, not having staff informed as to who is doing what project and what activities are planned for the future is counter productive and unhealthy to the spirit of a successful team effort. We cannot be successful without a collective effort.

Yes, you have rhetorically referred to me as the "department's resident expert", time and time again, as you did during the staff meeting. But yet I am the only Unsatisfactory/Satisfactory performance employee in the Unit. And I am also aware of your ongoing efforts to discredit my outstanding job performance for the department behind my back. Resident expert yet unsatisfactory, I find that rather contradiction of terms! Just recently, I completed the Time Sensitive Report Tracking System and also developed the Facilities Inspections Forms for the districts. You certainly did not give me credit for the accomplishment.

I have invested so much of my time to ensure that the department becomes one of the largest municipal law enforcement agencies to be accredited in the nation. We have a hell of a task ahead of us. And the more difficult and frustrating you make it for me perform my job, the more the department loses. I will continue to pledge my commitment to the Unit and to the work that I do to ensure that the department is successfully accredited by 2007.

Thank you,

Chris Omekam

A — # 30

# Metropolitan Police Department
## Office of Organizational Development

# Interoffice Memorandum

**To:**    Inspector Ethel Jones, Accreditation Manager
Accreditation and Risk Management Unit

**From:**    Chris C. Omekam, Management Analyst
Accreditation and Risk Management Unit

**Date:**    March 17, 2006

**Subject:**    MPD"s 75% CALEA Compliance Statement

---

I am writing to express my deep concern about how I am being treated and what has been going on within the Accreditation Unit, including your statement yesterday morning, just before your meeting with Debra Hoffmaster. When I heard you say to Jason that with the way we are moving with the files, it will be practically impossible to get the department 75% CALEA compliant by March, I was rattled and had to get some feedback from you about the 75% CALEA compliant, since this was my first time of hearing such comment from you. If you recall, my immediate comment to you was that it was an unrealistic goal. You immediately responded "no it was not unrealistic if only COP had given us the resources that we asked"; that it took Eric Coard a couple of months to send us the detailee, who started just last month. However, I found myself confused when you next added that you couldn't believe Debra Hoffmaster when she told the Chief that we will be 75% CALEA compliant by March 2006. As you put it, the Chief had your kind of reaction when Ms. Hoffmaster said that and that the Chief's facial expression showed that he was surprised. What surprised me more was when you quickly turned to me and said "you told me in our meeting that if each staff will bring 10 standards into compliance every week, that we will be able to get to 75% CALEA compliant". I was numb and dumbfounded when you said that because I felt some flashback of the blame game all over again. As you'll recall, I immediately walked away and you went to your meeting.

I continued to do my work until you returned to the Office with Capt. Mitchell. Capt. Mitchell requested that Shawn Mason step outside the Office for a minute. I was going through the files when I overheard you asking Shawn "do you remember during our meeting when Chris said that if each person completes ten standards per week that we will be able to reach 75% CALEA compliant?"

ATTACHMENT # 30

-2-

Apparently you were trying to get collaboration for something I haven't said so I be the fall guy. Shawn paused for a moment, and said, " I remember him saying that it is also contingent on the completion of the department's directives". Then you said, " I know that I wasn't crazy, I know that I heard him say that." Overhearing this discussion, which suggests that you were looking for another chance to make me the scapegoat, upset me so much I almost left for the day. However, when I reminded myself of the magnitude of the work and task facing the Accreditation Office, my passion and commitment to ensure that the department is accredited by 2007, I began to pray and was able to get the strength from the higher power to overcome my pains and emotions.

I have never projected any numbers to you, and you know that. After all, I am fully cognizance of the accusations leveled at me just after your assignment as the department's new Accreditation Manager, for setting an unrealistic goal of getting the department 70% CALEA compliant during FY 2003 when I was in charge of the accreditation program.

One thing is very clear to me, I have always been there for you every step of the way, and have given you candid advice and recommendations but you fail to appreciate them. I hope you remember that it was my contention during my performance evaluation in July of last year that we were not 49% - 50% CALEA compliant as you had repeatedly reported. Consequently, this resulted in your request for consultant to conduct the file review, and the result confirmed my position that we were not 49% -50% CALEA compliant.

I made recommendations about 20 months ago that the quickest way to obtain the proofs of compliance was to make direct request from the coordinators, to provide Accreditation Office with the specific proof of compliance that we need by either phone calls, or e-mails (for documentation of the requests made), or going directly to the units to visit the coordinators, rather than just waiting on the CALEA coordinators to bring the proofs to us. You told me that I work too hard and that the coordinators should supply us with the proof and that our responsibility is to process the proofs submitted. You even made a comment on how I am always confined to my little corner working so hard every time you come around. I showed you the cabinet where I filed similar information (documentations) that we received from previous CALEA coordinators when I was in charge of the program. You were informed at this time about our experience, which reflected that most of the documents were inadequate and unacceptable proofs. This is still the case today, and more importantly, we are back, after 18 months, doing exactly what I had advised on.

Also, I have repeatedly recommended for the periodic inspections of the districts facilities, the blue plains impound lot, property and evidence control facility. For over 18 months we did not conduct the facility's site inspections until last month,

-3-

even though the consultant, Dr. Bowman, raised the same concern to you in his letter in December 2005. I found it to be very puzzling. You made a decision that you plan on transferring such responsibilities to the Audit and Compliance Unit. Also, you indicated that we don't need to be doing the same thing over and over again.

For over 17 years of my employment with the District of Columbia government, I have not experience a hostile work environment until now. You have methodically impeded my efforts to help the department become accredited. You have consistently failed to communicate with me directly. I have raised this concern to you many times and each time you apologized and told me that you will do better. You have in some occasions repeatedly had junior staff communicate with me regarding assignment you want me to complete. Every time you call in on your day-off you don't talk ask about me except in some occasion when there are pressing assignments that you know you can count on me to handle. You have in one occasion even assigned a junior staff to act in your absence over a senior staff. When I raised the issue, you told me that I should have stopped you when you made that decision. During all of your absences from work you have left me in charge only one time. And yet, I am the one who responds to all the accreditation questions and issues during your absence.

I am the only one in the department with the skills and experience to review completed files. However, you have removed me from the responsibility of file reviews and look at the result you are getting today. It is embarrassing to have the same files re-submitted to the consultants without proper file processing and staff not paying proper attention to the recommendations provided to us by the consultants in the documented accreditation task list. This is a clear result of not designating MPD staff with the skills and experience in accreditation file reviews to ensure that the recommendations made by the consultants in obtaining specific documents as proofs have been obtained and inserted in the files with appropriate highlighting before they are re-submitted to the consultants for re-reviews. This problem has been raised with you many times. On one occasion you allowed me to address this problem with staff in one of our meetings. Staff were briefed on the problem and I encouraged them to see me for more clarification of what the standards is asking for, should they need help with understanding what the consultants may be referring to in the accreditation task list. The problem appears to have continued. On February 24, 2006, I brought this same concern again to you in Capt. Mitchell's Office. You appeared disappointed and upset and you stated that this is unacceptable because the information has been provided on the accreditation task list as to what specific document to obtain for the applicable standard. Surprisingly, I did not hear you raise the issue again.

-4-

In conclusion, let me state that I am not ready to take any blame when decision made by anyone becomes counter productive or goes bad. I have not disrespected you ever and I am still recuperating from the incident of February 17, 2006, when you threatened to suspend me, using a derogatory language "...if you don't get going, I will suspend your ass". I find that very unprofessional and yet, I continue to respect your position. Also, during last year performance evaluation, you threatened to charge me with insubordination if I did not sign the performance evaluation rating form. All I ask is for you to treat me with the same respect you seem to accord to the rest of the staff. I hope that is not asking for too much.

# EXHIBIT 15

## 1405 Eligibility to Receive a Performance Rating

1405.1 Except as otherwise provided in this chapter, each non-probationary employee subject to this chapter shall be rated during the first month of each rating period for the preceding rating period.

1405.2 In order to be eligible to receive an annual performance evaluation, a Performance Plan shall be in place for at least ninety (90) days prior to conducting an annual performance evaluation based on that Performance Plan.

1405.3 An employee who has been reassigned to a position with different duties and responsibilities within ninety (90) days of the end of the rating period shall receive an annual performance evaluation not later than thirty (30) days after commencing the duties of the new position.

1405.4 An employee promoted or demoted during the ninety (90) days prior to the end of the rating period shall receive an annual performance evaluation not later than thirty (30) days after commencing the duties of the new position.

1405.5 The performance evaluation pursuant to §§ 1405.3 and 1405.4 of this section shall be issued by the employee's supervisor for the position from which reassigned, promoted, or demoted as specified in those sections.

1405.6 An employee who was reinstated or restored to duty during the ninety (90) days prior to the end of the rating period shall be rated at the end of the next rating period.

1405.7 An employee who transfers to an agency under the Mayor's personnel authority from another personnel authority or who is newly appointed during the ninety (90) days prior to the end of the rating period shall be rated at the end of the next rating period.

1405.8 An employee reinstated, restored, newly appointed, or transferred shall automatically be considered as having been assigned a rating of Meets Expectations, which shall remain the official rating of record until such time as replaced by another official rating.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    ◄ Top

07 2134

**FILED**

NOV 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ATTACHMENT # 21

# EXHIBIT 16



**KAISER PERMANENTE**

Mid-Atlantic Permanente Medical group, P.C.
Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.
2101 East Jefferson Street  Rockville, MD 20852

Chris C Omekam
999431057

## VERIFICATION OF TREATMENT

The above named patient has received medical treatment on 2/24/06.
Chris C Omekam has been ill and unable to work from 2/24/06 to 3/3/06
- May return to work 3/6/06.

**Provider Signature** : _____
Dr. Dinesh Joshi   2/24/2006   2:45 PM

Internal Med West End
2100 W. Pennsylvania Avenue Nw
Washington, DC 20037
Phone: 202-872-7000

=============================================================
 I certify that I have reviewed, understand and agree with the information above. I authorize the verification
of this VOT form by my  school, my employer, or any person or entity that may be responsible for
payment of services provided through Kaiser Permanente MidAtlantic States.

_____          3-24-06
**Patient Signature**                                **Date**

07 2134

FILED

NOV 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# EXHIBIT 17

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To:  **Chris C. Omekam**<br>**5920 Plata Street**<br>**Clinton, MD 20735** | From:  **Baltimore Field Office**<br>**10 South Howard Street**<br>**3rd Floor**<br>**Baltimore, MD 21201** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **570-2006-00793** | **Mattie J. Whitfield,**<br>**Investigator** | **(410) 209-2752** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Gerald S. Kiel* (signature)

**Gerald S. Kiel,**
**Director**

AUG 2 2 2007

*(Date Mailed)*

Enclosures(s)

cc:    **Jacqueline Johnson**
**Program Manager, E.E.O. Office**
**METROPOLITAN POLICE DEPT.**
**300 Indiana Ave., N.W.**
**Room 6046**
**Washington, DC 20001**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Baltimore Field Office**

City Crescent Building
10 South Howard St., 3rd Floor
Baltimore, MD 21201
National Contact Center:  (800) 669-4000
National Contact Center TTY:  (800) 669-6820
Baltimore Status Line:  (866) 408-8075
Baltimore Direct Dial:  (410) 209-2237
TTY (410) 962-6065
FAX (410) 962-2817/4270

AUG 2 2 2007

Mr. Christopher C. Omekam
5920 Plata Street
Clinton, MD 20735

Re: Christopher C. Omekam v. DC Metropolitan Police Dept.
EEOC Charge No: 570-2006-00793C

Dear Mr. Omekam:

The investigation of your charge of employment discrimination has been completed. The position statement was received and reviewed. A copy of the position statement was forwarded to you for your review without attachments. Your rebuttal with attachments was received and reviewed.

You alleged that you were discriminated against because of your national origin (Nigerian) and retaliated against for participating in a protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended and Section 704 (a) of the same Act, with respect to harassment and unequal terms and conditions of employment.

Respondent submitted documentation to indicate that you were a Management Analyst GS 13 and your comparator was a Management Analyst GS 9. Respondent stated that you did receive a letter of warning that you were facing an "Unsatisfactory" rating. Respondent indicated that you did improve and received a "Satisfactory" rating in 2006. Respondent submitted documentation to indicate that your supervisor unintentionally amended the "postponed rating dated March 30, 2005, instead of June 30, 2005, the actual final rating. Respondent stated that when you brought this to the attention of your supervisor, it was corrected.

In your rebuttal that was submitted with attachments on April 20, 2007, there was no information submitted to show that some one similarly situated to you was treated differently. You cannot compare yourself to the Management Analyst GS 9. Your duties and responsibilities at the GS 13 level were different from the GS 9 Management Analyst.

Based upon an analysis of the information submitted by Respondent and you during the course of the investigation, it is believed that further investigation would not result in a cause finding of Title VII of the Civil Rights Act of 1964, as amended Section 704 (a) of the same Act. The Commission will not pursue further investigation of this charge. You now have the right to file a lawsuit against the Respondent within **90 days** from the date you receive the

Notice of Right to Sue and Dismissal. If you fail to file suit within the appropriate time, you will lose your right to pursue this matter in court.

I hope this has been helpful to you.

Sincerely,

Mattie J. Whitfield
Investigator
www.mattie.whitfield@eeoc.gov
(410) 209-2752

Enclosure