UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

CHRIS OMEKAM,                                          )
                                                       )
      Plaintiff,                                   )
                                                       )
v.                                                     ) Civil Action No.  07-02134-JDB
                                                       )
METROPOLITAN POLICE DEPARTMENT, et al.,                )
                                                       )
      Defendants.                                  )
_____)

### DEFENDANTS METROPOLITAN POLICE DEPARTMENT, ETHEL JONES, DEBRA HOFFMASTER, NOLA JOYCE, AND RICKY MITCHELL'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

Defendants Metropolitan Police Department ("MPD"), Ethel Jones ("Jones"), Debra Hoffmaster ("Hoffmaster"), Nola Joyce ("Joyce"), and Ricky Mitchell ("Mitchell") collectively referred to herein as defendants, through counsel, pursuant to Fed. R. Civ. P. 12(b) and 56(c), moves this Honorable Court to dismiss the complaint with prejudice as against these Defendants, or in the alternative, grant judgment in favor of the Defendants.  The bases for this motion are:

    1.      The complaint fails to state a claim upon which relief may be granted.

    2.      The Plaintiff's claims against the Metropolitan Police Department are barred because the entity is *non sui juris*.

    3.      Plaintiff's Title VII claims against Defendants Jones, Hoffmaster, Joyce, and Mitchell are precluded because there is no vicarious liability under Title VII.  Moreover, suits against defendants in their official capacities may not be maintained.

    4.      Substitution of the District as a party in this case would be futile because plaintiff failed to provide statutory notice to the District within six months pursuant D.C. Code § 12-309 and does not set forth a cognizable claim for municipal liability under 42 U.S.C. § 1983.

5.    For reasons more fully explained in the attached Memorandum of Points and Authorities in support of this motion.

**WHEREFORE**, Defendants pray that judgment be entered in their favor and the subject complaint be dismissed with prejudice and without leave to amend.

Date:  March 28, 2008                    Respectfully submitted,

                                        PETER NICKLES
                                        Interim Attorney General for the District of Columbia

                                        GEORGE VALENTINE
                                        Deputy Attorney General
                                        General Litigation Division

                                        /s/Kimberly Matthews Johnson
                                        KIMBERLY MATTHEWS JOHNSON, #435163
                                        Chief, General Litigation Sec. I

                                        /S/  Darrell Chambers
                                        DARRELL CHAMBERS[1]
                                        Assistant Attorney General
                                        441 4TH Street, NW, Suite 600 South
                                        Washington, D.C.  20001
                                        202-724-6539
                                        e-mail: darrell.chambers@dc.gov

### CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendants Metropolitan Police Department, Ethel Jones, Debra Hoffmaster, Nola Joyce, and Ricky Mitchell's Motion to Dismiss or in the Alternative, for Summary Judgment was served by first class postage prepaid U.S. mail, this 28th day of MARCH, 2008, on:

Chris C. Omekam
5920 Plata Street
Clinton, MD 20735
Plaintiff, Pro Se

                                        /S/  Darrell Chambers
                                        DARRELL CHAMBERS

---

[1] Pursuant to the Local Rules of the United States District Court for the District of Columbia, Darrell Chambers has registered with the Clerk's office as a Government Attorney and is appearing pursuant to LCvR 83.2.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

CHRIS OMEKAM,                                    )
                                                 )
        Plaintiff,                               )
                                                 )
v.                                               ) Civil Action No.  07-02134-JDB
                                                 )
METROPOLITAN POLICE DEPARTMENT, et al.,          )
                                                 )
        Defendants.                              )
_____)

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

*Factual Background*

Plaintiff filed the instant suit claiming discrimination on the basis of national origin in violation of Title VII, 42 U.S. C. §§ 1983 and 1985.  Essentially, Plaintiff complains that he was the Metropolitan Police Department's ("MPD") Acting Accreditation Manager for six years and was denied formal appointment as MPD's Accreditation Manager. See complaint.  Plaintiff also claims that Defendants "conspired" against him to document poor performance. See complaint.  Plaintiff further complains that defendants falsified official documents in their campaign against him. See complaint.  Plaintiff claims he was constructively discharged on July 9, 2006. See complaint.  Plaintiff received a right to sue letter on or about October 31, 2007. See complaint.  Plaintiff filed the entitled action on November 23, 2007.  Plaintiff raises claims under Title VII, negligence, slander, libel, defamation of character, discrimination, conspiracy, harassment, infliction of mental anguish, and retaliation in a ten count complaint. See complaint.  Plaintiff seeks compensatory and punitive damages of $1.5 million, jointly and severally, plus pre- and post-judgment interest and costs.

Plaintiff's complaint fails to state a claim upon which relief may be granted, as the claims against the MPD are barred because the entity is *non sui juris*. In addition, Plaintiffs' Title VII claims against Defendants Jones, Hoffmaster, Joyce and Mitchell are precluded because there is no vicarious liability under Title VII. Moreover, suits against Defendants in their official capacities may not be maintained because the suit is really against the municipality. Finally, substitution of the District as a party in this case would be futile because plaintiff's common law claims are barred due to plaintiff's non-compliance with D.C. Code § 12-309 and his complaint fails to set forth cognizable claims against the District under 42 U.S.C. §1983 & §1985. Accordingly, judgment should be entered in favor of all the Defendants and the complaint must be dismissed with prejudice.

***Argument***

## I.     THE LEGAL STANDARD

### a.     Dismissal for failure to state a claim.

While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp., et al. v. William Twombly, et al.*, 127 S. Ct. 1955 (2007). Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 127 S. Ct. at 1964. When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court. *Id.* at 1966.

A motion to dismiss for failure to state a claim should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of

facts that would justify relief. *Haynesworth v. Miller,* 820 F.2d 1245, 1254 (D.C. Cir. 1987);

*Conley v. Gibson,* 355 U.S. 41, 45 (1957) (complaint should not be dismissed for failure to state

claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of her

claim which would entitle her to relief). The movant is not entitled to judgment if there are

allegations in the complaint which, if proved, would provide a basis for recovery. *Haynesworth,*

820 F.2d at 1254. As this Court has observed,

> When a party moves to dismiss for lack of subject-matter jurisdiction or for judgment on
> the pleadings, the court may consider the motion based on the complaint standing alone
> or, where necessary, on the complaint "supplemented by undisputed facts evidenced in
> the record, or the complaint supplemented by undisputed facts plus the court's resolution
> of disputed facts." This standard follows from the "well-established practice -- endorsed
> by the Supreme Court forty-five years ago ... of allowing the District Court to make
> findings when a factual dispute regarding jurisdiction does arise."

*Dale v. Executive Office of the President,* 164 F. Supp. 2d 22, 25 (D.D.C. 2001) (citations
omitted). *See also Longwood Village Restaurant, Ltd. v. Ashcroft,* 157 F. Supp. 2d 61, 66-67
(D.D.C. 2001).

**b.     Summary Judgment.**

Fed. R. Civ. P. 56(c) provides that summary judgment:

> shall be rendered forthwith if the pleadings, depositions, answers
> to interrogatories, and admissions on file, together with the
> affidavits, if any, show that there is no genuine issue as to any
> material fact and that the movant is entitled to a judgment as a
> matter of law.

Once a movant for summary judgment has made the required showing under the rule, the

burden shifts to the opposing party to show the existence of an issue of material fact. Nader v. de

Toledano, 408 A.2d 31 (DC App. 1979), cert. denied, 444 US 1078 (1980). A motion for

summary judgment should be granted unless the party opposing the motion counters the factual

allegations with specificity. Miller v. American Coalition of Citizens With Disabilities, Inc., 485

A.2d 186 (DC App. 1984).

The United States Supreme Court has held that in the case of a motion for summary judgment:

> the burden is not on the party moving for summary judgment to produce evidence showing the absence of a genuine issue of material fact, even with respect to an issue on which the nonmoving party bears the burden of proof.  Instead, as we have explained, the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case.

Celotex Corporation v. Catrett, 477 US 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

## II.    DEFENDANTS ARE ENTITLED TO JUDGMENT IN THEIR FAVOR

### a.    The complaint fails to state a claim upon which relief may be granted against MPD because the entity is *non sui juris*.

It has long been held in this jurisdiction that agencies and departments within the District of Columbia government are not suable as separate entities.  *See Roberson v. District of Columbia Board of Higher Education*, 359 A.2d 28, 31, n. 4 (D.C. 1976) (Board of Higher Education not a suable entity)(dictum); *Miller v. Spencer*, 330 A.2d 250, 251, n.1 (D.C. 1974) (Department of Sanitation not suable); *Ray v. District of Columbia*, 535 A.2d 868, 869, n. 2 (D.C. 1987) (holding that Fire Department, the Board of Police and Fire Surgeons, and the Police and Fire Clinic and not *sui juris* entities).[2]  "A non-corporate department or other body within a municipal corporation is not *sui juris*."  *Braxton v. National Capital Housing Authority*, 396 A.2d 215, 216 (D.C. 1978); *see also* McQuillan Municipal Corporations § 12.40 (3d ed. 1973); *Turner v. District of Columbia*, 532 A.2d 662, 672 (D.C. 1987).  Decisions from the District of Columbia Court of Appeal have consistently held that, in the absence of a statutory provision providing otherwise, bodies within the District of Columbia Government are not suable entities."

---

[2] *Cf.*, D.C. Code § 6-203(11) provides that the District of Columbia Housing Authority can sue and be sued in its own name.

*Hinton v. Metropolitan Police Department*, 762 F.Supp. 875 (D.D.C. 1989); *see also Braxton*, 396 A.2d at 216; *Roberson v. District of Columbia Board of Higher Education*, 359 A.2d 28 (D.C. 1976) (Board of Education not a suable entity); *Miller v. Spencer*, 330 A.2d 250 (D.C. 1974). Plaintiff does not even attempt to claim that the MPD is a municipal corporation or has the capacity to sue and be sued. He merely asserts that the Department, through its agents, violated his constitutional rights. There is no independent statutory provision allowing the MPD to sue or be sued. Accordingly, insofar as the complaint attempts to style a claim against the MPD, it must be dismissed with prejudice.

**b.    Plaintiff's Title VII Claims against Defendants Jones, Hoffmaster, Joyce, and Mitchell are precluded by the Vicarious Liability doctrine.**

Plaintiff's complaint must be dismissed against all the individual Defendants because Title VII does not authorize vicarious liability suits against individual employees. *See e.g.*, *Russ v. Van Scoyoc Assocs.*, 59 F. Supp. 2d 20, 24 (D.D.C. 1999) (Title VII specifically prohibits acts of discrimination by an "employer," and makes a clear distinction between "persons" and "employers." 42 U.S.C. § 2000e-2(a)). Thus, as the U.S. Court of Appeals for the District of Columbia held in *Gary v. Long*[3], while a supervisory employee may be joined as a party defendant in a Title VII action, that employee must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII. *See also Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir. 1991)[4]. *Wallace v. Skadden, Arps, Slate, Meagher,*

---

[3] 313 U.S. App. D.C. 403, 59 F.3d 1391, 1399 (D.C. Cir.), *cert. denied*, 516 U.S. 1011, 133 L. Ed. 2d 493, 116 S. Ct. 569 (1995).

[4] Also, by analogy, under the doctrine of *respondeat superior* a supervisory official is not liable for the alleged torts of his subordinate employees, for which only the master (here, the District) is liable. *Robertson v. Sichel*, 127 U.S. 507 (1888). *See also Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). The United States Court of Appeals for the District of Columbia Circuit has set forth this maxim, stating:

"... a superior officer is not subject to vicarious liability for the torts of his subordinates, whether at common law or under § 1983, because they are both servants of the same employer.... "

*Carter v. Carlson*, 447 F.2d 358, 370, n. 39 (D.C. Cir. 1971), *rev'd on other grounds, sub nom District of Columbia v. Carter*, 409 U.S.

*Flom*, 715 A.2d 873, 889 (D.C. App. 1998). Plaintiff sued Defendants Jones, Hoffmaster, Joyce, and Mitchell in their official capacities as members of the MPD. Since there is no provision for individual liability under Title VII, Plaintiff's claims against these Defendants under Title VII are meritless and must be dismissed.

**c.      The claims against defendants in their official capacities may not be maintained.**

The individual Defendants are absolutely entitled to dismissal from this action as a matter of law. As set forth above, there is no basis for any suit against an individual Defendant in this case. Likewise, a suit against Defendants in their official capacity is a suit against the District of Columbia. Defendants are not proper parties in this lawsuit and the complaint must be dismissed.

A suit against an employee of the District of Columbia in his official capacity must be treated as a suit against the District of Columbia. Specifically, "…suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dept . of State Police*, 491 U.S. 58, 71 (1989) (*citing Brandon v. Holt*, 468 U.S. 464 (1985)); *see e.g. Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (§ 1983 action against government official in official capacity is simply "another way of pleading an action against an entity of which an officer is an agent.") Thus, this suit against defendants in their official capacity is treated as if it were a suit against the District of Columbia itself. *Kentucky v. Graham, supra*; *see also Atchinson v. District of Columbia*, 315 U.S. App. D.C. 318, 73 F.3d 418, 424 (D.C. Cir. 1996). *Johnson v. Williams*, 2006 U.S. Dist. LEXIS 68966, 2-3 (D.D.C. 2006). Plaintiff cannot recover against Defendants in their official capacity as a matter of law, and, thus, the complaint

---

418 (1973). The court explained that,

> **"…of course, Carlson's master for this purpose is his employer, the District, and not the supervisory officers who are in fact his fellow employees."**

*Id.,* citing *Robertson v. Sichel, supra.*

must be dismissed.

**d.      Plaintiff's complaint fails to state claims for negligence, slander, libel, defamation of character.**

Fed. R. Civ. P. 8 (a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Rule 8(e)(1) requires "[e]ach averment of a pleading [to be] simple, concise, and direct." The purpose of these rules is to give fair notice of the claim being asserted so that the defendant will have an opportunity to file a responsive answer, prepare an adequate defense, and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "Taken together, Rules 8(a) and 8(e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (citations omitted).  As indicated above, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp., et al. v. William Twombly, et al.*, 127 S. Ct. 1955 (2007). Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 127 S. Ct. at 1964. When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court. *Id.* at 1966.  Plaintiff's complaint lists negligence, slander, libel, and defamation of character as individual counts.  Plaintiff lists no facts or allegations of any kind in these counts, leaving nothing more than labels and a prayer for relief.  These labels do not sufficiently place Defendants on notice of the claims asserted against them and certainly do not provide Defendants with an opportunity to a responsive answer or prepare an adequate defense.  They are not sufficient to raise an entitlement to relief for the Plaintiff and, therefore, they must be dismissed with prejudice.

9

e.     **The Plaintiff's claims for damages resulting from Libel, Slander, and Defamation of Character are barred by the applicable statute of limitations.**

D.C. Code § 12-301 (4) proscribes the limitation of time for bringing actions in the District of Columbia.  The statute reads in pertinent part:

> "Except as otherwise specifically provided by law, actions for the following purposes may not be brought after the expiration of the period specified below from the time the right to maintain the action accrues:
>
>> (4) for libel, slander, assault, battery, mayhem, wounding, malicious prosecution, false arrest or false imprisonment – 1 year;"

D.C. Code § 12-301 (4)

The plain language of the statute mandates that an individual's claim for libel and slander be filed within one year of the date the cause of action accrues. See *Deloris M. Saunders v. Massoud Nemati*, 580 A.2d 660 (1990); See also *Rogers v. Johnson-Norman*, 466 F. Supp. 2d 162 (2006); *Rynn v. Jaffe,* 457 F. Supp 2d 22 (2006) (defamation, assault, battery, false arrest, false light, and false imprisonment claims were time barred under the District of Columbia's one-year statute of limitations).

Plaintiff alleges that he separated from his employment with MPD on July 9, 2006. See complaint.  He has not alleged any defamatory acts by defendants subsequent to that time. See complaint.  Using the date of the final act alleged in Plaintiff's complaint it is clear that, in order to maintain an action for libel and slander Plaintiff was required to file on or before July 9, 2007. Plaintiff's complaint was filed on November 23, 2007, well outside the one year limit.  Thus, plaintiff's libel, slander and defamation of character claims must be denied as time barred.

f.     **The District of Columbia Should Not Be Substituted As a Party because Plaintiff failed to Comply with D.C. Code §12-309, and the Complaint Fails to Set Forth  Cognizable Claims Against the District of Columbia Under 42 U.S.C. §§ 1983 & 1985.**

1.     **Plaintiff Failed to Comply with D.C. Code §12-309**

Plaintiff's complaint is comprised of several intentional tort claims including libel, slander, and defamation of character.  Accordingly, Plaintiff was required to comply with the mandatory notice provision set forth in D.C. Code §12-309 (1981).  That section provides that:

> [a]n action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.  A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

D.C. Code §12-309(1981 edition).

Section 12-309 was enacted to give the District "an early warning" regarding future litigation in order to allow quick investigation before evidence becomes lost, and the correction of hazardous conditions. Pitts v. District of Columbia, 391 A.2d 803, 807 (D.C. App. 1978); Braxton v. National Capital Housing Authority, 396 A.2d 215, 217 (D.C. App. 1978); Gwinn v. District of Columbia, 434 A.2d 1376, 1378 (D.C. App. 1981). The statute is not, and does not function as a statute of limitations; rather, it imposes a notice requirement on everyone with a tort claim against the District of Columbia, and compliance with its terms is a mandatory prerequisite to filing suit against the District.  See District of Columbia v. Dunmore, 662 A.2d 1356 (1995).  This section does not permit equitable tolling of the six-month notice requirement. See Fein v. District of Columbia, 697 A.2d 23 (1997). Because the statute is in derogation of the common law, it must be strictly construed. Pitts, *supra*.  The District of Columbia Court of Appeals has emphasized that the requirements of Section 12-309 are mandatory, and a plaintiff's failure to ensure timely, written notice will preclude him from litigating his claim. Breen v. District of Columbia, 400 A.2d 1058, .1062 (D.C. App. 1979).  This section also applies to intentional torts.  Id.  In the instant case, plaintiff failed to comply with the requirements of the

statute, in that he did not notify the District of his claims. The effect is that the plaintiff has failed to state a claim upon which relief can be granted, and the District is entitled to judgment as a matter of law.

**2.      Plaintiff's Complaint Fails to Set Forth Cognizable Claims Against the District of Columbia Under 42 U.S.C. §§ 1981 & 1985.**

> **i.        Plaintiff has not pled a proper § 1981 claim.**

The Plaintiff should not be allowed to substitute the District as a defendant in his constitutional claims because the plaintiff has not alleged the Defendants infringed upon his right to make and enforce a contract. The plaintiff alleges that the MPD violated several of his rights under the U.S. Constitution, and demands relief for these violations pursuant to 42 U.S.C. § 1981. See complaint at P. 16. However, Plaintiff has not pled a proper 42 U.S.C. § 1981 claim. That section of the Civil Rights Act specifically protects the right of individuals to make and enforce contracts. Thus, to make out a colorable Section 1981 claim, Plaintiff must allege, and prove, that his right to make and enforce a contract has been infringed. The Supreme Court recently stated in *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470 at 475 (2006):

> Among the many statutes that combat racial discrimination, § 1981, originally § 1 of the Civil Rights Act of 1866, 14 Stat. 27, has a specific function: It protects the equal right of "all persons within the jurisdiction of the United States" to "make and enforce contracts" without respect to race. The statute currently defines "make and enforce contracts" to "include the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." § 1981(b).

Plaintiff has not alleged that MPD, the District, or any of the Defendants, infringed upon his right to make and enforce contracts. No reading of the Plaintiff's complaint, however strained, would entitle him to relief under Section 1981. Thus, Plaintiff's claim based on that section must be dismissed.

**ii.    Plaintiff should not be allowed to substitute the District in its claim under 42 U.S.C. § 1981 because Plaintiff has not alleged that the District's custom or policy violated his rights.**

In order to maintain a claim against the District under 42 U.S.C. § 1981, Plaintiff must allege and establish that a custom or policy of the District was the moving force that caused him harm. *Jett v. Dallas Independent School District,* 491 U.S. 701, 710-737 (1989) <u>partially superseded by statute as stated in</u> *Cheung v. Wambolt*, 2005 U.S. Dist. LEXIS 10808 (D. Me. June 2, 2005). Since Plaintiff has failed to make such allegations and indeed cannot prove that the District's custom or policy, approved by one of the District's policymakers, was the cause of his alleged injuries, Plaintiff must not be allowed to substitute the District as a defendant in this case.

In 1987, when *Jett* was decided, 42 U. S. C. § 1981 provided that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and no other."

The statute did not provide for liability against the government. *Jett, supra.*

In *Jett*, however, the Supreme Court addressed two critical issues relating to municipal liability under Section 1981. *Jett* was an employment discrimination case where a white teacher sued the principal and school district claiming that his termination from his coaching job was because of his race. Plaintiff brought suit under Sections 1981 and 1983. First, the Supreme Court held that Section 1983 was plaintiff's exclusive remedy for any alleged violations of his rights, and under Section 1983 the school district could not be held liable under a theory of *respondeat superior. Jett*, 491 U.S. at 731. Second, and on point with the issues in the instant

case, the Supreme Court held that the "custom and policy" analysis announced in *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978), applies to municipal liability under §1981. *Jett*, 491 U.S. at 731.

In 1991, the Civil Rights Act of 1991, Section 101 amended Section 1981 by adding two subsections, one of which was Section 1981(c). This new subsection provides that "the rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c). The 1991 amendment to Section 1981 provided for direct liability against government entities and reversed the Supreme Courts' holding in *Jett* as to this question.

The amendment did not, however, effect the Supreme Court's holding as to the custom and policy required. *Powell v. City of Pittsfield,* 143 F. Supp. 2d 94, 110-114 (D.Mass. 2001). Since the 1991 amendment to Section 1981, courts have consistently applied the custom and policy analysis to Section 1981 claims against municipalities. *Medina v. District of Columbia* 2007 U.S. Dist. (Decided June 6, 2007) (Sullivan, J.) (custom and policy analysis applied to a violation of rights under §1981); *Taylor, et al. v. District of Columbia Water & Sewer Authority*, 241 F.R.D. 33, n5 (Decided March 13, 2007) (Kennedy, J.) (The requirement of a common policy applies to intentional discrimination under Section 1981); *Federation of African Am. Contractors*, *et al. v. City of Oakland, et al.,* 96 F.3d 1204, 1215 (Ninth Cir. 1996); *Johnakin v. City of Philadelphia*, 1996 U.S. Dist. LEXIS 445, No. Civ. A. 95-1588, 1996 WL 18821, at *4 (E.D. Pa. Jan. 18, 1996); *Gallardo v. Bd. Of County Comm'rs*, 857 F. Supp. 783, 786-87 (D. Kan. 1994); *see also Philippeaux v. N. Cent. Bronx Hosp.*, 871 F. Supp. 640, 654-56 (S.D.N.Y. 1994) (not resolving whether section 1981(c) overturns *Jett*'s first principal, but holding that "policy or custom" must yet be established). Thus, in order to maintain a claim against the District under

Section 1981, Plaintiff must still allege and prove that his injuries were caused by a custom or policy approved by a District policymaker in accordance with *Monell, supra.* Having not even alleged such a custom or policy by the District, Plaintiff should not be allowed to amend his complaint and substitute the District as a defendant.

     **iii.**    **Plaintiff should not be allowed to substitute the District in its claim under 42 U.S.C. § 1985.**

Plaintiff's conspiracy claim pursuant to 42 U.S.C. § 1985 also fails.  Plaintiffs aver that the defendants conspired to violate his rights when they engaged in a course of conduct intended to discriminate against him based on his national origin.  <u>See</u> Complaint P. 16.  A civil conspiracy occurs when two or more persons acting in concert plan, attempt and/or commit an unlawful act, or to commit a lawful act by unlawful means. *See Graves v. U.S.,* 961 F. Supp. 314, 320 (D.D.C. 1997), <u>reconsideration denied</u>, 967 F. Supp. 572. "A [municipality] cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the [municipality]." *See Hilliard v. Furgeson,* 30 F.3d 649, 653 (5th Cir. 1994); *See also, Hull v. Cuyahoga Valley Joint Vocational Sch. Dist.,* 926 F.2d 505 (6th Cir. 1991). In *Hull,* plaintiff alleged that the Cuyahoga School Superintendent conspired with the executive director of the district and a school administrator, all of whom were School Board employees. The court held that, as all were members of the same collective entity, the conspiracy did not involve two or more people, and plaintiff's conspiracy claimed failed as a matter of law. In addition, *see Moody v. Jefferson Parish School Board,* 803 F. Supp. 1158, 1166 (E.D.La. 1992) (holding School Board, Principal, Vice-Principal, and various teachers are all employed by the Jefferson Parish School Board and, thus, are a single entity), <u>aff'd</u> 2 F.3d 604 (5th Cir.1993); *Hankins v. Dallas Indep. Sch. Dist.,* 698 F. Supp. 1323, 1330 (N.D.Tex.1988) (holding high school and its officials constitute a single entity); *Chambliss v. Foote,* 421 F. Supp. 12, 15

(E.D.La.1976) (holding "the university and its officials are considered as constituting a single legal entity which cannot conspire with itself"), aff'd, 562 F.2d 1015 (5th Cir.1977), cert. denied, 439 U.S. 839, (1978).

The general rule that a municipality cannot conspire with itself has been applied in this jurisdiction. *See Gladden v. Barry,* 558 F. Supp. 676 (D.D.C. 1983), and *Michelin v. Jenkins,* 704 F. Supp. 1 (D.D.C. 1989). Plaintiffs' averments that the District and its employees conspired with one another to violate his civil rights defeats his claim since the District and its employees and agents are a single entity that cannot conspire with itself. Consequently, Plaintiff's conspiracy claims fail as a matter of law and he should not be allowed to substitute the District as a defendant in this case.

Conclusion

Based upon the foregoing, it is respectfully submitted that the plaintiff's complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted, failure to name a proper defendant, and failure to adhere to Fed. R. Civ. P. 8(a)(2), 8(e)(1).

Date:  March 28, 2008                    Respectfully submitted,

PETER NICKLES
Interim Attorney General for the District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/Kimberly Matthews Johnson
KIMBERLY MATTHEWS JOHNSON, #435163
Chief, General Litigation Sec. I

/S/   Darrell Chambers
DARRELL CHAMBERS
Assistant Attorney General
441 4TH Street, NW, Suite 600 South
Washington, D.C.  20001
202-724-6539
e-mail: darrell.chambers@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
CHRIS OMEKAM,                                       )
                                                    )
        Plaintiff,                                  )
                                                    )
v.                                                  ) Civil Action No.  07-02134-JDB
                                                    )
METROPOLITAN POLICE DEPARTMENT, et al.,             )
                                                    )
        Defendants.                                 )
_____)

DEFENDANTS' STATEMENT OF MATERIAL UNDISPUTED FACTS

1.        Plaintiff was employed with the Metropolitan Police Department. <u>See</u> complaint.

2.        The occurrences of which Plaintiff complains stem from March of 2004 until his
date of separation from employment on July 9, 2006. <u>See</u> complaint.

3.        The last act of alleged misconduct by the Defendants herein occurred on July 9,
2006. <u>See</u> complaint.

4.        Plaintiff failed to provide the District with statutory notice of his claim mandated
by D.C. Code §12-309. <u>See</u> affidavit of Mia Powell Liley, District of Columbia Office of
Risk Management attached as Exhibit #1.

                                   Respectfully submitted,

                                   PETER NICKELS
                                   Interim Attorney General for the District of Columbia

                                   GEORGE C. VALENTINE
                                   Deputy Attorney General, Civil Litigation Division

                                   \s\ Kimberly M. Johnson
                                   KIMBERLY M. JOHNSON [435163]
                                   Chief, General Litigation Sec. I

\s\ Darrell Chambers
DARRELL CHAMBERS
Assistant Attorney General
441 4TH Street, N.W., 6th Floor South
Washington, D.C.  20001
202-724-6539; 202-727-3625
e-mail: darrell.chambers@dc.gov

## CERTIFICATE PURSUANT TO LOCAL RULE 12-I

I hereby certify that I contacted plaintiff, Chris Omekam, on the 24th day of MARCH, 2008,

to request his consent to the relief sought in this motion.  However, Mr. Omekam opposes motion.

\s\ Darrell Chambers
DARRELL CHAMBERS

## CERTIFICATE OF SERVICE

I hereby certify that copies of Defendants Metropolitan Police Department, Ethel Jones,

Debra Hoffmaster, Nola Joyce, and Ricky Mitchell's Motion to Dismiss or in the Alternative, for

Summary Judgment and Memorandum in Support Thereof were served by first class postage

prepaid U.S. mail, this 28th day of MARCH 2008, on:

Chris C. Omekam
5920 Plata Street
Clinton, MD 20735
Plaintiff, Pro Se

/S/   Darrell Chambers
DARRELL CHAMBERS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

CHRIS OMEKAM,                                     )
                                                  )
         Plaintiff,                               )
                                                  )
v.                                                ) Civil Action No.  07-02134-JDB
                                                  )
METROPOLITAN POLICE DEPARTMENT, et al.,           )
                                                  )
         Defendants.                              )
_____ )

## **ORDER**

Upon the motion of Defendants and pursuant to Fed. R. Civ. P. 12(b)(6), 8(a)(2), 8(e)(1) ,

and 56(c), and any opposition thereto by the Plaintiff, it is this ___ day of _____, 2008

         ORDERED that the Defendants' motion be, and it is hereby GRANTED;

         FURTHER ORDERED that Judgment is entered against the Plaintiff and in favor of

Defendants;

         FURTHER ORDERED that the Plaintiff's complaint is dismissed with prejudice.


                                        _____
                                        United States District Judge



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRIS OMEKAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-02134-JDB |
| | ) |
| METROPOLITAN POLICE DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

<u>AFFIDAVIT OF MIA POWELL LILEY</u>

I, MIA POWELL LILEY, being duly sworn, states that the following is true to the best of

my knowledge, information and belief:

1.      I am the Manager, Settlements and Judgments for the Tort Liability Division, District of

Columbia Office of Risk Management.  The Tort Liability Division receives, processes and

investigates potential claims against the District of Columbia, pursuant to D.C. Official Code § 12-

309 (2001 ed.).  The Office of Risk Management commenced to receive potential claims on January

15, 2004.

2.      Receipt of written notice of claims against the District of Columbia, are forwarded directly

to the Tort Liability Division for processing.  When the Tort Liability Division receives notices of

claims either from the Mayor's Office or directly, the Tort Liability Division records the receipt of

such notice in its claims management system.

3.      Claims previously handled by the Claims Unit for the Office of the Attorney General still

under investigation as of January 15, 2004, were also transferred to the Office of Risk

Management and recorded in its claims management system.

4.      I have conducted a diligent search of the records placed in the Risk Management system in the DC Office of Risk Management.  The result of this search has revealed that the Tort Liability Division of the District of Columbia Office of Risk Management has received no claim notice from Chris Omekam that referred to claims described in the complaint in Civil Action No. 07-02134-JDB; description of complaint: libel, slander, defamation of character for incident period January 15, 2004- 2006.

MIA POWELL LILEY

DISTRICT OF COLUMBIA, ss:

I, Susana Suarez, a Notary Public in and for the District of Columbia, do hereby certify that MIA POWELL LILEY , whose name is signed to the foregoing affidavit, bearing the date of the 27 day of MARCH, 2008, personally appeared before me and executed the said release, and acknowledged the same to be her act and deed.

Given under my hand and official seal this 27 day of January, 2008.

NOTARY PUBLIC

My Commission Expires:        SUSANA SUAREZ
                    NOTARY PUBLIC OF COLUMBIA
                    My Commission Expires
                    August 14, 2010

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                      )
CHRIS OMEKAM,                                         )
                                                      )
          Plaintiff,                                  )
                                                      )
v.                                                    ) Civil Action No.  07-02134-JDB
                                                      )
METROPOLITAN POLICE DEPARTMENT, et al.,               )
                                                      )
          Defendants.                                 )
_____)

**<u>ORDER</u>**

     Upon the motion of Defendants and pursuant to Fed. R. Civ. P. 12(b)(6), 8(a)(2), 8(e)(1) ,

and 56(c), and any opposition thereto by the Plaintiff, it is this ___ day of _____, 2008

     ORDERED that the Defendants' motion be, and it is hereby GRANTED;

     FURTHER ORDERED that Judgment is entered against the Plaintiff and in favor of

Defendants;

     FURTHER ORDERED that the Plaintiff's complaint is dismissed with prejudice.


                                        _____
                                        United States District Judge