UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRIS C. OMEKAM, <br> 5920 Plata Street <br> Clinton, MD  20735 <br> <br> Plaintiff, <br> <br> v. <br> <br> DISTRICT OF COLUMBIA <br> 414 4th Street, N.W. <br> Washington, D.C.  20001 <br> <br> Serve:  Mayor Adrian M. Fenty <br> 1350 Pennsylvania Ave., N.W. <br> Room 419 <br> Washington, D.C.  20004 <br> <br> Office of the Attorney General <br> 441 4th Street, N.W. <br> Suite 600 S <br> Washington, D.C.  20001 <br> <br> Defendant | Case No.   1:07-cv-02134-JDB |

**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff, Chris C. Omekam, by counsel, and pursuant to Fed. R. Civ. P. 15, moves for leave to file an amended complaint.  In support of this motion, Plaintiff submits the attached memorandum of points and authorities.

        Respectfully submitted,

        _____/s/_____
Alan Lescht, DC Bar # 441691
Susan L. Kruger, DC Bar # 414566
Alan Lescht & Assoc., PC
1050 17th St., NW, Suite 220
Washington, D.C. 20036
Tel (202) 463-6036
Fax (202) 463-6067
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRIS C. OMEKAM,<br>5920 Plata Street<br>Clinton, MD  20735<br><br>      Plaintiff,<br><br>      v.<br><br>DISTRICT OF COLUMBIA<br>414 4th Street, N.W.<br>Washington, D.C.  20001<br><br>Serve:  Mayor Adrian M. Fenty<br>         1350 Pennsylvania Ave., N.W.<br>         Room 419<br>         Washington, D.C.  20004<br><br>         Office of the Attorney General<br>         441 4th Street, N.W.<br>         Suite 600 S<br>         Washington, D.C.  20001<br><br>      Defendant | Case No.    1:07-cv-02134-JDB |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff, Chris C. Omekam, by counsel, states the following in support of his motion for leave to file an amended complaint:

Mr. Omeckam filed a pro se complaint on November 23, 2007 against the District of Columbia Metropolitan Police Department, Nola M. Joyce, Debra Hoffmaster, Ethel Jones and Ricky Mitchell.  Defendants moved to dismiss the complaint.  The amended complaint cures the deficiencies raised in the Defendants' motion.  The amended

complaint names the District of Columbia as the sole Defendant and only alleges violations of Title VII of the Civil Rights Act of 1964. A copy of the amended complaint is attached as Exhibit A.

Under Fed Rule Civ. P. 15(a)(2), leave to file an amended complaint should be freely given when justice so requires.

Respectfully submitted,

_____/s/_____
Alan Lescht, DC Bar # 441691
Susan L. Kruger, DC Bar # 414566
Alan Lescht & Assoc., PC
1050 17th St., NW, Suite 220
Washington, D.C. 20036
Tel (202) 463-6036
Fax (202) 463-6067
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRIS C. OMEKAM,<br>5920 Plata Street<br>Clinton, MD  20735<br><br> Plaintiff,<br><br> v.<br><br>DISTRICT OF COLUMBIA<br>414 4th Street, N.W.<br>Washington, D.C.  20001<br><br>Serve: Mayor Adrian M. Fenty<br>   1350 Pennsylvania Ave., N.W.<br>   Room 419<br>   Washington, D.C.  20004<br><br>   Office of the Attorney General<br>   441 4th Street, N.W.<br>   Suite 600 S<br>   Washington, D.C.  20001<br><br> Defendant | Case No.   1:07-cv-02134-JDB |

## AMENDED COMPLAINT

Plaintiff, Chris C. Omekam, by counsel, complains of the defendant as follows:

### JURISDICTION AND VENUE

1. This Court has federal question jurisdiction and venue is proper because the alleged unlawful acts took place here.  This action was filed within 90 days after Plaintiff received his right to sue letter from the U. S. Equal Employment Opportunity Commission ("EEOC").

1

## THE PARTIES

2. Plaintiff Chris C. Omekam resides at 5920 Plata Street, Clinton, Maryland, 20735.

3. On information and belief, Defendant is a municipality organized under the laws of the United States and has its offices at 441 4th Street, N.W., Washington, D.C. 20001.

## FACTS

4. This action is filed under Title VII of the Civil Rights Act of 1964 and alleges that Defendant discriminated against Plaintiff based on his nation origin and in reprisal for complaining to his supervisors about discrimination and for filing a complaint with the EEOC.

5. Plaintiff is of Nigerian descent.

6. Plaintiff was employed with Defendant from March 1994 until July 9, 2006. He was assigned to work as a Management Analyst in the Accreditation Unit of the Metropolitan Police Department ("MPD").

7. On or about December 1, 2004, Plaintiff received an interim performance rating of "outstanding" from his former supervisor.

8. On or about August 5, 2005, Plaintiff's new supervisor rated his performance as merely "satisfactory." By contrast, the supervisor rated his American co-worker's performance as "outstanding" even though Plaintiff's overall performance was better than his coworker's.

9. On or about August 18, 2005, Plaintiff appealed his performance evaluation rating with the MPD's Performance Rating Appeals Committee ("Committee").

10. On or about March 17, 2006, Plaintiff sent a memo to his supervisor complaining about a hostile work environment and how she treated him differently from his co-workers.

11. On or about March 31, 2006, Plaintiff filed a complaint with the EEOC alleging discrimination based on national origin.

12. On or about April 12, 2006, Plaintiff's supervisors issued him a Memorandum of Counseling and a Letter of Warning.

13. On or about May 3, 2006, the Committee concluded that Plaintiff's performance rating should be changed from "satisfactory" to "excellent."

14. Although Plaintiff's supervisor changed Plaintiff's performance rating from "satisfactory" to "excellent," she downgraded his individual rating factors so that the individual rating factors no longer added up to the Excellent Performance Evaluation rating that was recommended by the Committee.

15. On or about May 10, 2006, Plaintiff's supervisor again rated his performance as "satisfactory" even though his performance merited a rating of "excellent" or "outstanding."

16. On or about May 18, 2006, Plaintiff complained to the Executive Director of the Policy Development and Accreditation Unit of MPD about discrimination and hostile work environment. In addition, Plaintiff sent a memorandum to the Executive Director of the Policy Development and Accreditation Unit of

        MPD requesting a meeting with the Senior Executive Director of the Office of Organizational Development, MPD. The MPD officials refused to meet with Plaintiff or respond to his concerns because he had filed a complaint with EEOC.

17. On or about May 19, 2006, Plaintiff amended his EEOC complaint to include a claim for retaliation.

18. On or about May 24, 2006, Plaintiff attempted to meet with his supervisor and the Executive Director concerning his 2006 performance evaluation. During that meeting, the Executive Director became enraged and stated: "Do you know what you have done, filing a serious charge against the Department?"

19. Defendant continued to discriminate and retaliate against Plaintiff by placing him under investigation.

20. Because Defendant's actions were taking a toll on Plaintiff's health, Plaintiff felt he had no choice except to resign effective July 9, 2006.

21. By and through its conduct, Defendant constructively discharged Plaintiff from his employment.

22. Plaintiff has sustained damages as a result of defendant's unlawful conduct consisting of lost wages and benefits, front pay, front benefits, emotional distress, pain and suffering and mental anguish.

## **COUNT 1**

23. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-22.

24. By and through its conduct, Defendant discriminated against Plaintiff on the basis of his national origin in violation of Title VII of the Civil Rights Act of

1964.

## COUNT 2

25. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-24.

26. By and through its conduct, Defendant discriminated against Plaintiff in reprisal for filing an EEO complaint in violation of Title VII of the Civil Rights Act of 1964.

## JURY DEMAND

Plaintiff demands a trial by jury on each count in this complaint.

WHEREFORE, Plaintiff demands judgment against Defendant on Count 1 and seeks $300,000.00 in compensatory damages for pain and suffering, mental anguish, emotional distress and in addition, Plaintiff demands reasonable attorneys' fees, and on Count 2 and seeks $300,000.00 in compensatory damages for pain and suffering, mental anguish, emotional distress and in addition, Plaintiff demands reasonable attorneys' fees; and such other relief as the court deems just and fair.

Date: June 13, 2008                 /s/
                         _____
                                Alan Lescht
                             Susan L. Kruger
                         Alan Lescht & Assoc., PC
                        1050 17th St., NW, Suite 220
                          Washington, D.C. 20036
                             Tel (202) 463-6036
                             Fax (202) 463-6067
                           Attorneys for Plaintiff