UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRIS OMEKAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-02134-JDB |
| ) | |
| DISTRICT OF COLUMBIA ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

Defendant, the District of Columbia ("District"), through counsel, pursuant to Fed. R. Civ. P. 12(b) hereby moves this Court to Dismiss the Plaintiff's Amended Complaint AS Plaintiff fails to establish a cognizable claim under Title VII of the Civil Rights Act.

A Memorandum of Points and Authorities, along with a Statement of Undisputed Material Facts, relevant exhibits, and a proposed Order, are attached hereto.

Because this Motion requests a dispositive ruling by the Court, the District is not required to seek plaintiff's counsel's consent.

**Date: July 28, 2008**        Respectfully submitted,

PETER NICKLES
Acting Attorney General for the District of Columbia

GEORGE VALENTINE
Deputy Attorney General
General Litigation Division

/s/Kimberly Matthews Johnson
KIMBERLY MATTHEWS JOHNSON [435163]
Chief, General Litigation Sec. I

/S/   Darrell Chambers
DARRELL CHAMBERS [980872]
Assistant Attorney General
441 4TH Street, NW, Suite 600 South
Washington, D.C.  20001
202-724-6539
e-mail: darrell.chambers@dc.gov

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 28, 2008, a copy of Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment was served electronically upon:

Alan Lescht, Esquire
Susan Kruger, Esquire
Alan Lescht & Assoc., PC
1050 17th Street, NW, Suite 220
Washington, DC 20036
Attorneys for Plaintiff


/S/   Darrell Chambers
DARRELL CHAMBERS [980872]
Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHRIS OMEKAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-02134-JDB |
| ) | |
| METROPOLITAN POLICE DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

*Factual Background*

Plaintiff filed the instant suit claiming discrimination on the basis of national origin in violation of Title VII of the Civil Rights Act of 1964.  Plaintiff alleges that he was an employee of the Metropolitan Police Department ("MPD") for twelve years. See amended complaint. Plaintiff claims that the District discriminated against him on the basis of his national origin when he was given satisfactory performance evaluations on December 1, 2004 and May 10, 2006 when he was allegedly entitled to receive "excellent" performance evaluations. See amended complaint.  Plaintiff also claims that on April 12, 2006 he was issued a Memorandum of Counseling and a Letter of Warning. See amended complaint.  Plaintiff further alleges that the Defendant retaliated against him when he was placed under investigation. See amended complaint.  Finally, Plaintiff alleges that the Defendant, by engaging in the foregoing actions against him, constructively discharged him from his employment when he was forced to resign on July 9, 2006.  Plaintiff seeks compensatory and punitive damages of $300,000, plus pre and post-judgment interest and costs.

3

Plaintiff's complaint fails to state a claim upon which relief may be granted, as he has failed to set forth cognizable claims against the District under Title VII. Accordingly, judgment should be entered in favor of the District and the complaint must be dismissed with prejudice.

### *Argument*

I.   **THE LEGAL STANDARD**

a.   **Dismissal for failure to state a claim.**

While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp., et al. v. William Twombly, et al.*, 127 S. Ct. 1955 (2007). Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 127 S. Ct. at 1964. When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court. *Id.* at 1966.

A motion to dismiss for failure to state a claim should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Haynesworth v. Miller,* 820 F.2d 1245, 1254 (D.C. Cir. 1987); *Conley v. Gibson,* 355 U.S. 41, 45 (1957) (complaint should not be dismissed for failure to state claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of her claim which would entitle her to relief). The movant is not entitled to judgment if there are allegations in the complaint which, if proved, would provide a basis for recovery. *Haynesworth,* 820 F.2d at 1254. As this Court has observed,

4

> When a party moves to dismiss for lack of subject-matter jurisdiction or for judgment on the pleadings, the court may consider the motion based on the complaint standing alone or, where necessary, on the complaint "supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." This standard follows from the "well-established practice -- endorsed by the Supreme Court forty-five years ago ... of allowing the District Court to make findings when a factual dispute regarding jurisdiction does arise."

*Dale v. Executive Office of the President,* 164 F. Supp. 2d 22, 25 (D.D.C. 2001) (citations omitted). *See also Longwood Village Restaurant, Ltd. v. Ashcroft,* 157 F. Supp. 2d 61, 66-67 (D.D.C. 2001).

## II.    THE DISTRICT IS ENTITLED TO DISMISSAL OF THE COMPLAINT

**a.    The complaint fails to state a claim under Title VII because the District took no adverse action against the Plaintiff.**

Plaintiff claims he suffered discrimination and retaliation as a result of his national origin. See amended complaint. In federal as in private employment cases, Plaintiff's are required to present a prima facie case under the *McDonnell Douglas* test by alleging that they have been subjected to some sort of adverse personnel or employment action. *Regina Brown v. Kenneth Brody,* 199 F.3d 446 (D.C. Cir. 1999). Thus, to state a prima facie claim of disparate treatment discrimination, the plaintiff must establish that (1) he is a member of a protected class; (2) he suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination. *Brown*, Id. at 452.

In determining whether something constitutes an adverse employment action, "courts applying Title VII have consistently focused on 'ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating..." *Raymond v. U.S. Capitol Police Board*, 157 F. Supp. 2d 50, 56 (D.D.C. 2001) (quoting *Taylor v. FDIC*, 132 F.3d 753, 764 (D.C. Cir. 1997). The Supreme Court defined a tangible employment action affecting the terms and conditions of an employee's employment in *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742,

5

118 S. Ct. 2257 (1998) as "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington* Id. at 761.  The Court went on further to hold that "a tangible employment action in most cases inflicts direct economic harm" *Id.* at 762. While District of Columbia courts have recognized that "an employee need not be fired, demoted or transferred to make out a case of retaliation," *Raymond*, 157 F. Supp. 2d at 56 (quoting *Gary v. WMATA*, 886 F. Supp. 78, 90 (D.D.C. 1995)), they also have held that "[a]n adverse action is not actionable under Title VII, however, unless there is a tangible change in responsibilities or working conditions that constitutes a material employment disadvantage." *Raymond*, 157 F. Supp. 2d at 56; *see Bunyon v. Henderson*, 206 F. Supp. 2d 28, 30-31 (D.D.C. 2002).  The harm suffered cannot be subjective, but "must constitute an 'objectively tangible harm.' *Bunyon*, 206 F. Supp. 2d at 30 (internal citations omitted).

*Brown v. Brody* addressed the issue of whether poor performance evaluations and formal criticism can constitute adverse employment actions.  In *Brown*, the employee filed an EEO complaint and sued the Export-Import Bank under Title VII alleging discrimination and retaliation.  Ms. Brown received an annual performance evaluation which was lower than any she had ever received in her employment with the Bank.  The evaluation was accompanied by remarks which noted certain deficiencies in Brown's work and enthusiasm.  She also received a 2 out of 5 "minimally satisfactory" rating for internal and external oral and written communication.  Brown met with her supervisors to discuss the evaluation and was given a "Letter of Admonishment."  The D.C. Circuit agreed with Brown's employer that the bulk of the cases "support the Bank's contention that neither the letter nor the appraisal constituted adverse action because neither affected the appellant's grade or salary." *Brown* Id. at 458.  The Court held

"[j]ust as lateral transfers do not ordinarily constitute "adverse actions," a similarly thick body of precedent…refutes the notion that formal criticism or poor performance evaluations are necessarily adverse actions." *Brown* Id. *citing Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 708, 710 (5th Cir. 1997); *Rabinovitz v. Pena*, 89 F3d. 482, 488-90 (7th Cir. 1996); *Smart v. Ball State Univ.*, 89 F.3d 437 (7th Cir. 1996); *Kelecic v. Board of Regents*, 1997 U.S. Dist. LEXIS 7991, No. 94 C 50381, 1997 WL 311540, at *9 (N.D. Ill. June 6, 1997); *Lucas v. Cheney*, 821 F. Supp. 374, 375-76 (D. Md. 1992); *Nelson v. University of Me. Sys.*, 923 F. Supp. 275, 280-82 (D. Me. 1996); *Raley v. St. Mary's County Comm'rs*, 752 F. Supp. 1272, 1278 (D. Md. 1990).

In the case *sub-judice*, Plaintiff claims he suffered discrimination when he was given two satisfactory performance evaluations. See amended complaint. Plaintiff also claims he suffered retaliation when the MPD "placed him under investigation." See amended complaint. To prevail in his claims, Plaintiff must satisfy the *McDonnell Douglas* test, that he has been subjected to some sort of adverse personnel or employment action. Plaintiff has failed to demonstrate, or even allege, an adverse employment action. Indeed, a satisfactory performance evaluation indicates that the Plaintiff was meeting the requirements of his job and could not be construed as an adverse action. Neither the evaluations nor the alleged investigation resulted in the denial of a promotion, a demotion, or a change in Plaintiff's grade or salary. In *Brown*, the D.C. Circuit found that the Plaintiff had not suffered an adverse employment action when she received a ***poor*** evaluation and a letter of admonishment. In this case, Plaintiff received two satisfactory evaluations along with a Memorandum of Counseling and Letter of Warning. Plaintiff has failed to demonstrate he suffered any tangible harm as a result of those employment actions. Nor has he demonstrated any tangible harm resulting from the alleged investigation. Failure to show a

tangible adverse employment action is fatal to Plaintiff's Title VII claims. Thus, his complaint must be dismissed with prejudice and without leave to amend.

    b. **Plaintiff's constructive discharge claim must fail as a matter of law because the District took no adverse action against the Plaintiff and he voluntarily resigned his position.**

Plaintiff alleges that MPD's actions were taking a toll on his health and he felt he had no other choice except to resign his position with MPD. See amended complaint. It is well-settled that a plaintiff cannot claim an adverse employment action from an action voluntarily undertaken by that plaintiff. *Fenney v. Dakota, Minn. & E. R.R. Co.*, 327 F.3d 707, 717 (8th Cir. 2003); *Hartsell v. Duplex Prods.*, 123 F.3d 766, 775 (4th Cir. 1997); *Hooper v. Department of Human Resources*, 1995 U.S. App. LEXIS 373, 9-10 (4th Cir. 1995); *Evans v. Davie Truckers, Inc.*, 769 F.2d 1012, 1014 (4th Cir. 1985); *Felts v. Campbell*, No. 96-6729, 1998 U.S. App. LEXIS 479 (6th Cir. 1998).

By their very nature, constructive discharge/demotion claims arise out of resignations initiated by plaintiffs. As a result, plaintiffs relying on a theory of constructive discharge must allege certain additional facts to establish that the resignation actually was "adverse." As the First Circuit aptly explained, "Alleging constructive discharge presents a 'special wrinkle' that amounts to an additional *prima facie* element." *Landrau-Romero v. Banco-Popular de Puerto Rico*, 212 F.3d 607, 613 (1st Cir. 2000) (citing *Sanchez v. Puerto Rico Oil Co.*, 37 F.3d 712, 719 (1st Cir. 1994)). Because of its potential for manipulation and abuse, the District of Columbia has adopted a rigid standard for constructive discharge/demotion claims. It is not enough for the plaintiff to allege that the conditions of a job were so intolerable that he or she felt compelled to leave. Instead, a plaintiff must allege that "'the employer deliberately made working conditions intolerable and drove the employee' out" of the position. *Mungin v. Katten Muchin & Zavis*, 116

8

F.3d 1549, 1558 (D.C. Cir. 1997). Applying this standard, District of Columbia courts have set forth three mandatory elements for constructive discharge: (1) intentional discrimination; (2) a deliberate effort on the part of the employer to make working conditions intolerable; and (3) aggravating factors that justify the plaintiff's conclusion that [s]he had no option but to end his/her employment in that position. *Carter v. George Washington University*, 180 F. Supp. 2d 97, 110 (D.D.C. 2001). Here, the plaintiff's factual allegations cannot support his assertion that he had no other choice except to resign effective July 9, 2006, rendering his resignation a "constructive" discharge.

### 1. The Plaintiff has not alleged a constructive discharge, because he has not alleged that the District intended to force him to resign.

To state a claim for constructive discharge, the Plaintiff must allege facts suggesting that the MPD deliberately made working conditions intolerable in an attempt to force him to resign his position. *Mungin*, 116 F.3d at 1558; *Carter*, 180 F. Supp. 2d at 110; *Bryant v. Brownlee*, 2003 U.S. Dist. Lexis 9391, *48 n. 13; *Lempres v. CBS Inc.*, 916 F. Supp. 15, 22 (D.D.C. 1996) (citing *Bristow v. Daily Press, Inc.*, 770 F.2d 1251, 1255 (4th Cir. 1995)). According to the Fourth Circuit, "[d]eliberateness exists only if the actions complained of 'were intended by the employer as an effort to force the employee to quit.'" *Bristow*, 770 F.2d at 1255 (quoting *EEOC v. Federal Reserve Bank of Richmond*, 698 F.2d 633, 672 (4th Cir. 1983)). Constructive discharge claims "require proof of the employer's specific intent to force an employee to leave." *Bristow*, 770 F.2d at 1255 (quoting *J. P. Stevens & Co., Inc. v. NLRB*, 461 F.2d 490, 494 (4th Cir. 1972)." As the Court explained:

> Every job has its frustrations, challenges and disappointments; these inhere in the nature of work. An employee is protected from a calculated effort to pressure him into resignation through the imposition of unreasonably harsh conditions, in excess of those faced by his co-workers. He is not, however, guaranteed a working environment free of stress. **The employment discrimination laws**

> **require *as an absolute precondition to suit* that some adverse employment action have occurred.** They cannot be transformed into a palliative for every workplace grievance, real or imagined, by the simple expedient of quitting [emphasis added].

*Bristow*, 770 F.2d at 1255.

Here, the Plaintiff's factual allegations completely fail to state a constructive discharge claim. First, the Plaintiff fails to allege that the District intended to force him from his position at the MPD. The amended complaint contains only two paragraphs that Plaintiff may claim suggest the District's conduct was a deliberate effort intended to force the plaintiff to quit his job—both allegations specifically refer to the District's "actions" of giving Plaintiff two satisfactory evaluations and a bald assertion that he was placed under investigation. See amended complaint ¶ 20, 21. These actions were not adverse employment actions and, in any case, could not be construed as the District's attempt to force Plaintiff from his job. As stated above, a satisfactory performance evaluation indicates that the Plaintiff was meeting the requirements of his job and could not be construed as an adverse action. Neither the evaluations nor the alleged investigation resulted in the denial of a promotion, a demotion, or a change in Plaintiff's grade or salary. Even after close scrutiny, making all reasonable inferences in favor of the plaintiff, it is clear that the amended complaint does not allege that the District attempted to force the plaintiff from his position. Instead, the factual allegations suggest precisely the opposite—that since the Plaintiff was meeting the expectations of his job, the District had no intention to end the employment relationship. Thus, the only facts presented indicate that the District intended to continue the employment relationship with Plaintiff. As such, the plaintiff has not alleged constructive discharge and, therefore, this claim must be dismissed.

### Conclusion

Based upon the foregoing, it is respectfully submitted that the plaintiff's amended complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**Date: July 28, 2008**                    Respectfully submitted,

PETER NICKLES
Acting Attorney General for the District of Columbia

GEORGE VALENTINE
Deputy Attorney General
General Litigation Division

/s/Kimberly Matthews Johnson
KIMBERLY MATTHEWS JOHNSON [435163]
Chief, General Litigation Sec. I

/S/   Darrell Chambers
DARRELL CHAMBERS [980872]
Assistant Attorney General
441 4TH Street, NW, Suite 600 South
Washington, D.C.  20001
202-724-6539
e-mail: darrell.chambers@dc.gov

### CERTIFICATE OF SERVICE

I hereby certify that that on July 28, 2008, copies of Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment, Memorandum of Law in support thereof, and Proposed Order were served electronically upon:

Alan Lescht, Esquire
Susan Kruger, Esquire
Alan Lescht & Assoc., PC
1050 17th Street, NW, Suite 220
Washington, DC 20036
Attorneys for Plaintiff

/S/   Darrell Chambers
DARRELL CHAMBERS [980872]
Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
CHRIS OMEKAM,                       )
                                    )
    Plaintiff,                      )
                                    )
v.                                  ) Civil Action No.  07-02134-JDB
                                    )
METROPOLITAN POLICE DEPARTMENT, et al., )
                                    )
    Defendants.                     )
_____)

## **ORDER**

Upon the motion of Defendant, and pursuant to Fed. R. Civ. P. 12(b)(6) and any opposition thereto by the Plaintiff, it is this ___ day of _____, 2008

ORDERED that the Defendant's motion be, and it is hereby GRANTED;

FURTHER ORDERED that the Amended Complaint is hereby Dismissed with prejudice.


_____
United States District Judge

12

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

CHRIS OMEKAM,             )
                          )
    Plaintiff,            )
                          )
v.                        ) Civil Action No. 07-02134-JDB
                          )
METROPOLITAN POLICE DEPARTMENT, et al., )
                          )
    Defendants.           )
_____)

## ORDER

Upon the motion of Defendant, and pursuant to Fed. R. Civ. P. 12(b)(6) and any opposition thereto by the Plaintiff, it is this ___ day of _____, 2008

ORDERED that the Defendant's motion be, and it is hereby GRANTED;

FURTHER ORDERED that the Amended Complaint is hereby Dismissed with prejudice.

_____
United States District Judge